# EXHIBIT 3

Attached hereto are examples of <u>ex</u> <u>parte</u> TRO's and nationwide preliminary injunctions and seizure orders entered by courts throughout the United States:

1.   <u>Live Nation Merchandise, Inc. v. Various John Does et al</u>, Case No. 3:17-cv-01275 (M.D. Tenn. Oct. 3, 2017)

2.   <u>Blackout Merch, LLC v. Does 1-100 et al</u>, Case No. 1:17-cv-11799 (D. Mass Oct. 2, 2017)

3.   <u>Phish, Inc. v. Does et al</u>, Case No. 1:17-cv-05050 (N.D. Ill. Sept. 14, 2017)

4.   <u>Blackout Merch, LLC v. Does 1-100 et al</u>, Case No. 2:17-cv-02764 (E.D.N.Y. 2017)

5.   <u>Bravado Int'l Grp. Merchandising Servs., Inc. v. Does 1-100 et al</u>, Case No. 4:17-cv-00005 (S.D. Tex. Jan 12, 2017)

6.   <u>TSURT, LLC v. Does</u>, Case No. 16-cv-60647 (S.D. Fla. April 15, 2016)

7.   <u>F.E.A., Inc. v. Does</u>, Case No. 15-CV-1438 (S.D. Cal. July 17, 2015)

8.   <u>Live Nation Merchandise, Inc. v. Does</u>, Case No. 16-cv-00336 (S.D.N.Y. January 20, 2016)

9.   <u>F.E.A., Inc. v. Does</u>, Case No. 2:14-CV-00156 (C.D. Cal. January 10 and 24, 2014)

10.   <u>F.E.A., Inc. v. Does</u>, Case No. 2:11-CIV-01562 (E.D. Cal. June 22, 2011)

11.   <u>Live Nation Merchandise, Inc. v. Does</u>, Case No. 11-cv-01297 (D. Colo. June 1, 2011)

12.   <u>Arnie Barn, Inc. v. Does</u>, Case No. 11-cv-540 (M.D. Fla. March 25, 2011)

13.   <u>F.E.A., Inc. v. Does</u>, Case No. 2:11-cv-10136 (E.D. Mich. January 25, 2011)

14.   <u>Signatures Network, Inc. v. Does</u>, Case No. 2:09 CIV 0637 (D. Ariz. April 14, 2009)

15.   <u>Cinder Block, Inc. v. Does</u>, Case No. 08-cv-1293 (E.D. Pa. March 25, 2008)

16.   <u>Signatures Network, Inc. v. Does</u>, Case No. 05-0884 (D. Nev. Aug. 1, 2005)

17.   <u>Signatures Network, Inc. v. Does</u>, Case No. 1:03 CV 01012 (D.D.C. May 18, 2003)

18.   <u>Giant Merchandising v. Does</u>, Case No. 3:01 CV 37 (W.D.N.C. Feb. 9, 2001)

19.   <u>Giant Merchandising v. Does</u>, Case No. A 00-CA-270 (W.D. Tx. May 4, 2000)

Exhibit 3 to Memorandum

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| LIVE NATION MERCHANDISE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:17-cv-1275 |
| | ) | |
| v. | ) | |
| | ) | Hon. Judge Aleta A.Trauger |
| VARIOUS JOHN DOES, VARIOUS | ) | |
| JANE DOES AND XYZ COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PRELIMINARY INJUNCTION AND SEIZURE ORDER

Plaintiff Live Nation Merchandise, Inc. ("Plaintiff") having moved for a preliminary injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise and seizing the same, bearing the trademarks, service marks, likenesses, logos, and/or other indicia of the Artist **"HARRY STYLES"** (collectively, the "Artist's Trademarks") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Artist's concerts which have previously occurred; and Plaintiff's application having come on for a hearing on October 2, 2017, at the United States Courthouse for the Middle District of Tennessee, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and seizure order, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1.      By reason of the substantial and continuous use of the Artist's Trademarks in connection with the Artist's work a performer, said marks have acquired meanings identified with the Artist and with products and services associated with him;

2.      The defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Artist's Trademarks, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Artist's Trademarks at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.      The defendants' acts, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a) involve goods or services; b) are activities which affect interstate commerce; and c) infringe the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Artist with respect to such goods;

4.      Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5.      Copies of this Court's Temporary Restraining Order; Seizure Order; and Order to Show Regarding Why A Preliminary Injunction and Seizure Order Should Not Issue and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)     Using any or all of the Artist's Trademarks, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)     Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Artist's Trademarks; or

( c)     Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED**, that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers") are hereby authorized to seize and impound any and all unauthorized merchandise bearing any or all of the Artist's Trademarks, namely, the trademarks, service marks, likenesses, logos, or other indicia of the Artist **HARRY STYLES**, or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Artist's concerts from four (4) hours before to four (4) hours after any performance of the Artist within a four (4) mile vicinity of the stadiums, arenas or other venues at which the Artist shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported

or stored.  All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Artist's Trademarks, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the stadiums, arenas or other venues at which the Artist shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED,** that service of a copy of this Order together with the Complaint be made upon defendants by the Process Servers at the time of the seizure provided for herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond of Five Thousand Dollars ($5,000) previously deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is continued until final disposition of this matter.

**IT IS SO ORDERED.**

**WAVERLY D. CRENSHAW, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

Exhibit D to Memorandum

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLACKOUT MERCH, LLC, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. 1:17-cv-11799 RWZ |
| vs. | ) |
| | ) |
| JOHN DOES 1-100, JANE DOES 1-100, | ) |
| and XYZ COMPANY, | ) |
| | ) |
| Defendants. | ) |

[PROPOSED] PRELIMINARY INJUNCTION AND SEIZURE ORDER

Plaintiff Blackout Merch, LLC ("Plaintiff") having moved for a preliminary injunction to enjoin and to restrain the defendants from manufacturing, selling or distributing merchandise and to seize the same, bearing the federally registered trademarks, service marks, likenesses, logos, and/or other indicia of the musical Artist "**KATY PERRY**" (collectively, the "Artist's Trademarks") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Artist's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Rya W. Zobel on October 2, 2017, at the United States Courthouse for the District of Massachusetts, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and seizure order, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1

Exhibit 3 to Memorandum

1.      By reason of the substantial and continuous use of the Artist's Trademarks in connection with the Artist's work a performer, said marks have acquired meanings identified with the Artist and with products and services associated with her;

2.      The defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Artist's Trademarks, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Artist's Trademarks at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.      The defendants' acts, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a) involve goods or services; b) are activities which affect interstate commerce; and c) infringe the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Artist with respect to such goods;

4.      Defendants, and those in active concert or participation with them, will continue to sell such infringing merchandise unless enjoined by the Court; and

5.      Copies of this Court's Temporary Restraining Order; Seizure Order; and Order to Show Regarding Why A Preliminary Injunction and Seizure Order Should Not Issue and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and infringing, bootleg merchandise has been seized from the defendants;

Exhibit 3 to Memorandum

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the defendants, their agents, employees, representatives, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)     Using any or all of the Artist's Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)     Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Artist's Trademarks; or

( c)     Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED**, that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers") are hereby authorized to seize and impound any and all infringing merchandise bearing any or all of the Artist's Trademarks (namely, the trademarks, service marks, likenesses, logos, or other indicia of the Artist **KATY PERRY**), or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Artist's concerts from six (6) hours before to six (6) hours after any performance of the Artist within a ten (10) mile vicinity of the stadiums, arenas or other venues at which the Artist shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored.  All clothing,

Exhibit 3 to Memorandum

jewelry, photographs, posters and other merchandise bearing any or all of the Artist's Trademarks, or any colorable imitations or variations thereof, being sold, offered for sale or held for sale in the vicinity of the stadiums, arenas or other venues at which the Artist shall be performing, or elsewhere where such merchandise is being sold, offered for sale, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED,** that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers at the time of the seizure provided for herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

Exhibit 3 to Memorandum

**IT IS FURTHER ORDERED,** that all infringing items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond of One Thousand Dollars ($1,000) deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is continued until final disposition of this matter.

**IT IS SO ORDERED.**

Dated: October 2, 2017

At: 2:07 p. m.

_____
**THE HONORABLE RYA W. ZOBEL**
**UNITED STATES DISTRICT JUDGE**

Respectfully Submitted,
**BLACKOUT MERCH, LLC**
By Its Attorneys
/s/ M. Lawrence Oliverio
M. Lawrence Oliverio, Esq., BBO #378755
Polsinelli, PC
100 Cambridge Street, Suite 2101
Boston, Massachusetts 02114
Telephone: (617) 367-4600
Facsimile: (617) 367-4656

Cara R. Burns, Esq., Cal. Bar # 137557
Hicks, Mims, Kaplan & Burns
2800  28th Street, Suite 383
Santa Monica, California 90405
Telephone: (310) 314-1721
Facsimile: (310) 314-1725

Exhibit 3 to Memorandum



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

PHISH, INC. )
)
        Plaintiff, )
)
v. )   Case No. 1:17 - CV-05050
)
)   Judge Robert W. Gettleman
VARIOUS JOHN DOES, JANE DOES AND )
ABC COMPANIES )   Magistrate Judge Sidney I. Schenkier
)
        Defendants. )
)
)

## PRELIMINARY INJUNCTION AND ORDER OF SEIZURE

Plaintiff, Phish Inc. ("Plaintiff"), having applied *ex parte* against unknown individuals and

entities (collectively, "Defendants") for a temporary restraining order, order permitting civil seizure,

order to show cause for preliminary injunction, and order sealing file pursuant to Federal Rule of Civil

Procedure 65 and the Lanham Act (15 U.S.C. §1051, et seq.), as amended by the Trademark

Counterfeiting Act of 1984, Public Law 98-473 (the "Lanham Act"), for the reason that Defendants are

and will be manufacturing, distributing, offering for sale and selling goods bearing counterfeit

reproductions of trademarks owned and controlled by Plaintiff ("Counterfeit Merchandise"), and the

Court having reviewed the complaint, the memorandum of law, the declarations of Kevin Shapiro,

Jeffrey L. Laytin, and Bart A. Lazar and the exhibits thereto, and having reviewed the Declaration of

Bart A. Lazar Re: Seizure, the Court finds:

Defendants' manufacture, import, distribution, offer for sale and/or sale of Counterfeit

Merchandise has caused, and if not stopped will continue to cause, immediate and irreparable injury to

Plaintiff;

Exhibit 3 to Memorandum

Plaintiff is likely to succeed in showing Defendants have used and are continuing to use counterfeit and/or unauthorized and infringing copies of Plaintiff's federally registered trademarks and unregistered trademarks, names and likenesses set forth below in connection with the manufacture, import, distribution, offer for sale and/or sale of Counterfeit Merchandise;

Plaintiff has also shown a likelihood of success on the merits of its claims, and that the harm to Plaintiff from denial of the requested preliminary injunction and seizure order would outweigh the harm to Defendants' legitimate interests (if any) in the event such an order were granted;

Defendants, or other persons acting in concert with Defendants, would likely destroy, move, hide or otherwise make inaccessible to the Court Defendants' Counterfeit Merchandise, any business records related thereto, and the profits derived therefrom, absent the issuance of the requested preliminary injunction and seizure order, thereby denying Plaintiff access to relevant evidence and frustrating the ultimate relief Plaintiff seeks in this action;

Plaintiff has represented it has not publicized the requested seizure order and has requested that the case be maintained under seal;

Plaintiff has provided the United States Attorney with reasonable notice of its application for a seizure order;

Plaintiff has demonstrated that Counterfeit Merchandise has been offered for sale at locations on the 2017 Tour.

Plaintiff has demonstrated the location(s) at which Defendants are or will be distributing, offering for sale and/or selling Counterfeit Merchandise; and

Entry of an order other than a preliminary injunction and seizure order would not adequately achieve the purposes of the Lanham Act to preserve Plaintiff's remedies for trademark counterfeiting,

Exhibit 3 to Memorandum

including, inter alia, the removal of Counterfeit Merchandise from the marketplace and destruction of same, and an award to Plaintiff of lost profits or damages.

Therefore, IT IS HEREBY ORDERED that Defendants, pursuant to Fed. R. Civ. P. 65 are hereby preliminarily enjoined from manufacturing, distributing, offering or holding for sale, or selling the Counterfeit Merchandise, consisting of any clothing, jewelry, photographs, posters, recordings and other merchandise bearing the trademarks, service marks, likenesses, images, trade names or logos, or any colorable imitations thereof of the musical group known as PHISH and each of its individual members TREY ANASTASIO, MIKE GORDON, JON FISHMAN, and PAGE MCCONNELL and their federally registered marks: PHISH FOOD, U.S. Registration Number 2173816; PHISH, U.S. Reg. No. 2096010; PHISH, U.S. Reg. No. 2029049; PHISH, U.S. Reg. No. 2029048; PHISH, U.S. Reg. No. 1917861; PHISH, U.S. Reg. No. 1782981; and PHISH and Design, U.S. Reg. No. 1930480; OYSTERHEAD, U.S. Reg. No. 2662635; GAMEHENDGE, U.S. Reg. No. 2048310; GAMEHENDGE, U.S. Reg. No. 2053513 and WATERWHEEL, U.S. Reg. No. 2247438; and their unregistered mark VIDA BLUE (collectively, the "Plaintiff's Marks").

AND IT APPEARING TO THE COURT that Defendants are about to sell and distribute the Counterfeit Merchandise bearing the Plaintiff's Marks during the remaining shows of the 2017 Tour and will carry out such acts during the entirety of the 2017 Tour set forth below, unless restrained by order of the Court,

IT IS FURTHER ORDERED that pending hearing and determination of this application, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them be and hereby are preliminarily enjoined from manufacturing, distributing, offering or holding for sale, advertising and/or selling Counterfeit Merchandise bearing any of the Plaintiff's Marks;

Exhibit 3 to Memorandum

AND IT IS FURTHER ORDERED that the United States Marshal or other federal, state or local law enforcement officers, or off-duty officers located within each district in which Plaintiff enforces this order, assisted by one or more attorneys or agents of Plaintiff, are hereby authorized to seize and impound any and all Counterfeit Merchandise which Defendants sell, offer for sale or are holding for sale, including from any bag, carton, container, vehicle, or other means of carriage in which the Counterfeit Merchandise is found from ten (10) hours before to six (6) hours after any performance by Phish within a twenty (20) mile vicinity of the venues at which Phish shall be performing, including the following venues and dates of the 2017 Tour:

December 28-31, 2017     Madison Square Garden
                         4 Pennsylvania Plaza (Seventh Avenue between 31st
                         and 33rd Streets), New York, NY

AND IT IS FURTHER ORDERED that this order be and is hereby conditioned upon Plaintiff's maintaining with the Clerk of this Court an undertaking in the form of a bond or certified check or attorney's check in the amount of $5,000, to secure payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

AND IT IS FURTHER ORDERED that service of a copy of this order together with the summons and complaint in this action be made upon the Defendants by the United States Marshal, other federal, state or local law enforcement officers or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time the seizure provided herein is effected and that such service shall be deemed good and sufficient, provided that a complete set of all moving papers submitted in support of this order shall be promptly provided to any defendant or counsel requesting same;

AND IT IS FURTHER ORDERED that the process server shall offer a receipt to each person from whom Counterfeit Merchandise is seized and that the Plaintiff shall be deemed substitute custodian

-4-

Exhibit 3 to Memorandum

for all Counterfeit Merchandise seized, which shall be maintained in a secure location pending further order of this Court;

AND IT IS FURTHER ORDERED that this matter be set for status and a hearing with respect to Plaintiff's execution of this seizure order for January 10, 2018 with Defendants' responsive papers, if any, filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to Plaintiff's counsel at the address set forth below, seven (7) days before the hearing. Any reply shall be filed and served by Plaintiff at or before the hearing;

AND IT IS FINALLY ORDERED that the Clerk of the Court shall maintain this case under seal.

**IT IS SO ORDERED.**

Dated: September 14, 2017

_____
United States District Court Judge

Submitted by

Bart A. Lazar, Esq. (6195086)
Marcus L. Mintz, Esq. (6290255)
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606
(312) 460-5986
Fax (312) 460-7986
E-mail: blazar@seyfarth.com

-5-

Exhibit 3 to Memorandum

David M. Carter (DC 2188)
Francesco Sardone (FS 5557)
**CARTER, DELUCA, FARRELL & SCHMIDT, LLP**
445 Broad Hollow Road, Ste 420
Melville, New York 11747
Tel: (631) 501-5700/Fax: (631) 501-3526
dcarter@cdfslaw.com

Cara R. Burns (CB 1071)
**HICKS, MIMS, KAPLAN & BURNS**
2800 28th Street, Ste 300
Santa Monica, California 90405
Tel: (310) 314-1721/Fax: (310) 314-1725
cburns@hmkblawyers.com

**Counsel for Plaintiff**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
———————————————————————x

**BLACKOUT MERCH, LLC,**

        **Plaintiff,**

**v.**

**JOHN DOES 1-100, ET. AL.,**

        **Defendants.**
———————————————————————x

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   **MAY 22 2017**   ★

LONG ISLAND OFFICE

**CASE NO: 2:17-cv-2764 SJF-ARL**

**Hon. Judge Sandra J. Feuerstein**

**PRELIMINARY INJUNCTION**
**AND SEIZURE ORDER**

        Plaintiff Blackout Merch, LLC ("Plaintiff") having moved for a preliminary injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise and seizing the same, bearing the federally registered trademarks, service marks, likenesses, logos, and/or other indicia of the Group **"METALLICA"** (collectively, the "Group's Trademarks") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Group's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Sandra J. Feuerstein on May 22, 2017, at the United States Courthouse for the Eastern District of New York, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

1

Exhibit 3 to Memorandum

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and seizure order, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1.      By reason of the substantial and continuous use of the Group's Trademarks in connection with the Group's work as performers, said marks have acquired meanings identified with the Group and with products and services associated with them;

2.      The defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Group's Trademarks, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Group's Trademarks at or near the sites of the Group's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.      The defendants' acts, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a) involve goods or services; b) are activities which affect interstate commerce; and c) infringe the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Group with respect to such goods;

4.      Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5.      Copies of this Court's Temporary Restraining Order; Seizure Order; and Order to Show Regarding Why A Preliminary Injunction and Seizure Order Should Not Issue and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

2

Exhibit 3 to Memorandum

ORDERED, that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

    (A)    Using any or all of the Group's Trademarks, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

    (B)    Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Group's Trademarks; or

    ( c)    Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

IT IS FURTHER ORDERED, that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers") are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the Group's Trademarks, namely, the federally registered trademarks, service marks, likenesses, logos, or other indicia of the Group (namely METALLICA), including any or all of these designs:



3

Exhibit 3 to Memorandum

or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Group's concerts from four (4) hours before to four (4) hours after any performance of the Group within a four (4) mile vicinity of the stadiums, arenas or other venues at which the Group shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Group's Trademarks, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the stadiums, arenas or other venues at which the Group shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED,** that service of a copy of this Order together with the Complaint be made upon defendants by the Process Servers at the time of the seizure provided for herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to

4

Exhibit 3 to Memorandum

the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond of Five Hundred Dollars ($500) previously deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is continued until final disposition of this matter.

  **IT IS SO ORDERED.**

Dated: May 22, 2017
At: _11 20 _ a .m

s/ Sandra J. Feuerstein

_____
**THE HONORABLE SANDRA J. FEUERSTEIN
UNITED STATES DISTRICT COURT JUDGE**

Respectfully submitted,
By: /s/ Francesco Sardone____
David M. Carter (DC 2188)/Francesco Sardone (FS 5557)
CARTER, DELUCA, FARRELL & SCHMIDT, LLP
445 Broad Hollow Road, Suite 420
Melville, New York 11747
Tel: (631) 501-5700/Fax: (631) 501-3526
dcarter@cdfslaw.com

Cara R. Burns (CB 1071)
HICKS, MIMS, KAPLAN & BURNS
2800  28th Street, Ste 300
Santa Monica, California 90405
Tel: 310-314-1721/ Fax: 310-314-1725
cburns@hmkblawyers.com

Attorneys for Plaintiff

Exhibit 3 to Memorandum

United States District Court
Southern District of Texas

**ENTERED**

January 12, 2017

David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **BRAVADO INTERNATIONAL GROUP** § | | |
| **MERCHANDISING SERVICES, INC.** § | | |
| § | | |
| **Plaintiff,** § | **CIVIL ACTION NO. 4:17-cv-00005** | |
| § | | |
| **vs.** § | **Judge:** Hon. **Melinda Harmon** | |
| § | **Hearing Date: January 12, 2017** | |
| **JOHN DOES 1-100, JANE DOES 1-100,** § | **Time:** **10:00 a.m.** | |
| **and XYZ COMPANY,** § | **Place:** **Courtroom 9-C** | |
| § | | |
| **Defendants.** § | | |

## PRELIMINARY INJUNCTION AND SEIZURE ORDER

Plaintiff Bravado International Group Merchandising Services, Inc. ("Plaintiff")
having moved for a preliminary injunction enjoining and restraining the defendants from
manufacturing, selling or distributing merchandise and to seize the same, bearing the
federally registered trademarks, service marks, likenesses, logos, and/or other indicia of
the Group **"RED HOT CHILI PEPPERS"** (collectively the "Group's Trademarks") and
ordering the seizure and impounding such articles;  and service having been effected
upon certain defendants at the Group's concerts which have previously occurred; and and
Plaintiff's application having come on for a hearing before the Honorable Melinda
Harmon on January 12, 2017, at the United States Courthouse in the Southern District of
Texas, Houston Division, and Plaintiff having appeared by its attorneys, and there having
been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary
injunction and seizure order, the declaration in support thereof and all other pleadings and
prior proceedings heretofore had herein in this matter, the Court hereby finds:

Exhibit 3 to Memorandum

1.      By reason of the substantial and continuous use of the Group's Trademarks in connection with the Group's work as performers, said marks have acquired meanings identified with the Group and with products and services associated with them;

2.      The defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Group's Trademarks, as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Group's Trademarks at or near the sites of the Group's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.      The defendants' acts, and those in active concert or participation with them, constitute a violation of the U. S. Trademark Act in that they: a) involve goods or services; b) are activities which affect interstate commerce; and c) infringe the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Group with respect to such goods;

4.      Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5.      Copies of this Court's Temporary Restraining Order; Seizure Order; and Order to Show Regarding Why A Preliminary Injunction and Seizure Order Should Not Issue and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

Exhibit 3 to Memorandum

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)     Using any or all of the Group's Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)     Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Group's Trademarks; or

( c)     Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs, off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers"), are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the Group's Trademarks (i.e. of **RED HOT CHILI PEPPERS**) including but not limited to



or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the

Exhibit 3 to Memorandum

vicinity of any of the Group's concerts from three (3) hours before to three (3) hours after any performance of the Group within a three (3) mile vicinity of the stadiums, arenas or other venues at which the Group shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Group's Trademarks, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the stadiums, arenas or other venues at which the Group shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED**, that service of a copy of this Order, together with the Complaint, be made upon defendants by the Process Servers at the time the seizure provided herein is effected, and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED**, that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such

4

Exhibit 3 to Memorandum

objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED**, that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED**, that the bond in the amount of Five Thousand Dollars ($5,000) deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is hereby continued until final disposition of this matter.

**IT IS SO ORDERED.**

Dated: January 12, 2017
At: 10 :30 a.m.

**THE HONORABLE MELINDA HARMON**
**UNITED STATES DISTRICT JUDGE**

Respectfully Submitted
By:   /s/ Cara R. Burns
Cara R. Burns, Esq.
Attorney-In-Charge
State Bar No. (CA) 137557
Southern District of Texas Bar No. 111129
Hicks, Mims, Kaplan & Burns
2800 28th Street, Ste 383
Santa Monica, California 90405
Telephone: (310) 314-1721
Fascimile: (310) 314-1725

Exhibit 3 to Memorandum

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 16- CV-60647 RNS**

TSURT, LLC,

           **Plaintiff,**

vs.

**VARIOUS JOHN DOES, VARIOUS**
**JANE DOES, and XYZ COMPANY**

          **Defendants.**

_____/

## PRELIMINARY INJUNCTION AND SEIZURE ORDER

Plaintiff TSURT, LLC ("Plaintiff") having moved for a preliminary injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise and seizing the same, bearing the federally registered trademarks, service marks, likenesses, logos, and/or other indicia of the Group "PEARL JAM" including its lead singer "EDDIE VEDDER" (collectively, the "Group's Trademarks") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at or near the Group's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Ursula Ungaro on the 15th day of April, 2016, at the United States Courthouse for the Southern District of Florida (Miami), and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and seizure order, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

Exhibit 3 to Memorandum

1.     By reason of the substantial and continuous use of the Group's Trademarks in connection with the Group's work, said marks have acquired meanings identified with the Group and with products and services associated with them;

2.     The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Group's Trademarks and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Group's Trademarks at or near the site of the Group's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.     The defendants' acts, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a) involve goods or services; b) are activities which affect interstate commerce; and c) infringe the marks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Group with respect to such merchandise;

4.     Defendants, and those in active concert or participation with them, will continue to sell such infringing merchandise unless enjoined by the Court; and

5.     Copies of this Court's Temporary Restraining Order; Seizure Order; and Order to Show Cause Why A Preliminary Injunction and Seizure Order Should Not Issue and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and infringing merchandise has been seized from the defendants;

Exhibit 3 to Memorandum

**It is hereby ordered** that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)   Using any or all of the Group's Trademarks, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other infringing merchandise;

(B)   Manufacturing, distributing, selling, and/or holding for sale any clothing or other infringing merchandise which carries or otherwise uses any or all of the Group's Trademarks; or

( c)   Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**It is further ordered** that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers") are hereby similarly authorized to seize and impound any and all merchandise bearing any or all of the Group's Trademarks, namely, the federally registered trademarks, service marks, likenesses, logos, or other indicia of the Group (namely of PEARL JAM and EDDIE VEDDER) including "PEARL JAM," "EDDIE VEDDER" "EV" and



Exhibit 3 to Memorandum

or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Group's concerts from three (3) hours before to three (3) hours after any performance of the Group within a one (1) mile vicinity of the halls, stadiums or arenas at which the Group shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Group's Trademarks, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the arenas or other venues at which the Group (PEARL JAM and/or EDDIE VEDDER) shall be performing shall be deemed to be merchandise subject to the seizure provisions of this Order.

It is further ordered that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers at the time the seizure is effected and that such service shall be deemed good and sufficient.

It is further ordered that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

It is further ordered that the Process Server shall offer a receipt to each person from whom goods are seized.

It is further ordered that any defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this

Exhibit 3 to Memorandum

Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**It is further ordered** that all infringing merchandise heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**It is further ordered** that the bond deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is continued until final disposition of this matter.

**Done and order** at Miami, Florida, on April 15, 2016.

**Ursula Ungaro**
**United States District Judge**

Exhibit 3 to Memorandum

AO 187 (Rev. 11/2002) Exhibit and Witness List

# UNITED STATES DISTRICT COURT

## Southern District of Florida

Case Number: _16 - 60647 - CV - SCOLA_

TSURT LLC
**Plaintiff**

v.

VARIOUS JOHN DOES
**Defendant**

## EXHIBIT AND WITNESS LIST

| PRESIDING JUDGE URSULA UNGARO | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| TRIAL DATE(S) | COURT REPORTER WE Commission | COURTROOM DEPUTY K. Harlan |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS AND WITNESSES |
|---|---|---|---|---|---|
| 1 | | 4/15/16 | | | TRADEMARK PRINCIPAL REGISTER |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Exhibit 3 to Memorandum

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Amended

Reg. No. 1,911,524

Registered Aug. 15, 1995

OG Date Jan. 4, 2005

## TRADEMARK
## PRINCIPAL REGISTER

## PEARL JAM

PEARL JAM GENERAL PARTNERSHIP (PARTNERSHIP)
969 THOMAS ST.
SEATTLE, WA 98109

FOR: CLOTHING, NAMELY T-SHIRTS, HATS, TANK TOPS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 1-1-1991; IN COMMERCE 10-1-1991.

SER. NO. 74-566,578, FILED 8-29-1994.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Jan. 4, 2005.*

DIRECTOR OF THE U.S. PATENT AND TRADEMARK OFFICE

Exhibit 3 to Memorandum

# United States of America
## United States Patent and Trademark Office



**Reg. No. 3,960,535**

**Registered May 17, 2011**

**Int. Cls.: 9, 16 and 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

PEARL JAM, L.L.C. (WASHINGTON LIMITED LIABILITY COMPANY)
1900 S. CORGIAT DRIVE
SEATTLE, WA 98108

FOR: MUSICAL SOUND RECORDINGS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 7-0-1991; IN COMMERCE 0-0-1994.

FOR: STICKERS; POSTERS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 7-0-1991; IN COMMERCE 7-0-1991.

FOR: CLOTHING, NAMELY, HOODED SWEATSHIRTS AND INFANT AND TODDLER ONE PIECE CLOTHING, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 0-0-2008; IN COMMERCE 0-0-2008.

OWNER OF U.S. REG. NOS. 1,911,387, 1,952,582 AND OTHERS.

THE MARK CONSISTS OF AN EXAGGERATED OR CARICATURE DRAWING OF A HUMAN BEING WITH ARMS EXTENDED, WITH THE TEXT "PEARL JAM" POSITIONED ABOVE.

SEC. 2(F).

SER. NO. 77-954,786, FILED 3-9-2010.

BRIAN CALLAGHAN, EXAMINING ATTORNEY

Director of the United States Patent and Trademark Office

Exhibit 3 to Memorandum

Int. Cl.: 16

Prior U.S. Cl.: 38

Reg. No. 1,911,387

United States Patent and Trademark Office

Registered Aug. 15, 1995

Amended

OG Date Jan. 4, 2005

## TRADEMARK
## PRINCIPAL REGISTER

## PEARL JAM

PEARL JAM GENERAL PARTNERSHIP (PARTNERSHIP)
969 THOMAS STREET
SEATTLE, WA 98109

FOR: PRINTED MATTERS, NAMELY POSTERS, STICKERS, BUMPER STICKERS AND CONCERT PROGRAMS, IN CLASS 16 (U.S. CL. 38).

FIRST USE: 1-1-1991; IN COMMERCE 10-1-1991.

SER. NO. 74-566,579, FILED 8-29-1994.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Jan. 4, 2005.*

DIRECTOR OF THE U.S. PATENT AND TRADEMARK OFFICE

Exhibit 3 to Memorandum

Int. Cl.: 41

Prior U.S. Cl.: 107

**United States Patent and Trademark Office**

Amended

Reg. No. 1,916,938

Registered Sep. 5, 1995

OG Date May 23, 2006

## SERVICE MARK
## PRINCIPAL REGISTER

# PEARL JAM

PEARL JAM (WASHINGTON A GENER-
AL PARTNERSHIP),
969 THOMAS STREET
SEATTLE, WA 98109
   NO CLAIM IS MADE TO THE EXCLU-
SIVE RIGHT TO USE "JAM", APART
FROM THE MARK AS SHOWN.

FOR: ENTERTAINMENT SERVICES
RENDERED BY A MUSICAL GROUP,
IN CLASS 41 (U.S. CL. 107).
   FIRST USE 1-1-1991; IN COMMERCE
10-1-1991.
   SER. NO. 74-566,577, FILED 8-29-1994.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on May 23, 2006.*

**DIRECTOR OF THE U.S. PATENT AND TRADEMARK OFFICE**

Exhibit 3 to Memorandum

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

Reg. No. 1,952,582

**United States Patent and Trademark Office**

Registered Jan. 30, 1996
OG Date Jan. 4, 2005

Amended

**TRADEMARK**
**PRINCIPAL REGISTER**

**PEARL JAM**

PEARL JAM A GENERAL PARTNERSHIP
(PARTNERSHIP)
969 THOMAS ST.
SEATTLE, WA 98109

FOR: SERIES OF MUSICAL SOUND
RECORDINGS; SERIES OF PRERE-

CORDED AUDIO AND VIDEO CAS-
SETTES, TAPES AND DISCS
FEATURING DRAMATIC AND NON
DRAMATIC PERFORMANCES OF MUSI-
CAL WORKS, IN CLASS 9 (U.S. CLS. 21,
23, 26, 36 AND 38).
FIRST USE 1-1-1991; IN COMMERCE
10-1-1991.
SER. NO. 74-566,580, FILED 8-29-1994.

*In testimony whereof I have hereunto set my hand*
*and caused the seal of The Patent and Trademark*
*Office to be affixed on Jan. 4, 2005.*

**DIRECTOR OF THE U.S. PATENT AND TRADEMARK OFFICE**

Exhibit 3 to Memorandum

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

Reg. No. 2,933,291

## United States Patent and Trademark Office

Registered Mar. 15, 2005

### SERVICE MARK
### PRINCIPAL REGISTER

# PEARL JAM

PEARL JAM, A GENERAL PARTNERSHIP (PARTNERSHIP)
969 THOMAS STREET
SEATTLE, WA, 98109

FOR: ON-LINE RETAIL STORE SERVICES FEATURING MUSICAL SOUND RECORDINGS, APPAREL, GIFT MERCHANDISE AND PUBLICATIONS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 2-0-1991; IN COMMERCE 2-0-1991.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 1,911,387, 1,952,582 AND OTHERS.

SER. NO. 78-384,747, FILED 3-15-2004.

TINA L. SNAPP, EXAMINING ATTORNEY

Exhibit 3 to Memorandum

# United States of America

## United States Patent and Trademark Office

# EDDIE VEDDER

**Reg. No. 3,889,679**
**Registered Dec. 14, 2010**

**Int. Cls.: 9, 25 and 41**

**TRADEMARK**

**SERVICE MARK**

**PRINCIPAL REGISTER**

EV TOURING, INC. (NEVADA CORPORATION)
1900 S. CORGIAT DRIVE
SEATTLE, WA 98108

FOR: MUSICAL SOUND RECORDINGS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 11-4-1997; IN COMMERCE 11-4-1997.

FOR: CLOTHING, NAMELY, T-SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 3-22-2010; IN COMMERCE 3-22-2010.

FOR: ENTERTAINMENT SERVICES RENDERED BY A MUSICAL ARTIST, NAMELY, LIVE MUSICAL PERFORMANCES AND LIVE MUSIC CONCERTS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 6-8-1997; IN COMMERCE 6-8-1997.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

"EDDIE VEDDER" IDENTIFIES THE NICKNAME/STAGE NAME OF EDWARD "VEDDER", A LIVING INDIVIDUAL WHOSE CONSENT IS OF RECORD.

SER. NO. 85-019,948, FILED 4-21-2010.

NELSON SNYDER, EXAMINING ATTORNEY



David J. Kappos
Director of the United States Patent and Trademark Office

Exhibit 3 to Memorandum

# United States of America

## United States Patent and Trademark Office

# EV

**Reg. No. 4,067,238**
**Registered Dec. 6, 2011**

**Int. Cls.: 9 and 41**

**TRADEMARK**

**SERVICE MARK**

**PRINCIPAL REGISTER**

EV TOURING, INC. (NEVADA CORPORATION)
1900 S. CORGIAT DRIVE
SEATTLE, WA 98108

FOR: MUSICAL SOUND RECORDINGS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 9-0-2009; IN COMMERCE 9-0-2009.

FOR: ENTERTAINMENT SERVICES RENDERED BY A MUSICAL ARTIST, NAMELY, LIVE MUSICAL PERFORMANCES AND LIVE MUSIC CONCERTS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 12-0-2008; IN COMMERCE 11-29-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-313,780, FILED 5-5-2011.

DANNEAN HETZEL, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

Exhibit 3 to Memorandum

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **F.E.A., INC.** | ) | **Case No. 3:15-cv-1438 CAB RBB** |
| **Plaintiff,** | ) | **PRELIMINARY INJUNCTION** |
| | ) | **AND SEIZURE ORDER** |
| **v.** | ) | |
| | ) | |
| **JOHN DOES 1-100, JANE DOES 1-100 AND XYZ COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiff F.E.A., Inc., having moved for a Preliminary Injunction 1) to enjoin and restrain defendants from manufacturing, selling, or distributing merchandise bearing the federally-registered trademarks, service marks, logos, likenesses, or other indicia of the Group known as **"ONE DIRECTION"** (collectively, the "Group's Marks") and 2) to order the seizure and impounding of such articles, and service having been effected upon certain defendants at and/or near the Group's concert, and Plaintiff's application having been heard on July 17, 2015, with Plaintiff appearing by its attorney and no other parties present;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and order of seizure, the declaration in support thereof, and all other pleadings and proceedings in this matter, the Court hereby finds:

Exhibit 3 to Memorandum

1.    By reason of the substantial and continuous use of the Group's Marks in connection with the Group's work, said Marks have acquired meanings identified with the Group and with products and services associated with the Group;

2.    The served Defendants, and those in active concert or participation with such Defendants, have infringed upon Plaintiff's rights in the Group's Marks and committed acts of unfair competition against Plaintiff by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Group's Marks at or near the site of the Group's concert, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.    The acts of Defendants, and those in concert or participation with them, constitute a violation of the United States Trademark Act in that they: a) involve goods or services, b) are activities which affect interstate commerce, and c) infringe the trademark and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake, or deception as to the affiliation, connection, association, sponsorship, or approval of Plaintiff with respect to such goods;

4.    Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5.    Copies of this Court's "Temporary Restraining Order; Seizure Order;  and Order to Show Cause Why a Preliminary Injunction and Seizure Order Should Not Issue" and the complaint have been served upon Defendants and the unauthorized merchandise has been seized from Defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED** that Defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in concert or participation with Defendants, are enjoined and restrained from:

(A)    Using any or all of the Group's Marks in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)     Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Group's Marks; or

(C)     Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs, off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers"), are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the Group's Marks, including but not limited to the designs

 **or** ,

or any colorable imitations or variations thereof, or associated marks which Defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Group's concerts from six (6) hours before to six (6) hours after any performance of the Group within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Group shall be performing or elsewhere where such merchandise is being sold, held for sale, or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored.  All clothing, jewelry, photographs, posters, and other merchandise bearing any or all of the Group's Marks, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the arenas or other venues at which the Group shall be performing, or elsewhere where such merchandise is being sold, held for sale, or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED** that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers at the time the seizure provided herein is effected, and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED** that each and every Defendant served with a copy of this order promptly, courteously, and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED**, that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED**, that the bond heretofore deposited with the Clerk of Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is continued until final disposition of this matter.

**IT IS SO ORDERED.**

Dated: July 17, 2015

_____

**CATHY ANN BENCIVENGO**
**UNITED STATES DISTRICT JUDGE**

15cv1438 CAB (RBB)
Exhibit 3 to Memorandum

Mark Bradford (MB 6002)
MARK BRADFORD, PC
299 12th Street
Brooklyn, New York 11215-4903
Telephone: (347) 413-3287
mb@markbradfordpc.com

Cara R. Burns (pro hac vice to be requested)
HICKS, MIMS, KAPLAN & BURNS
2800 28th Street, Ste 383
Santa Monica, California 90405
Telephone: (310) 314-1721
Facsimile: (310) 314-1725
cburns@hmkblawyers.com



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 2 0 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____x

| | |
|---|---|
| **LIVE NATION MERCHANDISE, INC.,** | **CASE NO. 16 cv 0336 (LAK)** |
| **Plaintiff,** | [PROPOSED] **PRELIMINARY INJUNCTION AND SEIZURE ORDER** |
| v. | |
| **JOHN DOES 1-100, JANE DOES 1-100, AND XYZ COMPANY,** | |
| **Defendants.** | |

_____x

Plaintiff Live Nation Merchandise, Inc. ("Plaintiff") having moved for a preliminary injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise and seizing the same, bearing the federally registered trademarks, service marks, likenesses, logos, and/or other indicia of the Group **"BRUCE SPRINGSTEEN AND THE E STREET BAND"** (collectively the "Group's Trademarks") and ordering the seizure and impounding of such articles; and Plaintiff's

1

Exhibit 3 to Memorandum

application having come on for a hearing before the Honorable Lewis A. Kaplan on the 20th day of January, 2016, at the United States Courthouse in the Southern District of New York, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and seizure order, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1.    By reason of the substantial and continuous use of the Group's Trademarks in connection with the Group's work as performers, said marks have acquired meanings identified with the Group and with products and services associated with them;

2.    The defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Group's Trademarks, as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Group's Trademarks at or near the sites of the Group's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.    The defendants' acts, and those in active concert or participation with them, constitute a violation of the U. S. Trademark Act in that they: a) involve goods or services; b) are activities which affect interstate commerce; and c) infringe the trademark and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Group with respect to such goods; and

2

Exhibit 3 to Memorandum

4.    Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)    Using any or all of the Group's Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)    Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Group's Trademarks; or

( c)    Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs, off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers"), are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the Group's Trademarks (i.e. of **BRUCE SPRINGSTEEN AND THE E STREET BAND**) or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Group's concerts from six (6) hours before to six (6) hours after any performance of the Group within a ten (10) mile vicinity of the halls, stadiums or arenas

Exhibit 3 to Memorandum

at which the Group shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Group's Trademarks, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the arenas or other venues at which the Group shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED**, that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers at the time the seizure provided herein is effected, and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED**, that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such

Exhibit 3 to Memorandum

objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED**, that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED**, that the bond deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is hereby continued until final disposition of this matter.

**IT IS SO ORDERED.**

Dated: January 20, 2016
At: 9:45 a. m.

_____
**HONORABLE LEWIS A. KAPLAN**
**UNITED STATES DISTRICT JUDGE**

Exhibit 3 to Memorandum

1  **Cara R. Burns (State Bar No. 137557)**
2  **cburns@hmkblawyers.com**
   **HICKS, MIMS, KAPLAN & BURNS**
3  **3250 Ocean Park Blvd, Ste 350**
4  **Santa Monica, California 90405**
   **Telephone: (310) 314-1721**
5  **Facsimile: (310) 314-1725**

6  **Attorneys for Plaintiff,**
7  **F.E.A., INC.**

8              **UNITED STATES DISTRICT COURT**
9              **CENTRAL DISTRICT OF CALIFORNIA**

10
11 **F.E.A., INC.,**                         )   **Case No. cv 14-156 ABC (JEMx)**
                                            )
12            **Plaintiff,**                )   **[~~PROPOSED~~]  TEMPORARY**
                                            )   **RESTRAINING      ORDER;**
13     **v.**                               )   **SEIZURE    ORDER;   AND**
                                            )   **ORDER TO SHOW CAUSE**
14 **JOHN DOES 1-5, JANE DOES 1-4 AND**     )   **WHY   A   PRELIMINARY**
   **XYZ COMPANY,**                         )   **INJUNCTION  AND SEIZURE**
15            **Defendants.**               )   **ORDER SHOULD NOT ISSUE**
                                            )
16 ════════════════════════════════════════ )

17        Based upon the complaint, memorandum of points and authorities, Declaration of

18 Steven Lewis and the Certificate of Counsel of Cara R. Burns and all other pleadings

19 and proceedings heretofore had herein and good cause being shown:

20        **IT IS HEREBY ORDERED** that defendants, John Does 1-5, Jane Does 1-4 and

21 XYZ Company their true identities being unknown  (collectively "Defendants"), show

22 cause before the Honorable **Audrey B. Collins**, United States District Court Judge, in

23 Courtroom **680** of the United States District Court for the District of California, located

24 at **255 East Temple Street,** Los Angeles, California at **4:30 p.m.** on **January 21, 2014**

25 or as soon thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P.

26 Rule 65 and the Lanham Act 15 U.S.C. § 1051 et. seq., should not be entered granting

27 to Plaintiff, F.E.A., Inc., a preliminary injunction to enjoin the Defendants from

28 manufacturing, distributing, selling or holding for sale, any clothing, jewelry,

photographs, posters and other merchandise (collectively the "Infringing Merchandise") bearing the federally registered trademarks, service marks, likenesses, logos and other indicia of the Group known as the **"EAGLES"** (collectively, the "Group's Trademarks").

**AND IT APPEARING TO THE COURT** that Defendants are about to sell and distribute the Infringing Merchandise bearing any or all of the Group's Trademarks as set forth in Plaintiff's complaint and declaration, and will continue to carry out such acts unless restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth in the Plaintiff's complaint, and that, unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss of income, lessening and dilution of the value of the Group's Trademarks, interference with Plaintiff's ability to exploit, market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting the Group's Trademarks, and impairment of the good will Plaintiff and its licensors have in the Group's Trademarks;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Group's Trademarks;

**AND IT IS FURTHER ORDERED** that pursuant to 1116 (a), the United States Marshal, for this District or any district in which Plaintiff enforces this order, the state police, local police or local deputy sheriffs, off duty officers of the same, and any

Hicks, Mims,
Kaplan & Burns
Attorneys at Law

Proposed TRO, etc.

Exhibit 3 to Memorandum

person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Group's Trademarks (namely, the "**EAGLES**"), which defendants attempt to sell or are holding for sale, including any from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from six (6) hours before to six (6) hours after any performance of the tour within a ten (10) mile vicinity of the halls, stadiums or arenas at which said Tour shall be performing, including but not limited to in connection with the concerts to be held January 15,17,18, 22, 24,and 25, 2014 at the Forum in Los Angeles, California;

**AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, certified check, or cash in the amount of **$5, 000.00** no later than **January 14, 2014**, to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to

the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

      **AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before **January 17, 2014**.  Any reply shall be filed by the Plaintiff and served upon each appearing defendant or his/her counsel on or before **January 21, 2014 at 12:00 noon**.  Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

      **AND IT IS FURTHER ORDERED** that pursuant to F.R.C.P. Rule 65 (b) (4), any Defendant can apply to this Court to dissolve or modify this Order on two (2) days notice or shorter notice as this Court may allow, but no such application shall serve to suspend this Order or stay its terms unless otherwise ordered by this Court.

      **IT IS SO ORDERED.**

Dated: January 10, 2014

_____

UNITED STATES DISTRICT COURT JUDGE

Hicks, Mims, Kaplan & Burns
Attorneys at Law

Proposed TRO, etc.

Exhibit 3 to Memorandum

Cara R. Burns (State Bar No. 137557)
cburns@hmkblawyers.com
HICKS, MIMS, KAPLAN & BURNS
3250 Ocean Park Blvd, Ste 350
Santa Monica, California 90405
Telephone: (310) 314-1721
Facsimile: (310) 314-1725

Attorneys for Plaintiff,
F.E.A., INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| F.E.A., INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>JOHN DOES 1-5, JANE DOES 1-4 AND XYZ COMPANY,<br><br>                    Defendants. | Case No. 14-cv-156 ABC (JEMx)<br><br>[~~PROPOSED~~]  PRELIMINARY INJUNCTION   AND SEIZURE ORDER SHOULD NOT ISSUE<br><br>Hearing Date: January 21, 2014<br>Time: 4:30 p.m.<br>Courtroom: 680 Judge Collins |

Plaintiff   F.E.A., Inc. ("Plaintiff") having moved for a Preliminary Injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise bearing the federally registered trademarks, servicemarks, logos, likenesses or other indicia of the Group known as the **"EAGLES"** (collectively the "Group's Marks") ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the and/or near the Group's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Audrey B. Collins on the 21th day of January, 2014, at the United States Courthouse in the Central District of California, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and seizure order, the declaration in support thereof and all other pleadings and prior proceedings had herein in this matter, the Court hereby finds:

1.    By reason of the substantial and continuous use of the Group's Marks in connection with the Group's work, said marks have acquired meanings identified with the Group and with products and services associated with the Group;

2.    The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Group's Marks, as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Group's Marks at or near the sites of the Group's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.    The acts of the defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a) involve goods or services, b) are activities which affect interstate commerce, and c) infringe the trademark and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff , the Group with respect to such goods;

4.    Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5.    Copies of this Court's Temporary Restraining Order; Seizure Order;  and an Order to Show Cause Why a Preliminary Injunction and Seizure Order Should Not Issue and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and the unauthorized, "bootleg" merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)    Using any or all of the Group's Marks in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)   Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Group's Marks; or

( c)   Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs, off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers"), are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the Group's Marks (i.e. the **EAGLES** marks) or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Group's concerts from six (6) hours before to six (6) hours after any performance of the Group within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Group shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored.  All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Group's Marks, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the arenas or other venues at which the Group shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED**, that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers at the time the seizure provided herein is effected, and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the

Hicks, Mims,
Kaplan & Burns
Attorneys at Law

Proposed TRO, etc.

Exhibit 3 to Memorandum

aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED**, that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED**, that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED**, that the bond deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is continued until final disposition of this matter.

**IT IS SO ORDERED.**

Dated: January 21, 2014

_____

**THE HONORABLE AUDREY B. COLLINS**
**UNITED STATES DISTRICT COURT JUDGE**

Proposed TRO, etc.

Exhibit 3 to Memorandum

Hicks, Mims,
Kaplan & Burns
Attorneys at Law

1  **Cara R. Burns (SBN: 137557)**
   **Hicks, Mims, Kaplan & Burns**
2  **3250 Ocean Park Blvd, Suite 350**
   **Santa Monica, California 90405**
3  **Telephone:   (310) 314-1721**
   **Facsimile:    (310) 314-1725**
4  **cburns@hmkblawyers.com**

5  **Attorneys for Plaintiff,**
   **F.E.A., INC.**

**FILED**

**JUN 2 2 2011**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
              CLERK

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9  **F.E.A., INC.,**                          )    **Case No. 2:11-01562 JAM GGH**
                    **Plaintiff,**            )
10                                            )    [PROPOSED] **PRELIMINARY**
                    **v.**                    )    **INJUNCTION AND ORDER OF**
11                                            )    **SEIZURE**
   **JOHN DOES 1-100, JANE DOES 1-100**       )
12 **AND XYZ COMPANY,**                        )
                                              )    **Hearing Date: June 22, 2011**
13                  **Defendants.**            )    **Time:          9:30 a.m.**
                                              )    **Courtroom:   6, Hon. Judge Mendez**
14

15         Plaintiff F.E.A., INC. ("Plaintiff") having moved for a Preliminary Injunction enjoining and

16 restraining the defendants from manufacturing, selling or distributing merchandise bearing the

17 federally registered trademarks, servicemarks, logos, likenesses or other indicia of the musical artist

18 known as **"BRITNEY SPEARS"** (the "Artist") (collectively the "Artist's Marks") ordering the

19 seizure and impounding of such articles; and service having been effected upon certain defendants at

20 the Artist's performances which have previously occurred; and Plaintiff's application having come on

21 for a hearing before the Honorable John A. Mendez on the 22nd day of June, 2011, at the United

22 States Courthouse in the Eastern District of California, Sacramento, and Plaintiff having appeared by

23 its attorneys, and there having been no other appearances;

24

25         Now, on presentation and consideration of Plaintiff's application for a preliminary

26 injunction and order of seizure, the declaration in support thereof and all other pleadings and prior

27 proceedings heretofore had herein in this matter, the Court hereby finds:

28         1.      By reason of the substantial and continuous use of the Artist's Trademarks in

Exhibit 3 to Memorandum

PRELIMINARY INJUNCTION AND SEIZURE ORDER

1   connection with the Artist's products and services, said marks have acquired meanings identified

2   with the Artist and with products and services associated with her;

3        2.      The served defendants, and those in active concert or participation with such

4   defendants, have infringed upon Plaintiff's rights in the Artist's Marks, as well committed acts of

5   unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling

6   merchandise bearing any or all of the Artist's Marks at or near the sites of the Artist's performances,

7   without having obtained a license or other authorization to do so, as alleged in the complaint;

8
     3.      The acts of the defendants, and those in active concert or participation with them,
9
    constitute a violation of the United States Trademark Act in that they: a). involve goods or services, b)
10
    are activities which affect interstate commerce, and c) infringe the trademark and/or bear a false
11
12   designation of the source or origin of such goods or are likely to cause confusion, mistake or deception

13   as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Artist with

14   respect to such goods;

15        4.      Defendants, and those in active concert or participation with them, will continue to sell

16   such unauthorized merchandise unless enjoined by the Artist; and

17        5.      Copies of this Court's Order to Show Cause On Motion For Preliminary Injunction

18   with A Temporary Restraining and Seizure Order, and the Complaint filed in support of Plaintiff's

19
    application in this case have been served upon the defendants and unauthorized, "bootleg"
20
    merchandise has been seized from the defendants;
21

22        **NOW, THEREFORE, IT IS HEREBY**

23        **ORDERED**, that the defendants, their agents, servants, employees, attorneys, successors,

24   and assigns, and all persons, firms, and corporations acting in active concert or participation with

25   said defendants, are enjoined and restrained from:

26        (A)     Using any or all of the Artist's Trademarks in connection with the sale, offering for

27   sale, distribution, and/or advertising of any clothing or other merchandise;

28

1    (B)    Manufacturing, distributing, selling, and/or holding for sale any clothing or other

2    merchandise which carries or otherwise uses any or all of the Artist's Trademarks; or

3    ( c)    Aiding, abetting, inducing, or encouraging another to perform any of the acts

4    enjoined herein.

5    **IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any district in

6    which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local

7    deputy sheriffs, off-duty officers of the same, Peter Merluzzi and any person acting under their

8    supervision (collectively "Process Servers"), are hereby similarly authorized to seize and impound

9    any and all unauthorized merchandise bearing any or all of the Artist's Marks (i.e. the **BRITNEY**

10   **SPEARS** marks) or any colorable imitations or variations thereof, or associated marks which

11   defendants or their agents, employees or representatives attempt to sell or are holding for sale in

12   the vicinity of any of the Artist's performances from six (6) hours before to six (6) hours after any

13   performance of the Artist within a ten (10) mile vicinity of the halls, stadiums or arenas at which

14   the Artist shall be performing or elsewhere where such merchandise is being sold, held for sale or

15   is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is

16   transported or stored.  All clothing, jewelry, photographs, posters and other merchandise bearing

17   any or all of the Artist's Marks, or any colorable imitations or variations thereof, sold and held for

18   sale in the vicinity of the arenas or other venues at which the Artist shall be performing, or

19   elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed

20   to be merchandise subject to the seizure provisions of this Order.

21   **IT IS FURTHER ORDERED**, that service of a copy of this Order, together with the

22   Summons and Complaint, be made upon defendants by the Process Servers at the time the seizure

23   provided herein is effected, and that such service shall be deemed good and sufficient.

PRELIMINARY INJUNCTION AND SEIZURE ORDER

Exhibit 3 to Memorandum

1    **IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this

2    order promptly, courteously and peaceably identify himself or herself to the aforementioned

3    Process Server and that the Process Server or agents for Plaintiff be allowed to photograph,

4    videotape or otherwise identify the defendant.

5    **IT IS FURTHER ORDERED**, that the Process Server shall offer a receipt to each person

6    from whom goods are seized.

7
8    **IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of

9    this Order who objects to the provisions herein may submit his or her objections to this Court or

10   otherwise move for relief from this Court within ten (10) days of the date of seizure according to

11   the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or

12   stay the terms hereof unless otherwise ordered by this Court.

13   **IT IS FURTHER ORDERED**, that all unauthorized items heretofore or hereafter seized

14   in this action be delivered up to the Plaintiff or the persons designated above, pending final

15
16   disposition of this matter.            *NO BOND IS REQUIRED* ~JAM~

17       **IT IS SO ORDERED.**

18   Dated: June 22 2011
         At:  9 55 . m.            **THE HONORABLE JOHN A. MENDEZ**
19                                  **UNITED STATES DISTRICT COURT JUDGE**

20   Respectfully Submitted,
     By: /s/ Cara R. Burns, Esq.
21   **Cara R. Burns (SBN: 137557)**
     **Hicks, Mims, Kaplan & Burns**
22   **3250 Ocean Park Blvd, Ste 350; Santa Monica, CA 90405**
     **Tel: (310) 314-1721; Fax: (310) 314-1725**
23   **cburns@hmkblawyers.com**

24

25

26

27

28
                                  4
Exhibit 3 to Memorandum

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No.  11-cv-01297 CMA-MEH**

**LIVE NATION MERCHANDISE, INC.,**

        **Plaintiff,**

**vs.**

**JOHN DOES 1-100, JANE DOES 1-100,
and XYZ COMPANY,**

        **Defendants.**

---

**PRELIMINARY INJUNCTION AND SEIZURE ORDER**

---

Plaintiff Live Nation Merchandise, Inc. ("Plaintiff") having moved for a Preliminary Injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise and seizing the same, bearing the federally registered trademarks, servicemarks, logos, likenesses and other indicia of the musical group **"U2"** (the "Group") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Group's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Judge Christine M. Arguello on the 1st day of June, 2011, at the United States Courthouse for the District of Colorado, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and order of seizure, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1

Exhibit 3 to Memorandum

1.      By reason of the substantial and continuous use of the federally registered trademarks, servicemarks, likenesses, logos and other indicia of the Group in connection with the Group's work as musical performers, said marks have acquired meanings identified with the Group and with products and services associated with them;

2.      The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Group's trademarks, servicemarks, likenesses, logos and other indicia owned and/or controlled by Plaintiff, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the federally registered trademarks, servicemarks, likenesses, logos and other indicia of the Group at or near the sites of the Group's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.      The acts of the defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a). involve goods or services, b) are activities which affect interstate commerce, and c) infringe the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Group with respect to such goods;

4.      Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5.      Copies of this Court's Temporary Restraining Order; Order of Seizure; and Order to Show Re: Preliminary Injunction and the Complaint filed in support of

2

Exhibit 3 to Memorandum

Plaintiff's application in this case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)     Using any or all of the trademarks, servicemarks, likenesses, logos and other indicia of the Group, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)     Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the trademarks, servicemarks, likenesses, logos and other indicia of the Group; or

( c )     Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED**, that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers") are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the trademarks, servicemarks, likenesses, logos and other indicia of the Group **U2** or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Group's concerts from ten (10) hours before to six (6) hours after any

3

Exhibit 3 to Memorandum

performance of the Group within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Group shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored.   All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the trademarks, servicemarks, likenesses, logos and other indicia of the Group, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the arenas or other venues at which the Group shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED,** that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days

4

Exhibit 3 to Memorandum

of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is hereby continued until final disposition of this matter.

**IT IS SO ORDERED.**

Dated: June 1st, 2011

At: _9:15_  _a_ . m.

_____
HONORABLE CHRISTINE M. ARGUELLO
UNITED STATES DISTRICT COURT JUDGE

Respectfully Submitted
   /s Cara R. Burns
CARA R. BURNS, Hicks, Mims, Kaplan & Burns
3250 Ocean Park Blvd, Ste 350
Santa Monica, California 90405
Tel: (310) 314-1721/ fax: (310) 314-1725
E-mail: cburns@hmkblawyers.com
Attorney for Plaintiff

5

Exhibit 3 to Memorandum

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**ARNIE BARN, INC.,**

        **Plaintiff,**

v.                                **CASE NO:** 8:11-cv-00540-T-26AEP

**DAVE JONES, an individual,**
**JOHN DOES 1-100, individuals,**
**JANE DOES 1-100, individuals,**
**and XYZ COMPANY, business**
**entity form unknown,**

        **Defendants**

_____/

## PRELIMINARY INJUNCTION AND ORDER OF SEIZURE

Plaintiff Arnie Barn, Inc. ("Plaintiff") having moved for a preliminary injunction to enjoin and restrain the defendants from manufacturing, selling or distributing merchandise bearing the federally registered trademarks, servicemarks, logos, and likenesses of the musical Artist **"KENNY CHESNEY"** (collectively the "Artist's Marks") and an order to seize and impounding the same; and service having been effected upon certain defendants at the Artist's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Richard A. Lazzara on the 25th day of March, 2011, at the United States Courthouse for the Middle District of Florida, Tampa Division, Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and order of seizure, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

Exhibit 3 to Memorandum

1.      By reason of the substantial and continuous use of the Artist's Marks i.e. the federally registered trademarks, servicemarks, logos, and likenesses of the Artist in connection with the Artist's work as a musical performer, said marks have acquired meanings identified with the Artist and with products and services associated with him;

2.      The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Artist's Marks, and have committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Artist's Marks at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.      The acts of the defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a). involve goods or services, b) are activities which affect interstate commerce, and c) infringe the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Artist with respect to such goods;

4.      Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5.      Copies of this Court's Temporary Restraining Order; Order of Seizure; and Order to Show Re: Preliminary Injunction and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

Exhibit 3 to Memorandum

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED**, that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)     Using any or all of the Artist's Marks i.e. the trademarks, servicemarks, logos and likenesses of the Artist, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)     Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Artist's Marks, i.e. the trademarks, servicemarks, likenesses or logos of the Artist; or

(C)     Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, or Timothy Holt and any person acting under their supervision (collectively "Process Servers") are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the federally registered trademarks, servicemarks, logos or likenesses of the Artist **"KENNY CHESNEY,"** i.e. the Artist's Marks, or any colorable imitations or variations thereof, or associated marks, which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Artist's concerts from six (6) hours before to six (6) hours after any performance of the Artist within a ten (10) mile vicinity of the halls, stadiums or arenas at which

-3-

Exhibit 3 to Memorandum

the Artist shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Artist's Marks, or any colorable imitations or variations thereof, sold and held for sale in the, vicinity of the arenas or other venues at which the Artist shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED** that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections for this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

-4-

Exhibit 3 to Memorandum

**IT IS FURTHER ORDERED** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED** that the bond heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is hereby continued until final disposition of this matter.

**DONE AND ORDERED** at Tampa, Florida, on March 25, 2011.

 s/Richard A. Lazzara
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record

-5-

Exhibit 3 to Memorandum

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**F.E.A., INC.**

        **Plaintiff,**

**v.**

**JOHN DOES 1-100, individuals,**
**JANE DOES 1-100, individuals,**
**and XYZ COMPANY, business**
**entity form unknown, inclusive,**

        **Defendants**

**Case No: 11-10136**
**Hon. John Corbett O'Meara**

---

RUTLEDGE, MANION, RABAUT,
TERRY, & THOMAS P.C.
BY: JOSEPH J. WRIGHT (P41289)
4000 Penobscot Building
Detroit, Michigan 48226
Telephone: (313) 965-6100
Facsimile: (313) 965-6558
Jwright@rmrtt.com

HICKS, MIMS, KAPLAN & BURNS
BY:CARA R. BURNS (CA Bar No. 137557)
(Admitted in Eastern District of Michigan)
3250 Ocean Park Blvd, Ste 350
Santa Monica, California 90405
Telephone: (310) 314-1721
Facsimile:  (310) 314-1725
cburns@hmkblawyers.com

---

## PRELIMINARY INJUNCTION AND SEIZURE ORDER

Plaintiff F.E.A., Inc. ("Plaintiff") having moved for a Preliminary Injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise bearing the federally registered trademark, servicemarks, likenesses or tour logos of the musical artist **"KID ROCK"** (the "Artist") (collectively the "Artist's Marks") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Artist's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable John Corbett O'Meara on the 25th day of January, 2011, at the

1

Exhibit 3 to Memorandum

United States Courthouse for the Eastern District of Michigan, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and order of seizure, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1.      By reason of the substantial and continuous use of the Artist's Marks in connection with the Artist's work as a musical performing artist, said Marks have acquired meanings identified with the Artist and with products and services associated with him;

2.      The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Artist's Marks, as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Artist's Marks at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.      The acts of the defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a) involve goods or services, b) are activities which affect interstate commerce, and c) infringed the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Artist with respect to such goods;

4.      Defendants, and those in active concern or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

Exhibit 3 to Memorandum

5. Copies of this Court's Temporary Restraining Order and Order of Seizure; and Hearing on Motion for a Preliminary Injunction and Seizure Order and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED,** that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A) Using any or all of the Artist's Marks, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B) Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Artist's Marks; or

( c) Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers") are hereby authorized to seize and impound any and all unauthorized merchandise bearing any or all of the federally registered trademarks, servicemarks, logos or likenesses of the Artist **"KID ROCK,"** i.e. the Artist's Marks, or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Artist's concerts from six (6) hours before to six (6) hours after any performance of the Artist

3

Exhibit 3 to Memorandum

within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Artist shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored.  All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Artist Marks, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the arenas or other venues at which the Artist shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED,** that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions here in may submit his or her objections for this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

4

Exhibit 3 to Memorandum

**IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is hereby continued until final disposition of this matter.

**IT IS SO ORDERED.**

Date: January 25, 2011
At: 2:35 p.m.                                    s/JOHN CORBETT O'MEARA
                                                UNITED STATES DISTRICT JUDGE


Respectfully submitted,

F.E.A., INC.
____/s/ Cara R. Burns_____
Cara R. Burns (Admitted in ED MI)
HICK, MIMS, KAPLAN & BURNS
3250 Ocean Park Blvd, Ste 350
Santa Monica, California 90405
Telephone: (310) 314-1721
Facsimile: (310) 314-1725

Joseph J. Wright (P41289)
RUTLEDGE, MANION, RABAUT,
TERRY, & THOMAS P.C.
4000 Penobscot Building
Detroit, Michigan 48226
Telephone: (313) 965-6100
Facsimile: (313) 965-6558

Exhibit 3 to Memorandum

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| SIGNATURES NETWORK, INC., <br><br> **Plaintiff,** <br><br> v. <br><br> **JOHN DOES 1-100, JANE DOES 1-100 AND XYZ COMPANY,** <br><br> **Defendants.** | **Case No. CV09-00637 PHX DGC** <br><br> **PRELIMINARY INJUNCTION AND ORDER OF SEIZURE** |

Plaintiff Signatures Network, Inc. ("Plaintiff") having moved for a Preliminary Injunction and Order of Seizure enjoining and restraining the defendants from manufacturing, selling or distributing merchandise bearing the federally registered trademarks, servicemarks, tour logos, or likenesses of the musical group **"BRUCE SPRINGSTEEN AND THE E STREET BAND"** (the "Group") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Group's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable David G. Campbell on the 10th day of April, 2009, at the United States Courthouse in the District of Arizona, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a

Exhibit 3 to Memorandum

PRELIMINARY INJUNCTION AND ORDER OF SEIZURE

preliminary injunction and order of seizure, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1. By reason of the substantial and continuous use of the federally registered trademarks, servicemarks, tour logos, and likenesses of the Group in connection with their work as musical performers, said marks have acquired meanings identified with the Group and with products and services associated with them;

2. The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Group's trademarks, servicemarks, tour logos and likenesses owned and/or controlled by Plaintiff, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the trademarks, servicemarks, tour logos and likenesses of the Group at or near the sites of the Group's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3. The acts of the defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a). involve goods or services, b) are activities which affect interstate commerce, and c) infringe the trademark and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Group with respect to such goods;

4. Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5. Copies of this Court's Temporary Restraining Order, Seizure Order and Order to Show Why A Preliminary Injunction and Seizure Order Should Not Issue, and the Complaint filed in support of Plaintiff's application in this case have been

Exhibit 3 to Memorandum

served upon the defendants and unauthorized, "bootleg" merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)   Using any or all of the trademarks, servicemarks, tour logos and likenesses of the Group, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)   Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the trademarks, servicemarks, tour logos and  likenesses of the Group; or

( c)   Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs, off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers"), are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the trademarks, servicemarks, tour logos and likenesses of the Group **"BRUCE SPRINGSTEEN AND THE E STREET BAND"** or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Group's concerts from six (6) hours before to six (6) hours after any performance of the Group within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Group shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored.

Exhibit 3 to Memorandum

All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the trademarks, servicemarks, tour logos and likenesses of the Group, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the arenas or other venues at which the Group shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

IT IS FURTHER ORDERED, that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers at the time the seizure provided herein is effected, and that such service shall be deemed good and sufficient.

IT IS FURTHER ORDERED, that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

IT IS FURTHER ORDERED, that the Process Server shall offer a receipt to each person from whom goods are seized.

IT IS FURTHER ORDERED, that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

IT IS FURTHER ORDERED, that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

IT IS FURTHER ORDERED, that the bond heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is

found to have been wrongfully enjoined thereby is hereby continued until final disposition of this matter.

**IT IS SO ORDERED.**

**Dated this 14th day of April, 2009.**

_David G. Campbell_
_____
David G. Campbell
United States District Judge

Exhibit 3 to Memorandum

PRELIMINARY INJUNCTION AND ORDER OF SEIZURE

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

CINDER BLOCK, INC.                    :
a California Corporation,             :
                                      :
            Plaintiff,                :
                                      :     Civil Action
vs.                                   :     No.  08 1293 JKG
                                      :
VARIOUS JOHN DOES, individuals,       :
VARIOUS JANE DOES, individuals,       :
and XYZ COMPANY, business             :
entity form unknown, inclusive,       :
                                      :
            Defendants.               :

### PRELIMINARY INJUNCTION AND ORDER OF SEIZURE

Plaintiff CINDER BLOCK, INC. ("Plaintiff") having moved for a Preliminary Injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise bearing the federally registered trademarks servicemarks, likenesses, or images of the musical artist known as "**KID ROCK**" (the "Artist") ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Artist's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the undersigned on the 25th day of March, 2008, at the United States Courthouse in the Eastern District of Pennsylvania, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and order of seizure, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1.      By reason of the substantial and continuous use of the trademarks, servicemarks,

Exhibit 3 to Memorandum

likenesses or images of the Artist in connection with his work as musical performer, said marks have acquired meanings identified with the Artist and with products and services associated with him.

2.      The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Artist's trademarks, servicemarks, likenesses, or images exclusively licensed to Plaintiff, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the trademarks, servicemarks, likenesses, and images of the Artist at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint and shown by the declarations by Alan Sitchon.

3.      The acts of the defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a). involve goods or services, b) are activities which affect interstate commerce, and c) infringe the trademark and/or bear a false designation of the source or origin of such goods and/or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Artist with respect to such goods.

4.      Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court.

5.      Copies of this Court's Temporary Restraining Order; Order of Seizure; and Order top Show Cause Regarding Why A Preliminary Injunction Should Not Issue and the Complaint

Exhibit 3 to Memorandum

filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, "bootleg" merchandise has been seized from the defendants.

**ACCORDINGLY,**

**IT IS ORDERED**, that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)      Using any or all of the trademarks, servicemarks, likenesses, or images of the Artist in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)      Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which bares or otherwise uses any or all of the trademarks, servicemarks, likenesses, or images of the Artist; or

( c)      Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED**, that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs, off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers"), are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the trademarks, servicemarks, likenesses, or images of the Artist **"KID ROCK"** or any colorable imitations or variations thereof, which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Artist's concerts from six (6) hours before to six (6) hours after any

-3-

Exhibit 3 to Memorandum

performance of the Artist within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Artist shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the trademarks, servicemarks, likenesses, or images of the Artist, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the arenas or other venues at which the Artist shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

 **IT IS FURTHER ORDERED**, that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers at the time the seizure provided herein is effected, and that such service shall be deemed good and sufficient.

 **IT IS FURTHER ORDERED**, that each and every defendant served with a copy of this Order shall promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

 **IT IS FURTHER ORDERED**, that the Process Server shall offer a receipt to each person from whom goods are seized.

 **IT IS FURTHER ORDERED**, that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order

Exhibit 3 to Memorandum

or stay the terms hereof unless otherwise ordered by this Court. Any served defendant may request that this matter be heard in his or her district and Plaintiff will honor that request by either transferring this action or filing a new action in his or her district.

**IT IS FURTHER ORDERED**, that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED**, that the bond heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is hereby continued until final disposition of this matter.

**IT IS FURTHER ORDERED** that this Preliminary Injunction and Order of Seizure shall expire at 5:00 o'clock p.m., Eastern Standard Time on December 31, 2008 unless on or before that date and time a final injunction has been issued, the within Preliminary Injunction and Order of Seizure has been withdrawn, the within action has been discontinued, or the within injunction and Order has been extended by court Order entered prior to that time.

BY THE COURT

Dated: March 25, 2008          /s/ JAMES KNOLL GARDNER

At: 12:15 o'clock p.m.         **JAMES KNOLL GARDNER
                                UNITED STATES DISTRICT JUDGE**

-5-

Exhibit 3 to Memorandum

1   PETER ALPERT, ESQ. (SBN 3488)
    2950 East Rochelle Avenue
2   Las Vegas, Nevada 89121
    Telephone: (702) 866-6155
3   Facsimile: (702) 382-0147

4   CARA R. BURNS, ESQ. (pro hac vice requested)
    725 South Figueroa Street, Suite 2280
5   Los Angeles, California 90017
    Telephone:   (213) 538-1370
6   Facsimile:   (213) 538-1375

7   Attorneys for Plaintiff,
    Signatures Network, Inc.

8

9

10

11                  UNITED STATES DISTRICT COURT

12                       DISTRICT OF NEVADA

13  SIGNATURES NETWORK, INC.,            )   Case No. CV-S-05-0884 LDG RJJ
                                         )
14                Plaintiff,             )   [PROPOSED] PRELIMINARY
                                         )   INJUNCTION AND ORDER OF
15          v.                           )   SEIZURE
                                         )
16  JOHN DOES 1-100, JANE DOES 1-100     )
    AND XYZ COMPANY,                     )
17                                       )
                  Defendants.            )
18                                       )

19

20          Plaintiff Signatures Network, Inc. ("Plaintiff") having moved for a Preliminary injunction

21  enjoining and restraining the defendants from manufacturing, selling or distributing merchandise

22  bearing the federally registered trademarks, servicemarks, tradenames, logos, likenesses or images

23  of the musical group **"MEGADETH"** (the "Artist") and ordering the seizure and impounding of

24  such articles; and service having been effected upon certain defendants at the Artist's concerts

25  which have previously occurred; and Plaintiff's application having come on for a hearing before

26  the Honorable Lloyd D. George on the 1st day of August, 2005, at the United States Courthouse

27

28



7

for the District of Nevada in Las Vegas, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and order of seizure, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1.     By reason of the substantial and continuous use of the federally registered trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artist in connection with the group's work as a musical performing group, said marks have acquired meanings identified with the Artist and with products and services associated with the group;

2.     The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Artist's federally registered trademarks, servicemarks, tradenames, likenesses, logos, or images owned and/or controlled by Plaintiff, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the trademarks, servicemarks, tradenames, likenesses, logos, and images of the Artist at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.     The acts of the defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a). involve goods or services, b) are activities which affect interstate commerce, and c) infringed the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Artist with respect to such goods;

4.     Defendants, and those in active concern or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5.     Copies of this Court's Temporary Restraining Order; Order of Seizure; and Order to Show Re: Preliminary Injunction and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED,** that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)     Using any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artist, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)     Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artist; or

(C)     Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, or Peter Weber and any person acting under their supervision (collectively "Process Servers") are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artist **"MEGADETH,"** or any individual member, or any associated mark, such as **"GIGANTOUR,"** or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Artist's concerts from six (6)

3

hours before to six (6) hours after any performance of the Artist within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Artist shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the federally registered trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artist, or any colorable imitations or variations thereof, sold and held for sale in the, vicinity of the arenas or other venues at which the Artist shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED**, that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED**, that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions here in may submit his or her objections for this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

PRELIMINARY INJUNCTION                    Exhibit 3 to Memorandum

1    **IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized

2    in this action be delivered up to the Plaintiff or the persons designated above, pending final

3    disposition of this matter.

4    **IT IS FURTHER ORDERED**, that the bond heretofore deposited with the Clerk of this

5    Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining

6    order and any damages sustained by any party who is found to have been wrongfully enjoined

7    thereby is hereby continued until final disposition of this matter.

8    **IT IS SO ORDERED.**

9

10   Dated August 1, 2005
     At: 9:45 a.m.                          _____
11                                          **THE HONORABLE LLOYD D. GEORGE**
                                            **UNITED STATES DISTRICT COURT JUDGE**
12

13   Presented By:

14   _____

15   **PETER ALPERT, ESQ. (SBN 3488)**
     **2950 East Rochelle Avenue**
16   **Las Vegas, Nevada 89121**
     **Telephone: (702) 866-6155/Facsimile: (702) 382-0147**
17
     **CARA R.BURNS, ESQ.**
18   **725 South Figueroa Street, Suite 2280**
     **Los Angeles, CA 90017/Tel: (213) 538-1370/Fax: (213) 538-1375**
19

20

21

22

23

24

25

26

27

28

ORIGINAL

ENTERED — SERVED ON
COUNSEL/PARTIES OF RECORD

AUG - 1 2005

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

1  **PETER ALPERT, ESQ. (SBN 3488)**
   **2950 East Rochelle Avenue.**
2  **Las Vegas, Nevada 89121**
   **Telephone: (702) 866-6155**
3  **Facsimile: (702) 382-0147**

4  **CARA R.BURNS, ESQ. (pro hac vice requested)**
   **725 South Figueroa Street, Suite 2280**
5  **Los Angeles, California 90017**
   **Telephone: (213) 538-1370**
6  **Facsimile:  (213) 538-1375**

7  Attorneys for Plaintiff,
   Signatures Network, Inc.
8

9

X FILED — RECEIVED
— ENTERED — SERVED ON
COUNSEL/PARTIES OF RECORD

AUG - 1 2005

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

10

11              **UNITED STATES DISTRICT COURT**

12              **DISTRICT OF NEVADA**

13  **SIGNATURES NETWORK, INC.,**          )   **Case No. CV-S-05-0884 LDG RJJ**
                                          )
14              **Plaintiff,**             )   **DECLARATION OF PETER**
                                          )   **WEBER IN SUPPORT OF**
15          **v.**                         )   **PRELIMINARY INJUNCTION**
                                          )
16  **JOHN DOES 1-100, JANE DOES 1-100**   )
    **AND XYZ COMPANY,**                   )
17                                        )
                **Defendants.**            )
18

19

20      I, PETER WEBER, hereby declare as follows:

21      1.      I make this declaration in support of Signatures Network, Inc.'s ("Plaintiff")

22  request that a preliminary injunction and order of seizure issue in the above referenced matter.

23      2.      I have personal knowledge of the facts set forth herein and am authorized by

24  Plaintiff to make this declaration.  If called as a witness, I could and would be able to testify

25  competently to such facts.

26

27      3.      I make this declaration to inform the Court about the service of the Temporary

28  Restraining Order; Order of Seizure; and Order to Show Cause Re: Preliminary Injunction (the

Exhibit 3 to Memorandum

"Order") previously issued by this Court and to support Plaintiff's request for a nationwide preliminary injunction and order of seizure be issued. The Order was issued to allow the seizure of unauthorized Tour Merchandise, as known as "Bootleg Merchandise" or "Unauthorized Merchandise," that contains the federally registered name, likenesses and tour logos of the popular recording group "MEGADETH" (the "Artist").

4.    I am responsible for, among other duties, coordinating the seizure of Bootleg Merchandise pursuant to the Order. Defendants, also known as Bootleggers, have plagued the past tours of the Artist. Plaintiff has obtained for these and for other artists orders similar to the order that Plaintiff requests the Court to issue, to allow Plaintiff to seize Bootleg Merchandise for the duration of the tour.

5.    As expected, the defendant Bootleggers appeared with the Bootleg Merchandise at the Artist's performance.  We seized over One Hundred Twenty (120) bootleg T-shirts and other Bootleg Merchandise since this Court has issued the Order.  True and correct copies of some of the proofs of service and receipts for goods seized are attached hereto as Exhibit "A."  Plaintiff's attorneys received samples of the Bootleg Merchandise we seized and original authorized merchandise for use in connection with these proceedings.

6.    We have noticed that many shirts contain the name of the tour "GIGANTOUR." The Artist has a currently pending federal registration for this mark, GIGANTOUR, Federal Serial number 78630101, for use in connection with clothing, tours and other uses. The Artist has licensed to Plaintiff the exclusive right to use this mark on clothing and other goods sold during the tour.

7.    Almost all of the Defendants refused to identify themselves when served with the Order and the other documents and they do not carry any identification.  In addition, many of the Defendants refused to accept a copy of the Order and the receipt.  Often the Bootleggers, when approached by the officer or process server, would ask if the officer/server had an injunction or

Exhibit 3 to Memorandum

order. When the officer/server responded in the affirmative and tried to serve the Order, the Bootleggers would hand over or drop the Bootleg Merchandise (and the Order just served on them) and then walk or run away before the officer/server could give to them a receipt.

8. As has been my experience with past tours of other artists, it is expected that these Bootleggers will travel to each of the upcoming performances of the Artist. I have already seen some of the defendants served at one performance appear at another performance on the tour selling Bootleg Merchandise. Most of the unauthorized T-shirts seized were identical or nearly identical to each other. Some of the T-shirts are "professional quality" and appear to have been produced in quantity and originated from a common source. All of the individuals from whom the Bootleg Merchandise was seized circulated in the crowd as the audiences were entering the arenas. Because they sold their goods before the show, they preempted Plaintiff's opportunity to sell authorized merchandise within the venue itself. Also some Bootleggers have brought the Bootleg Merchandise into the venue.

9. As stated in my previous declaration, in all of the matters I have handled since joining Plaintiff many years ago, I am not aware of any Bootlegger appearing in any action filed by Plaintiff, though thousands of people have been served and thousands of pieces of Bootleg Merchandise have been seized.

10. As previously discussed, the Artist is extremely popular and the performances on the tour are completely sold out. Therefore, due to the popularity of the tour, additional dates are in the process of being added. Should the Court so require, we will inform the Court periodically of these additional dates as they are added to the schedule.

11. Based upon the foregoing, Plaintiff is requesting that the Court extend the effect of the Order and grant a preliminary injunction binding upon all persons served with process, and on any other persons acting in concert with them, from selling Bootleg Merchandise on the tour, and allowing Plaintiff to seize such unauthorized merchandise.

3

Exhibit 3 to Memorandum

1    I declare under the penalty of perjury under the laws of the United States and the state of

2    Nevada that the foregoing is true and correct.

3    Executed this __th day of August, 2005.

4

5    PETER WEBER

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Exhibit 3 to Memorandum

## SERVICE OF PROCESS AND RECEIPT FOR GOODS SEIZED

I, the undersigned below, being over 18 years of age and not a party to this action, a United States Marshal, state police officer, local police officer, local deputy sheriff, or off-duty officer of the same, or a person acting under their supervision, served a copy of the Complaint and the Temporary Restraining Order, Order of Seizure Order and Order to Show Cause Re: Preliminary Injunction and seized unauthorized goods from the individual listed below.

NAME AND ADDRESS OF PERSON
FROM WHOM THINGS WERE SEIZED

James Seblak
4228 Stanley St
Ritto PA 15407

DATE 7-22-08                PLACE: Las Vegas / Thomas Mack

ITEM                        QUANTITY

T-SHIRTS & JERSEYS          39

HATS                        _____

OTHER (Please specify)      _____

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
Signature of Server

## SERVICE OF PROCESS AND RECEIPT FOR GOODS SEIZED

I, the undersigned below, being over 18 years of age and not a party to this action, a United States Marshal, state police officer, local police officer, local deputy sheriff, or off-duty officer of the same, or a person acting under their supervision, served a copy of the Complaint and the Temporary Restraining Order, Order of Seizure and Order to Show Cause Re: Preliminary Injunction and seized unauthorized goods from the individual listed below.

NAME AND ADDRESS OF PERSON
FROM WHOM THINGS WERE SEIZED

John Doe
No ID

DATE 7-22-05               PLACE: Las Vegas / Thomas Mack

ITEM                       QUANTITY

T-SHIRTS & JERSEYS         15

HATS                       _____

OTHER (Please specify)     _____

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
Signature of Server

Exhibit 3 to Memorandum

## SERVICE OF PROCESS AND RECEIPT FOR GOODS SEIZED

    I, the undersigned below, being over 18 years of age and not a party to this action, a United States Marshal, state police officer, local police officer, local deputy sheriff, or off-duty officer of the same, or a person acting under their supervision, served a copy of the  Complaint and the Temporary Restraining Order, Order of Seizure and Order to Show Cause Re: Preliminary Injunction and seized unauthorized goods from the individual listed below.

NAME AND ADDRESS OF PERSON
FROM WHOM THINGS WERE SEIZED     *John Doe*
                                   *No ID    5' 10' Brown thin chevy*

DATE: *7-22-05*       PLACE: *Las Vegas / Thomas Mack*
ITEM                         QUANTITY
T-SHIRTS & JERSEYS        *10*
HATS
OTHER (Please specify)

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signature of Server

---

## SERVICE OF PROCESS AND RECEIPT FOR GOODS SEIZED

    I, the undersigned below, being over 18 years of age and not a party to this action, a United States Marshal, state police officer, local police officer, local deputy sheriff, or off-duty officer of the same, or a person acting under their supervision, served a copy of the  Complaint and the Temporary Restraining Order, Order of Seizure and Order to Show Cause Re: Preliminary Injunction and seized unauthorized goods from the individual listed below.

NAME AND ADDRESS OF PERSON
FROM WHOM THINGS WERE SEIZED     *John Doe*
                                   *No ID*

DATE: *7-22-05*       PLACE: *Las Vegas /W Thomas Mack*
ITEM                         QUANTITY
T-SHIRTS & JERSEYS        *7*
HATS
OTHER (Please specify)

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signature of Server

Exhibit 3 to Memorandum

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SIGNATURES NETWORK, INC.          :
                                  :
              Plaintiff,          :
                                  :   Civil Action No.:  03-1012
              v.                  :
                                  :   Document No.:    1
JOHN DOES 1-100, individuals,     :
JANE DOES 1-100, individuals,     :
XYZ COMPANY, business             :
entity form unknown, inclusive,   :
                                  :
              Defendants.         :


## <u>MEMORANDUM ORDER</u>

### GRANTING THE PLAINTIFF'S APPLICATION FOR A PRELIMINARY INJUNCTION AND ORDER OF SEIZURE

This matter comes before the court on the application of plaintiff Signatures Network,

Inc. ("the plaintiff") for a preliminary injunction enjoining and restraining John Does, Jane Does

and XYZ Company (collectively, "the defendants") from manufacturing, selling or distributing

merchandise bearing the federally registered trademarks, servicemarks, likenesses, tradenames,

or tour logos of the musical group known as "FLEETWOOD MAC" comprised of "LINDSEY

BUCKINGHAM," MICK FLEETWOOD," "JOHN MCVIE," and "STEVIE NICKS"

(collectively, "the Artist") and ordering the seizure and impounding of such merchandise.

Because the plaintiff has demonstrated that it has a substantial likelihood of success on the

merits, that it would suffer irreparable injury if the injunction is not granted, that the injunction

would not substantially injure other interested parties, and that the public interest would be

furthered by the injunction, the court grants the plaintiff's application.

1

Exhibit 3 to Memorandum

# I.  BACKGROUND

Signatures Network, Inc., engages in the business of manufacturing, distributing, and selling authorized merchandise – such as t-shirts, jerseys, sweatshirts, and posters – that bear the names, likenesses, and copyrights owned by popular musicians and performers.  Pl.'s Application at 2, Weber Decl. ¶ 3.  The plaintiff has the exclusive right to sell tour merchandise for the group Fleetwood Mac during its just-commenced 32-city tour.  *Id.* at 2, Weber Decl. ¶ 4.  The defendants are unknown and unnamed individuals who sell unauthorized tour merchandise near the venues at which Fleetwood Mac will perform.  *Id.* at 1, Weber Decl. ¶ 10.

On May 8, 2003, the plaintiff filed an *ex parte* application for a temporary restraining order, order of seizure, and order to show cause why a preliminary injunction should not issue.  On May 9, 2003, this court granted the plaintiff's application and directed the defendants to show cause why a preliminary injunction should not issue.  Order dated May 9, 2003.  On the same day, the plaintiff served a copy of the complaint and the court's May 9, 2003 order on certain defendants at the MCI Center in Washington, D.C., the Artist's first concert venue on its 2003 tour.  Second Weber Decl. ¶ 6, Ex. A.  On May 13, 2003, this court held a preliminary injunction hearing, at which the plaintiff appeared but the served defendants failed appear.

# II.  ANALYSIS

The standard for interim injunctive relief in trademark cases is the same standard applied in other cases.  *Appleseed Found. Inc. v. Appleseed Inst., Inc.*, 981 F. Supp. 672, 674 (D.D.C. 1997).  Accordingly, this court may issue interim injunctive relief only when the movant demonstrates:

> (1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the injunction is not granted, (3) that an injunction would not

Exhibit 3 to Memorandum

substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction.

*Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998).

Upon consideration of the plaintiff's application for a preliminary injunction and order of seizure, supporting declarations, other submissions, and the statements made and exhibits presented at court's May 13, 2003 hearing, the court concludes that the plaintiff has met the four prongs of the test for interim injunctive relief.

First, the plaintiff has demonstrated a substantial likelihood of success on the merits of its false-designation-of-origin and trademark-infringement claims under the Lanham Act. To succeed on the first claim, a plaintiff "generally must show that it has a valid and protectable mark and that the defendant's conduct is likely to cause confusion concerning the source or sponsorship of the goods or services in question." *Register.Com, Inc. v. Domain Registry of Am., Inc.*, 2002 WL 31894625, at *8 (S.D.N.Y. Dec. 20, 2002). In this case, as a federally registered trademark, "Fleetwood Mac" is a valid and protectable mark. Pl.'s Application at 2-3; Weber Decl. ¶ 7. Moreover, the likelihood of confusion is high, as the strength of the Artist's mark is great, the similarity between the Artist's mark and the defendants' marks is great, and the defendants' merchandise is in close proximity to the plaintiff's goods. Pl.'s Application at 3, 6, 8; *see Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961); *see also Basile, S.p.A. v. Basile*, 899 F.2d 35, 37 (D.C. Cir. 1990). The plaintiff therefore has shown a substantial likelihood of success on the merits of its false-designation-of-origin claim.

Because the plaintiff has demonstrated a substantial likelihood of success on its false-designation-of-origin claim, the court only briefly addresses the merits of the plaintiff's trademark-infringement claim. *Cf. Appleseed Found.*, 981 F. Supp. at 676. To succeed on such a claim, the plaintiff must show "(1) that it owns a valid trademark, (2) that the mark is

3

Exhibit 3 to Memorandum

distinctive on its own or that it has acquired a secondary meaning, and (3) that there is a likelihood of confusion." *Appleseed Found.*, 981 F. Supp. at 676.  The facts suggest that, as the exclusive licensee of the "Fleetwood Mac" mark, the plaintiff likely has standing to bring the trademark-infringement claim.  Weber Decl. ¶ 4; *Calvin Klein Jeanswear Co. v. Tunnel Trading*, 2001 WL 1456577, at *4 (S.D.N.Y. Nov. 16, 2001).  By the substantial and continuous use of the trademarks, trade names, logos, likenesses, or images of the Artist in connection with its work as a musical performing artist, the Artist's marks have acquired meanings identified with the Artist and with associated products and services.  *E.g.*, *EMI Catalogue P'ship v. Hill, Holliday, Connors, Cosmopulos Inc.*, 228 F.3d 56, 63 (2d Cir. 2000) (describing the types of artistic expression protected by the Lanham Act).  Finally, as already noted, there is a strong likelihood of confusion among consumers.  *Polaroid Corp.*, 287 F.2d at 495.  Accordingly, the plaintiff has shown a substantial likelihood of success on the merits of both claims, and therefore meets the first prong of the four-part test.

Second, the plaintiff has shown that it would suffer irreparable injury if the injunction is not granted.  "In Lanham Act cases involving trademark infringement, a presumption of irreparable injury is generally applied once the plaintiff has demonstrated a likelihood of confusion, the key element in an infringement case."  *Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 273 (4th Cir. 2002); *Genesee Brewing Co. v. Stroh Brewing Co.*, 124 F.3d 137, 142 (2d Cir. 1997).  Because the plaintiff has demonstrated a likelihood of confusion, it therefore has shown irreparable injury.

Finally, the plaintiff has demonstrated that an injunction would not substantially injure other interested parties, and that the public interest would be furthered by the injunction.  As set forth by the plaintiff, the facts show that any loss to the defendants appears insubstantial, and is

Exhibit 3 to Memorandum

outweighed by the harm to the plaintiff. Pl.'s Application at 9; Second Weber Decl. ¶¶ 6, 12; Ex.

A.; *Corning Glass Works v. Jeannette Glass Co.*, 308 F. Supp. 1321, 1328 (S.D.N.Y. 1970).

Moreover, an injunction against the sale or distribution of the defendants' merchandise would

further the public interest, as "the purpose of the Lanham Act . . . is to secure the public's interest

in protection against deceit as to the sources of its purchases." *Fabrication Enters., Inc. v.

Hygenic Corp.*, 64 F.3d 53, 57 (2d Cir. 1995); *see also Conopco, Inc. v. Campbell Soup Co.*, 95

F.3d 187, 193 (2d Cir. 1996).

Accordingly, it is this 18th day of May, 2003, hereby:

**ORDERED** that the defendants, their agents, servants, employees, attorneys, successors,

and assigns, and all persons, firms, and corporations acting in active concert or participation with

said defendants, are enjoined and restrained from:

    a.    using any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or

        images of the Artist in connection with the sale, offering for sale, distribution,

        and/or advertising of any clothing or other merchandise;

    b.    manufacturing, distributing, selling, and/or holding for sale any clothing or other

        merchandise which carries or otherwise uses any or all of the trademarks,

        servicemarks, tradenames, likenesses, logos, or images of the Artist; or

    c.    aiding, abetting, inducing, or encouraging another to perform any of the acts

        enjoined herein; and it is

**FURTHER ORDERED** that the United States Marshal for this district or any district in

which the plaintiff seeks to enforce this order, the state police, local police, local deputy sheriffs

or off-duty officers of the same are hereby similarly authorized to seize and impound any and all

unauthorized merchandise bearing any or all of the trademarks, servicemarks, likenesses,

Exhibit 3 to Memorandum

tradenames, or tour logos of the Artist "FLEETWOOD MAC," and/or that of its individual

members "LINDSEY BUCKINGHAM," MICK FLEETWOOD," "JOHN MCVIE," and

"STEVIE NICKS," or any colorable imitations or variations thereof, which defendants or their

agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any

of the Artist's concerts from six (6) hours before to four (4) hours after any performance of the

Artist within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Artist shall be

performing or elsewhere where such merchandise is being sold, held for sale or is otherwise

found, including in any carton, container, vehicle, or other means of carriage in which the

merchandise is transported or stored.  All clothing, jewelry, photographs, posters and other

merchandise bearing any or all of the trademarks, servicemarks, likenesses, tradenames, or tour

logos of the Artist, "FLEETWOOD MAC," and/or that of its individual members "LINDSEY

BUCKINGHAM," MICK FLEETWOOD," "JOHN MCVIE," and "STEVIE NICKS," or any

colorable imitations or variations thereof, sold and held for sale in the vicinity of the arenas or

other venues at which the Artist shall be performing, or elsewhere where such merchandise is

being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the

seizure provisions of this order; and it is

     **ORDERED** that service of a copy of this order, together with the summons and

complaint, be made upon defendants by the process servers at the time of the seizure provided

herein is effected and that such service shall be deemed good and sufficient; and it is

     **FURTHER ORDERED** that each and every defendant served with a copy of this order

promptly, courteously and peaceably identify himself or herself to the aforementioned process

server and that the process server or agents for the plaintiff be allowed to photograph, videotape

or otherwise identify the defendant; and it is

Exhibit 3 to Memorandum

**ORDERED** that the process server shall offer a receipt to each person from whom goods are seized; and it is

**FURTHER ORDERED** that any defendant who is hereafter served with a copy of this order who objects to the provisions here in may submit his or her objections for this court or otherwise move for relief from this court within thirty (30) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this order or stay the terms hereof unless otherwise ordered by this court; and it is

**ORDERED** that during the pendency of the preliminary injunction all unauthorized items heretofore or hereafter seized in this action be delivered up to the plaintiff, who shall be deemed substitute custodian, pending final disposition of this matter; and it is

**FURTHER ORDERED** that the bond in the amount of Ten Thousand Dollars ($10,000) heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is hereby continued until final disposition of this matter; and it is

**ORDERED** that the plaintiff shall submit regular status reports to the court, with the first report due by September 15, 2003; the second report due by January 15, 2004; and the third report (if necessary) due by May 15, 2004.

**IT IS SO ORDERED**.


RICARDO M. URBINA
United States District Judge


7

Exhibit 3 to Memorandum

RECEIVED
CHARLOTTE, N.C.

FEB - 9 2001

Clerk, U. S. Dist. Court
W. Dist of N. C.

FILED
CHARLOTTE, N.C.

FEB -9 AM 9: 51

U.S. DISTRICT COURT
W. DIST. OF N.C.

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| GIANT MERCHANDISING, a California partnership, )<br><br>Plaintiff, )<br><br>vs. )<br><br>JOHN DOES 1-100, individuals, )<br>JANE DOES 1-100, individuals, )<br>and XYZ COMPANY, business )<br>entity form unknown, inclusive, )<br><br>Defendants. ) | CIVIL ACTION NO. 3:01 CV 37-V |

**[PROPOSED] PRELIMINARY INJUNCTION AND ORDER OF SEIZURE**

Plaintiff Giant Merchandising ("Giant") having moved for a preliminary injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise bearing the federally registered trademarks, servicemarks, tradenames, logos, likenesses or images of the musical group known as the **BACKSTREET BOYS**, comprised of the following members, **NICK CARTER, HOWIE DOROUGH, BRIAN LITTRELL, A.J. MCLEAN** and **KEVIN RICHARDSON** (collectively, the "Artists") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the artists' concerts which have previously occurred; and Giant's application having come on for a hearing before the Honorable Judge Richard L. Vorhees on the 9th day of February, 2001, at the United States Courthouse in the Western District of North Carolina, Charlotte Division, and Giant having appeared by its attorney, Cara R. Burns, and there having been no other appearances;

C:\WPDOCS\GIANT\BSB\PIORDER.WPD

Exhibit 3 to Memorandum

Now, on presentation and consideration of Giant's application for a preliminary injunction and order of seizure, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1.     By reason of the substantial and continuous use of the trademarks, tradenames, logos, likenesses or images of the Artists in connection with their work as musical performers, said marks have acquired meanings identified with the Artists and with products and services associated with them;

2.     The served defendants, and those in active concert or participation with such defendants, have infringed upon Giant's rights in the Artists' trademarks, servicemarks, tradenames, likenesses, logos, or images owned and/or controlled by Giant, and have as well committed acts of unfair competition against Giant herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the trademarks, servicemarks, names, likenesses, logos, and tradenames of the Artists at or near the sites of the Artists' concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.     The acts of the defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they:

        A.     involve goods or services,

        B.     are activities which affect interstate commerce, and

        C.     bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Giant and/or the Artists with respect to such goods;

4.     Defendants, and those in active concern or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

C:\WPDOCS\GIANT\BSB\PIORDER.WPD                    2

Exhibit 3 to Memorandum

5.     Copies of this Court's January 19, 2001 Order to Show Cause on Application for: Temporary Restraining Order; Order of Seizure; and Order to Show Cause re: Preliminary Injunction and Complaint filed in support of Giant's application in this case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED,** that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)     Using any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artists, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)     Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artists; or

©     Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED,** that the United States Marshal for this district or for any district in which Giant seeks to enforce this Order, the state police, local police, local deputy sheriffs or off-duty officers of the same, Thomas Donnell and any person acting under their supervision (collectively "Process Servers") are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artists, or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Artists'

C:\WPDOCS\GIANT\BSB\PIORDER.WPD                  3

concerts from ten (6) hours before to six (6) hours after any performance of the Artists within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Artists shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored.  All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artists, or any colorable imitations or variations thereof, sold and held for sale in the, vicinity of the arenas or other venues at which the Artists shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

      **IT IS FURTHER ORDERED,** that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient.

      **IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Giant be allowed to photograph, videotape or otherwise identify the defendant.

      **IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

      **IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions here in may submit his or her objections for this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

C:\WPDOCS\GIANT\BSB\PIORDER.WPD        4

Exhibit 3 to Memorandum

**IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Giant or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond in the amount of Ten Thousand Dollars ($10,000) heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined is hereby continued until final disposition of this matter.

Dated: February **7**, 2001

at: **7:35** .m.

THE HONORABLE RICHARD L. VORHEES
United States District Judge

Presented by:
GIANT MERCHANDISING
By Its Attorneys

CARA R. BURNS, ESQ.
12100 Wilshire Boulevard, Suite 350
Los Angeles, California 90025
Telephone:  (310) 428-6796
Facsimile:   (310) 444-9454

C:\WPDOCS\GIANT\BSB\PIORDER.WPD                    5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

Filed _____ 5-4-00

Clerk, U. S. District Court
Western District of Texas

By_____ Deputy

GIANT MERCHANDISING

    Plaintiff,

    vs.

JOHN DOES 1-100, individuals, JANE DOES
1-100, individuals, and XYZ COMPANY, business
entity form unknown, inclusive,

    Defendants.

§
§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO. A-00CA-270-JN

## PRELIMINARY INJUNCTION AND ORDER OF SEIZURE

      Plaintiff Giant Merchandising ("Plaintiff") having moved for a preliminary

injunction enjoining and restraining the defendants from manufacturing, selling or distributing

merchandise bearing the federally registered trademarks, servicemarks, tradenames, logos,

likenesses or images of the musical group known as the **"RED HOT CHILI PEPPERS,"** (the

"Artist") and ordering the seizure and impounding of such articles; and service having been effected

upon certain defendants at the Artist's concerts which have previously occurred; and Plaintiff's

application having come on for a hearing before the Honorable Judge James Nowlin on the 4th day

of May, 2000, at the United States Courthouse in the Western District of Texas, Austin, and

Plaintiff having appeared by its attorneys, and there having been no other appearances;

/ / /

/ / /

C:\WORK\rhcposc.ord\

14

Exhibit 3 to Memorandum

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and order of seizure, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1.     By reason of the substantial and continuous use of the trademarks, tradenames, logos, likenesses or images of the Artist in connection with her work as a musical performer, said marks have acquired meanings identified with the Artist and with products and services associated with her;

2.     The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Artist's trademarks, servicemarks, tradenames, likenesses, logos, or images owned and/or controlled by Plaintiff, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the federally registered trademarks, servicemarks, names, likenesses, logos, and tradenames of the Artist at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.     The acts of the defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they:

    a)     make unauthorized use of a federally registered trademark; and/or

    b)     1)     involve goods or services,

            2)     are activities which affect interstate commerce, and

            3)     bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Artist with respect to such goods;

4.     Defendants, and those in active concern or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

Exhibit 3 to Memorandum

5.      Copies of this Court's March 29, 2000 Order to Show Cause on Motion for: Temporary Restraining Order; Order of Seizure; and Preliminary Injunction, and Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

NOW, THEREFORE, IT IS HEREBY

ORDERED that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

1)      Using any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artist, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

2)      Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artist; or

3)      Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

IT IS FURTHER ORDERED that the United States Marshal for this district or for any district in which Plaintiff seeks to enforce this Order, the state police, local police, local deputy sheriffs or off-duty officers of the same, Thomas Donnell, John Carruthers and any person acting under their supervision (collectively "Process Servers") are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artist, or any colorable imitations or variations thereof, which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Artist's concerts from ten (10) hours before to six (6) hours after any performance of the Artist within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Artist shall be performing or elsewhere where such merchandise is being sold, held for

Exhibit 3 to Memorandum

sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artist, or any colorable imitations or variations thereof, sold and held for sale in the, vicinity of the arenas or other venues at which the Artist shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

IT IS FURTHER ORDERED that service of a copy of this Order, together with the summons and complaint, be made upon defendants by the Process Servers, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient.

IT IS FURTHER ORDERED that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

IT IS FURTHER ORDERED that the Process Server shall offer a receipt to each person from whom goods are seized.

IT IS FURTHER ORDERED that any Defendant who is hereafter served with a copy of this Order who objects to the provisions here in may submit his or her objections for this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

IT IS FURTHER ORDERED that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

Exhibit 3 to Memorandum

IT IS FURTHER ORDERED that the bond in the amount of Five Thousand Dollars ($5,000) heretofore deposited with the Clerk of this Court on May 3, 2000 to secure payment of costs incurred in enforcing the provisions of this order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is hereby continued until final disposition of this matter.

IT IS SO ORDERED.

Dated: May 4, 2000
At: 2:15 p.m.

_____
THE HONORABLE JAMES NOWLIN
UNITED STATES DISTRICT JUDGE

Presented by:

JACKSON WALKER, L.L.P.
100 Congress Avenue, Suite 1100
Austin, Texas 78701-4099
(512) 236-2000
(512) 236-2002 (Facsimile)

By: _____
LAWRENCE A. WAKS
State Bar No. 20670700

GRADSTEIN LUSKIN & VAN DALSEM, P.C.
12100 Wilshire Blvd, Suite 350
Los Angeles, California 90025
(310) 571-1700
(310) 571-1717 (Facsimile)

By: _____
CARA R. BURNS
California State Bar No. 137557
Admitted Pro Hac

ATTORNEYS FOR PLAINTIFF

Exhibit 3 to Memorandum