**EXHIBIT 2**

Attached hereto are examples of ex parte TRO's and/or nationwide preliminary injunctions and seizure orders that WWE has received from district courts throughout the United States:

1.      World Wrestling Entertainment, Inc. v. Gibbs, et al, No. 17-00504 (M.D. Fla. 2017);

2.      World Wrestling Entertainment, Inc. v. John Does 1-100, No. 16-790 (N.D. Tex. 2016);

3.      World Wrestling Entertainment, Inc. v. John Does 1-100, No. 15-01263 (N.D. Cal. 2015);

4.      World Wrestling Entertainment, Inc. v. John Does 1-100, No. 13-01918 (D.N.J. 2013);

5.      World Wrestling Entertainment, Inc. v. John Does 1-100, No. 12-21018 (S.D. Fla. 2012);

6.      World Wrestling Entertainment, Inc. v. John Does 1-100, No. 11-0948 (N.D. Ga. 2011);

7.      World Wrestling Entertainment, Inc. v. John Does 1-100, No. 09-958 (S.D. Tex. 2009);

8.      World Wrestling Entertainment, Inc. v. John Does 1-100, No. 08-418 (M.D. Fla. 2008);

9.      World Wrestling Entertainment, Inc. v. John Does 1-100, No. 04-1897 (S.D.N.Y. 2004);

10.      World Wrestling Entertainment, Inc. v. John Does 1-100, No. 02-2255 (E.D.N.Y. 2002);

11.      World Wrestling Entertainment, Inc. v. John Does 1-100, No. 01-10564 (D. Mass 2001); and

12.      World Wrestling Entertainment, Inc. v. John Does 1-100, No. 00-2790 (S.D.N.Y. 2000).

Exhibit 2 to Memorandum

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

WORLD WRESTLING
ENTERTAINMENT, INC.,

               Plaintiff,

v.                                    Case No:  6:17-cv-504-Orl-40GJK

DEGESREE ROOPNARINE GIBBS,
MARY NADINE MODARELLI, STEVE
EDWARD WRIGHT, DONALD
THOMAS SIMON, JOHN AND JANE
DOES 1-100, And XYZ
CORPORATIONS 1-100,

               Defendants.
_____/

**PRELIMINARY INJUNCTION AND ORDER OF SEIZURE OF COUNTERFEIT**
**GOODS**

       Plaintiff World Wrestling Entertainment, Inc. ("WWE") having moved by Order to

Show Cause for an injunction enjoining and restraining defendants, and those acting in

concert with them, from manufacturing, selling and/or distributing merchandise that bear

any mark, word, or name identical or confusingly similar to any of the WWE trademarks

and service marks set forth in Exhibits 1 and 2 hereto or the names or likenesses of any

of WWE's current wrestlers (collectively, the "WWE Marks"), and service of the summons

and complaint having been effected upon four individuals; and WWE's application for a

preliminary injunction and order of seizure having come for a hearing before the

Honorable Paul G. Byron, United States District Judge, on **Thursday, April 6, 2017, at**

**1:00 p.m.** in Courtroom #4B, George C. Young United States Courthouse Annex, 401 W.

Exhibit 2 to Memorandum

Central Boulevard, Orlando, Florida, and defendants having been notified of said hearing, and WWE having appeared by its counsel, and there having been no other appearances,

NOW, on presentation and consideration of Plaintiff's Verified Complaint, the *Ex Parte* Motion For Temporary Restraining Order, Order for Seizure of Counterfeit Marked Goods and Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "Motion"), the Memorandum and Declaration in support of the Motion, and all other pleadings and proceedings presented to the Court, and good cause having been shown, the Court makes the following findings of fact and conclusions of law:

1.      Plaintiff World Wrestling Entertainment, Inc. ("WWE"), exclusively owns or controls the numerous trademarks and service marks associated with its wrestling entertainment business, including, but not limited to, the marks set forth in Exhibits 1 and 2 hereto, (collectively, the "WWE Marks"). WWE has the exclusive right to use and license others to use the WWE Marks on goods and to use the WWE Marks in connection with rendering services. WWE also exclusively owns or controls all right, title and interest in the names, likenesses and rights of publicity for its current wrestlers. The WWE Marks are distinctive and are widely recognized by the public. Goods that bear any mark, word, or name identical or confusingly similar to any of the WWE Marks or the names or likenesses of any of WWE's current wrestlers shall be known herein as the "Counterfeit Merchandise." All of the WWE Marks are either currently pending or registered with the United States Patent and Trademark Office; Defendants' manufacturing, selling, offering for sale, distributing, or offering to distribute the Counterfeit Merchandise is likely to result in immediate and irreparable injury to WWE if the seizure of the Counterfeit Merchandise is not ordered;

Exhibit 2 to Memorandum

2.      Defendants, Degesree Roopanarine Gibbs, Mary Nadine Modarelli, Steve Edward Wright, and Donald Thomas Simon (hereinafter, the "Named Defendants") are not licensed by WWE to use the registered WWE Marks;

3.      The Named Defendants have infringed the registered WWE Marks and have engaged in, and are likely to continue to engage in, unfair competition against WWE by manufacturing, distributing, offering for sale, and/or selling, within the United States, the Counterfeit Merchandise on the premises or within a five-mile radius of the venues where WWE events shall occur, including those events set forth in Exhibit 3 hereto;

4.      The Counterfeit Merchandise and other materials subject to this Order were located on the premises or within a five-mile radius of the venues where WWE's WrestleMania® 33 Weekend Events occurred in Orlando from March 30 through April 4, 2017, and will be located on the premises or within a five-mile radius of halls, arenas, stadiums, or other venues where other WWE events shall be occurring during the nationwide series of live events as reflected on Exhibit 3 hereto;

5.      The Court further finds: (a) WWE is likely to succeed in showing that the Named Defendants have used counterfeit or infringing marks in connection with the sale, offering for sale, or distribution of goods or services; (b) WWE will suffer immediate and irreparable injury and will have no adequate remedy at law if this Court declines to grant a preliminary injunction and order of seizure; (c) the harm to WWE should this Court not grant the preliminary injunction and order of seizure clearly outweighs any harm which the Named Defendants might incur if the preliminary injunction and order of seizure is granted; and (d) the public interest is served with the issuance of the preliminary injunction and order of seizure;

Exhibit 2 to Memorandum

6.       The Court has the authority under 15 U.S.C. § 1116(a), to enjoin trademark infringement under 15 U.S.C. §§ 1114 and 1125(a); to grant a seizure order for goods that bear counterfeits of trademarks and service marks under 15 U.S.C. § 1116 (a) and (d); and to grant under the All Writs Act, 28 U.S.C. § 1651, a seizure order for goods that are infringing but are not counterfeits within the meaning of 15 U.S.C. § 1116(d). The Court finds that no order other than the requested preliminary injunction and order of seizure would adequately achieve the objectives of the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1125

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1.       The Named Defendants—Degesree Roopanarine Gibbs, Mary Nadine Modarelli, Steve Edward Wright, and Donald Thomas Simon—along with their partners, associates, agents, servants, employees, representatives, and assigns, and all others under their control or in active concert or participation with them, and all other persons and entities having actual knowledge hereof be, and the same hereby are, **ENJOINED and RESTRAINED** from:

> (a)     Manufacturing, assembling, selling, offering for sale, distributing, or offering to distribute any merchandise which has not been authorized by Plaintiff and which bears any of the Federal Trademarks listed in Exhibits 1 and 2;
>
> (b)     Representing by any method whatsoever that the Counterfeit Merchandise was sponsored, manufactured, sold, or licensed by Plaintiff and otherwise taking any action likely to cause confusion, mistake, or deception on the part of the public as to the origin of the Counterfeit Merchandise.

2.       Any duly sworn law enforcement officer of any federal, state, county, or local law enforcement agency, and any person acting under their supervision (collectively "Enforcement Officials") are hereby **AUTHORIZED** and **DIRECTED** to seize and maintain

Exhibit 2 to Memorandum

in their custody and control any and all Counterfeit Merchandise and counterfeit marks, and the means of making them, and records documenting the manufacture, sale, or receipt of things relating thereto, in the possession, dominion, or control of the Named Defendants, their agents, or persons acting in concert or participation with them, including all such Counterfeit Merchandise and counterfeit marks located in or on any containers, vessels, or motor vehicles. All seized items shall be delivered up to the care and custody of Plaintiff or Plaintiff's attorney. The seized goods shall be kept in identifiable containers. If the Named Defendants from whom such merchandise is seized do not move for relief in accordance with this Order within thirty (30) days of said seizure, said merchandise shall be delivered up to Plaintiff for destruction or other disposition upon final resolution of this matter.

3.    The Enforcement Officials acting hereunder are authorized to carry out the foregoing on the premises or within a five-mile radius of the venues where WWE's live events shall occur, including as set forth in Exhibit 3, from twenty-four (24) hours before any such event begins to twenty-four (24) hours following the completion of said event.

4.    The Named Defendants shall cooperate with the Enforcement Officials executing such seizure hereunder, shall provide the items sought to be seized wherever such items are maintained and shall provide their correct names, residential and business addresses and telephone numbers.

5.    Simultaneously with any seizure made pursuant to this Order, or as soon thereafter as is practical under the circumstances, each the Named Defendant shall be served with a copy of this Order together with the Complaint in this action, by the United

Exhibit 2 to Memorandum

States Marshal, state or local police, local deputy sheriffs, or by any person over the age of 18 years who is not a party to this action.

6.      Any of the Named Defendants who is hereafter served with a copy of this Order and objects to the provisions hereof may submit his or her objections to the Court or otherwise move for relief from the Court according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

7.      The Injunction Bond posted by WWE on March 30, 2017, in the amount of $10,000 shall remain in full force and effect throughout the duration of this Order.

8.      This Order shall expire twenty-four (24) hours after the March 27, 2018 WWE live event listed on Exhibit 3 hereto.

**IT IS FURTHER ORDERED** that within one month of the expiration of this Order, WWE shall file any necessary motions and/or request for a Final Hearing in this Action.


**DONE AND ORDERED** in Orlando, Florida, on April 7, 2017.


PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

Exhibit 2 to Memorandum

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC., <br><br> Plaintiff <br><br><br> JOHN AND JANE DOES 1-100, And XYZ CORPORATIONS 1-100, <br><br> Defendants. | CIVIL ACTION NO. 3:16-CV-0790-D |

## <u>TEMPORARY RESTRAINING ORDER</u>
## <u>AND SEIZURE ORDER</u>

Plaintiff World Wrestling Entertainment, Inc.'s ("WWE's") March 21, 2016 *ex parte*

motion for temporary restraining order, order for seizure of counterfeit marked goods, and order

to show cause why a preliminary injunction should not issue is granted as follows.

I

The court makes the following findings.

WWE exclusively owns or controls numerous trademarks and service marks associated

with its wrestling entertainment business, including, but not limited to, the marks set forth in

Exhibits 1 and 2 to this order (collectively, the "WWE Marks"). WWE has the exclusive right to

use and license others to use the WWE Marks on goods and to use the WWE Marks in connection

with rendering services. WWE also exclusively owns or controls all right, title, and interest in the

names, likenesses, and rights of publicity for its current wrestlers. The WWE Marks are distinctive

and are widely recognized by the public. Goods that bear any mark, word, or name identical or

confusingly similar to any of the WWE Marks, or the names or likenesses of any of WWE's current

wrestlers, are referred to in this order as the "Enjoined Goods." All of the WWE Marks listed in

Exhibit 2 to Memorandum

Exhibit 1 are either currently pending or registered with the United States Patent and Trademark Office.

Defendants, who are not licensed or authorized by WWE to use the WWE Marks, and those acting in concert or participation with them, are or will be present on the premises or within a five-mile radius of the venues where WWE's live events are occurring beginning on March 31, 2016 and ending March 27, 2017, including, but not limited to, the Kay Bailey Hutchison Convention Center, the American Airlines Center, and AT&T Stadium, which are the locations in Dallas and Arlington, Texas where WWE's Wrestlemania® 32 Weekend Events are occurring from March 31 through April 4, 2016, for the purpose of manufacturing, distributing, offering for sale, and selling Enjoined Goods. Defendants, and those acting in concert or participation with them, will continue to infringe the WWE Marks and to commit unfair competition against WWE by manufacturing, distributing, offering for sale, and selling Enjoined Goods, on the premises or within a five-mile radius of halls, arenas, stadiums, or other venues where WWE live events are occurring, including those events listed on the schedule set forth in Exhibit 3 to this order.

The Enjoined Goods and other materials subject to this order will be located on the premises or within a five-mile radius of the venues where WWE's Wrestlemania® 32 Weekend Events are occurring in Dallas and Arlington from March 31 through April 4, 2016, including, but not limited to, the Kay Bailey Hutchison Convention Center, the American Airlines Center, and AT&T Stadium, as well as on the premises or within a five-mile radius of halls, arenas, stadiums, or other venues where other WWE events are occurring during the nationwide series of live events, including but not limited to those indicated in Exhibit 3 to this order.

The Enjoined Goods are goods bearing "counterfeit marks" within the meaning of 15 U.S.C. § 1116(d). The distribution, sale, or offering the sale of the Enjoined Goods will cause

Exhibit 2 to Memorandum

confusion or mistake or be likely to deceive, and will constitute trademark infringement under 15 U.S.C. § 1114 and will constitute false designation of origin under 15 U.S.C. § 1125(a).

WWE is likely to succeed in showing that defendants have used counterfeit or infringing marks in connection with the sale, offering for sale, or distribution of goods or services; WWE is likely to suffer immediate and irreparable injury and will have no adequate remedy at law if this court declines to grant an *ex parte* seizure order; the harm to WWE if the court does not grant the requested seizure order clearly outweighs any harm that defendants might incur if the seizure order is granted; WWE has not publicized the requested seizure; WWE has given reasonable notice of this application to the United States Attorney for this district; and WWE has otherwise complied with all statutory requirements for the issuance of an *ex parte* seizure order.

The court has the authority under 15 U.S.C. § 1116(a) to enjoin trademark infringement under 15 U.S.C. §§ 1114 and 1125(a); to grant, *ex parte*, a seizure order for goods that bear counterfeits of trademarks and service marks under 15 U.S.C. § 1116(d); to grant, *ex parte*, under the All Writs Act, 28 U.S.C. § 1651, a seizure order for goods that are infringing but are not counterfeits within the meaning of 15 U.S.C. § 1116(d); and no order other than an *ex parte* seizure order would adequately achieve the objectives of the Lanham Act, 15 U.S.C. §§ 1114, 1116, and 1125(a).

Notice of this order need not be given to defendants because: (a) the identities and whereabouts of defendants are currently unknown; (b) defendants have no business identity or stable place of business before or after WWE's wrestling events and cannot be identified; and (c) defendants who can be located and identified likely will cause the immediate concealment or destruction of the Enjoined Goods or removal of the Enjoined Goods outside the access of this court.

Exhibit 2 to Memorandum

II

The court will schedule WWE's application for a preliminary injunction for adjudication by separate order.

III

Effective at 12:01 a.m. on March 30, 2016 (the "Effective Date" of this order), and pending a hearing and determination of WWE's application, or the expiration of 7 days from the Effective Date of this Order, unless extended by the court, whichever shall first occur:

1.    Defendants, various John and Jane Does, and various XYZ Corporations, together with their partners, associates, agents, servants, employees, representatives, and assigns, and all others under their control or in active concert or participation with them, and all other persons and entities having actual knowledge hereof be, and the same hereby are, temporarily restrained from:

> (a)    manufacturing, assembling, selling, offering for sale, holding for sale, distributing, or offering to distribute any Enjoined Goods that have not been authorized by WWE and that bear any of the trademarks and service marks of WWE, including, but not limited to, those set forth in Exhibits 1 and 2 to this order, or any marks confusingly similar thereto, including, but not limited to, WORLD WRESTLING ENTERTAINMENT®, WWE®, WRESTLEMANIA®, and the WWE® logos; and
>
> (b)    representing by any method whatsoever that the Enjoined Goods were sponsored, manufactured, sold, or licensed by WWE, and otherwise taking any action likely to cause confusion, mistake, or deception on the part of the public as to the origin of the Enjoined Goods.

2.    Any federal, state, or local law enforcement officers (collectively "Enforcement Officials") are hereby authorized and directed to seize and maintain in their custody and control any and all Enjoined Goods and counterfeit marks, and the means of making them, and records documenting the manufacture, sale, or receipt of things relating thereto, in the possession, dominion, or control of defendants, their agents or persons acting in concert or participation with them, including all such Enjoined Goods and counterfeit marks located in or on any containers,

4

Exhibit 2 to Memorandum

vessels, or motor vehicles. All seized items shall be delivered up to the care and custody of plaintiff or plaintiff's attorneys pending further court order. The seized goods shall be kept in identifiable containers.

3. The Enforcement Officials acting under this order are authorized to carry out the foregoing on the premises or within a five-mile radius of the venues where WWE's Wrestlemania® 32 Weekend Events are occurring in Dallas and Arlington, Texas from March 31 through April 4, 2016, including, but not limited to, the Kay Hutchison Convention Center, the American Airlines Center, and AT&T Stadium, from 24 hours before any such event begins to 24 hours following the completion of the event.

4. Defendants shall cooperate with the Enforcement Officials executing such seizure under this order, shall provide the items sought to be seized wherever such items are maintained, and shall provide their correct names, residential and business addresses, and telephone numbers.

IV

This order is conditioned on WWE's filing with the clerk of court an undertaking, in the form of a cash bond, corporate security bond, or other form approved by clerk of court, in the amount of $10,000 to secure the payment of such costs and damages, not to exceed such sum, as may be incurred or suffered by any party who is found to have been wrongfully restrained.

Simultaneously with any seizure made pursuant to this order, or as soon thereafter as is practical under the circumstances, each defendant shall be served with a copy of this Order together with the summons and the verified complaint in this action, by an Enforcement Official.

Exhibit 2 to Memorandum

Pursuant to 15 U.S.C. § 1116(d)(8), this order, along with the supporting verified complaint and other supporting documents, shall be filed under seal and shall remain sealed until defendants have an opportunity contest this order.

**SO ORDERED**.

Signed on March 22, 2016 at 1:35 p.m.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

6

Exhibit 2 to Memorandum

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC, | Case No. 15-cv-01263-VC *SEALED* |
| Plaintiff, | |
| v. | **TEMPORARY RESTRAINING ORDER; ORDER FOR SEIZURE OF COUNTERFEIT MARKED GOODS; AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |
| JOHN AND JANE DOES, et al., | |
| Defendants. | |
| | Re: Docket No. 6 |

Based upon the Verified Complaint, the <u>Ex Parte</u> Motion For Temporary Restraining Order, Order for Seizure of Counterfeit Marked Goods and Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "Motion"), the Memorandum and Declaration in support of the Motion, and all other pleadings and proceedings presented to the Court, and good cause having been shown, the Court issues this temporary restraining order, order for seizure, and order to show cause why a preliminary injunction should not issue.

The Court will hold a hearing on **April 7, 2015 at 10:00 a.m.** at 450 Golden Gate Ave., San Francisco, CA 94102 in Courtroom 4, about whether WWE should receive a preliminary injunction enjoining Defendants, and all those acting in concert with them, from manufacturing, distributing, offering for sale, or selling counterfeit goods. At this hearing, the Defendants may raise any objection concerning any seizure made pursuant to this Order.

The Court makes the following findings:

Exhibit 2 to Memorandum

United States District Court
Northern District of California

**IT APPEARING TO THE COURT** that Plaintiff World Wrestling Entertainment, Inc. ("WWE"), exclusively owns or controls the numerous trademarks and service marks associated with its wrestling entertainment business, including, but not limited to, the marks set forth in Exhibits 1 and 2 hereto, (collectively, the "WWE Marks"). WWE has the exclusive right to use and license others to use the WWE Marks on goods and to use the WWE Marks in connection with rendering services. WWE also exclusively owns or controls all right, title and interest in the names, likenesses and rights of publicity for its current wrestlers. The WWE Marks are distinctive and are widely recognized by the public. Goods that bear any mark, word, or name identical or confusingly similar to any of the WWE Marks or the names or likenesses of any of WWE's current wrestlers shall be known herein as the "Enjoined Goods." All of the WWE Marks listed in Exhibit 1 are either currently pending or registered with the United States Patent and Trademark Office;

**AND IT APPEARING TO THE COURT** that Defendants, who are not licensed or authorized by WWE to use the WWE Marks, and those acting in concert or participation with them, are or will be present on the premises or within a five-mile radius of the venues where WWE's live events shall be occurring beginning on March 26, 2015 and ending March 28, 2016, including, but not limited to, the San Jose Convention Center, San Jose University, Camera 12 Theater, Levi's Stadium and the SAP Center, which are the locations in Santa Clara and San Jose, California where WWE's Wrestlemania® 31 Weekend Events shall be occurring from March 26 through March 30, 2015, for the purpose of manufacturing, distributing, offering for sale, and selling Enjoined Goods. It appears to this Court that Defendants, and those acting in concert or participation with them, will continue to infringe the WWE Marks and to commit unfair competition against WWE by manufacturing, distributing, offering for sale and selling Enjoined Goods, on the premises or within a five-mile radius of halls, arenas, stadiums, or other venues where WWE live events shall occur, including those events listed on the schedule set forth in

2

Exhibit 2 to Memorandum

Exhibit 3 hereto;

**AND IT APPEARING TO THE COURT** that the Enjoined Goods and other materials subject to this Order will be located on the premises or within a five-mile radius of the venues where WWE's Wrestlemania® 31 Weekend Events shall be occurring in Santa Clara and San Jose from March 26 through March 30, 2015, including, but not limited to, the San Jose Convention Center, San Jose University, Camera 12 Theater, Levi's Stadium and the SAP Center, as well as on the premises or within a five-mile radius of halls, arenas, stadiums, or other venues where other WWE events shall be occurring during the nationwide series of live events, including but not limited to those indicated in Exhibit 3 hereto;

**AND IT APPEARING TO THE COURT** that the Enjoined Goods are goods bearing "counterfeit marks" within the meaning of 15 U.S.C. § 1116(d). The distribution, sale or offering the sale of the Enjoined Goods would cause confusion or mistake or be likely to deceive and would constitute trademark infringement under 15 U.S.C. § 1114 and would constitute false designation of origin under 15 U.S.C. § 1125(a);

**AND IT APPEARING TO THE COURT** that: (a) WWE is likely to succeed in showing that Defendants have used counterfeit or infringing marks in connection with the sale, offering for sale or distribution of goods or services; (b) WWE will suffer immediate and irreparable injury and will have no adequate remedy at law if this Court declines to grant an ex parte Seizure Order; (c) the harm to WWE should this Court not grant the requested Seizure Order clearly outweighs any harm which the Defendants might incur if the Seizure Order is granted; (d) WWE has not publicized the requested seizure; (e) WWE has given reasonable notice of this Application to the United States Attorney for this District; and (f) WWE has otherwise complied with all statutory requirements for the issuance of an ex parte Seizure Order;

**AND IT APPEARING TO THE COURT** that: (a) it has the authority under 15 U.S.C. § 1116(a), to enjoin trademark infringement under 15 U.S.C. §§ 1114 and 1125(a); to grant, ex

3

Exhibit 2 to Memorandum

United States District Court
Northern District of California

parte, a seizure order for goods that bear counterfeits of trademarks and service marks under 15 U.S.C. § 1116(d); to grant, ex parte, under the All Writs Act, 28 U.S.C. § 1651, a seizure order for goods that are infringing but are not counterfeits within the meaning of 15 U.S.C. § 1116(d); and (b) no order other than an ex parte seizure order would adequately achieve the objectives of the Lanham Act, 15 U.S.C. §§ 1114, 1116 and 1125(a);

**AND IT APPEARING TO THE COURT** that notice of this Order need not be given to Defendants because: (a) the identities and whereabouts of Defendants are currently unknown; (b) Defendants have no business identity or stable place of business before or after WWE's wrestling events and cannot be identified; and (c) Defendants who can be located and identified likely will cause the immediate concealment or destruction of the Enjoined Goods or removal of the Enjoined Goods outside the access of this Court;

**IT IS HEREBY ORDERED** that Defendants, various John Does, Jane Does and XYZ Companies, their true identities being unknown, show cause before this Court, at 450 Golden Gate Ave., San Francisco, CA 94102 in Courtroom 4, on April 7, 2015, at 10:00 a.m., why an order should not be entered granting Plaintiff a preliminary injunction enjoining Defendants, and all those acting in concert with them, from manufacturing, distributing, offering for sale, or selling the Enjoined Goods and/or raise any objection concerning any seizure effected pursuant to this Order; and

**IT IS FURTHER ORDERED** that, effective at 12:01 a.m. on March 25, 2015 (the "Effective Date" of this Order), and pending a hearing and determination of this application, or the expiration of seven (7) days from the Effective Date of this Order, unless extended by the Court, whichever shall first occur:

1. The Defendants, various John and Jane Does and various XYZ Corporations, along with their partners, associates, agents, servants, employees, representatives, and assigns, and all others under their control or in active concert or participation with them, and all other persons and

4

Exhibit 2 to Memorandum

entities having actual knowledge hereof be, and the same hereby are, temporarily ENJOINED and RESTRAINED from:

    (a)    manufacturing, assembling, selling, offering for sale, holding for sale, distributing, or offering to distribute any Enjoined Goods which have not been authorized by Plaintiff and which bear any of the trademarks and service marks of Plaintiff, including but not limited to those set forth in Exhibits 1 and 2 hereto, or any marks confusingly similar thereto, including, but not limited to, WORLD WRESTLING ENTERTAINMENT®, WWE®, WRESTLEMANIA®, and the WWE® logos.

    (b)    representing by any method whatsoever that the Enjoined Goods were sponsored, manufactured, sold or licensed by WWE and otherwise taking any action likely to cause confusion, mistake or deception on the part of the public as to the origin of the Enjoined Goods.

2.    Any on-duty federal, state, or local law enforcement officers are hereby authorized to seize and maintain in their custody and control any and all Enjoined Goods and counterfeit marks, and the means of making them, and records documenting the manufacture, sale or receipt of things relating thereto, in the possession, dominion or control of Defendants, their agents or persons acting in concert or participation with them, including all such Enjoined Goods and counterfeit marks located in or on any containers, vessels, or motor vehicles.  All seized items shall be delivered up to the care and custody of Plaintiff or Plaintiff's attorneys pending further instructions from the Court.  The seized goods shall be kept in identifiable containers.

3.    The law enforcement officers acting hereunder are authorized to carry out the foregoing on the premises or within a five-mile radius of the venues where WWE's Wrestlemania® 31 Weekend Events shall be occurring in Santa Clara and San Jose, California from March 26 through March 30, 2015, including, but not limited to, the San Jose Convention Center, San Jose University, Camera 12 Theater, Levi's Stadium and the SAP Center, from twenty-four (24) hours before any such event begins to twenty-four (24) hours following the completion of said event.

4.    Defendants shall cooperate with the law enforcement officers executing such

United States District Court
Northern District of California

5

Exhibit 2 to Memorandum

seizure hereunder, shall provide the items sought to be seized wherever such items are maintained and shall provide their correct names, residential and business addresses and telephone numbers.

**IT IS FURTHER ORDERED** that this order is conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking, in the form of a cash bond, corporate security bond or other form approved by the Court, in the amount of $10,000 to secure the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained hereby; and

**IT IS FURTHER ORDERED** that simultaneously with any seizure made pursuant to this Order, or as soon thereafter as is practical under the circumstances, each Defendant shall be served with a copy of this Order together with the Summons and the Verified Complaint in this action, by a law enforcement officer or by any person over the age of 18 years who is not a party to this action; and

**IT IS FURTHER ORDERED** that, pursuant to 15 U.S.C. § 1116(d)(8), this Order, along with the supporting Verified Complaint and other supporting documents, shall be filed under seal and shall remain sealed until the Defendants have an opportunity contest this Order.

**IT IS SO ORDERED.**

Dated: March 24, 2015

_____

VINCE CHHABRIA
United States District Judge

Exhibit 2 to Memorandum

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WORLD WRESTLING
ENTERTAINMENT, INC,

          Plaintiff,

     v.

DOMINIC ANGEL RODRIGUEZ, et al.,

          Defendants.

Case No.  15-cv-01263-VC

**PRELIMINARY INJUNCTION AND
ORDER OF SEIZURE**

     **THIS MATTER** is before the Court on Plaintiff's March 18, 2015 Verified Complaint and Ex Parte Motion For Temporary Restraining Order, Order for Seizure of Counterfeit Marked Goods and Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "Motion"). This Court held a hearing on Plaintiff's Motion on March 23, 2015, issued a Temporary Restraining Order and Order of Seizure enjoining and restraining Defendants from manufacturing, assembling, selling, offering for sale, distributing, offering to distribute or holding for sale any merchandise which has not been authorized by Plaintiff, World Wrestling Entertainment, Inc. ("WWE") and which bears any mark, word or name identical or confusingly similar to any trademarks or service marks owned by WWE, and ordering the seizure of such goods bearing counterfeit marks sold in the vicinity of any venue where WWE's Wrestlemania® 31 Weekend Events in San Jose and Santa Clara, California from twenty-four (24) hours before those events began on March 26, 2015 until twenty-four (24) hours following the completion of said events on March 30, 2015.

     Plaintiff has now requested entry of a preliminary injunction and order of seizure against

Exhibit 2 to Memorandum

Defendants, Dominic Angel Rodriguez, Vu Truong Tran, Benhamine Adham Pechetti, Ibraham Nimer Shiheiber, John and Jane Does, and XYZ Corporations (collectively, "Defendants") for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114, 1116 and 1125(a). The Court convened a hearing on Plaintiff's request on April 7, 2015 at 10:00 a.m. at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102 in Courtroom 4, at which only counsel for Plaintiff appeared to present evidence supporting Plaintiff's request. Defendants have not responded to the Verified Complaint, have not made any filing in this case, nor have they appeared in this matter either individually or through counsel. The Court has carefully reviewed Plaintiff's Verified Complaint, the accompanying supporting Declarations of Matthew Ball, Esq. and Lauren Dienes-Middlen, each with exhibits thereto, the memorandum of law, the Amended Complaint, Supplemental Declaration of Lauren Dienes-Middlen and the evidence presented at the hearings.

**NOW**, on presentation and consideration of all pleadings and proceedings presented to the Court, the Court finds as follows.

1. WWE exclusively owns or controls the numerous trademarks and service marks associated with its wrestling entertainment business, including, but not limited to, the marks set forth in Exhibits 1 and 2 hereto, (collectively, the "WWE Marks"). WWE has the exclusive right to use and license others to use the WWE Marks on goods and to use the WWE Marks in connection with rendering services. WWE also exclusively owns or controls all right, title and interest in the names, likenesses and rights of publicity for its current wrestlers. The WWE Marks are distinctive and are widely recognized by the public. Goods that bear any mark, word, or name identical or confusingly similar to any of the WWE Marks or the names or likenesses of any of WWE's current wrestlers shall be known herein as the "Enjoined Goods." All of the WWE Marks listed in Exhibit 1 are either currently pending or registered with the United States Patent and Trademark Office.

Exhibit 2 to Memorandum

2.      Defendants, who are not licensed or authorized by WWE to use the WWE Marks, and those acting in concert or participation with them, were and will be present on the premises or within a five-mile radius of the venues where WWE's live events shall be occurring beginning on March 26, 2015 and ending March 28, 2016, including, but not limited to, the San Jose Convention Center, San Jose University, Camera 12 Theater, Levi's Stadium and the SAP Center, which were the locations in Santa Clara and San Jose, California where WWE's Wrestlemania® 31 Weekend Events occurred from March 26 through March 30, 2015, for the purpose of manufacturing, distributing, offering for sale, and selling Enjoined Goods. It appears to this Court that Defendants, and those acting in concert or participation with them, will continue to infringe the WWE Marks and to commit unfair competition against WWE by manufacturing, distributing, offering for sale and selling Enjoined Goods, on the premises or within a five-mile radius of halls, arenas, stadiums, or other venues where WWE live events shall occur, including those events listed on the schedule set forth in Exhibit 3 hereto.

3.      The Enjoined Goods were located on the premises or within a five-mile radius of the venues where WWE's Wrestlemania® 31 Weekend Events that occurred in Santa Clara and San Jose from March 26 through March 30, 2015, including, but not limited to, the San Jose Convention Center, San Jose University, Camera 12 Theater, Levi's Stadium and the SAP Center, and will be located on the premises or within a five-mile radius of halls, arenas, stadiums, or other venues where other WWE events shall be occurring during the nationwide series of live events, including but not limited to those indicated in Exhibit 3 hereto.

4.      The Enjoined Goods are goods bearing "counterfeit marks" within the meaning of 15 U.S.C. § 1116(d). The distribution, sale or offering the sale of the Enjoined Goods would cause confusion or mistake or be likely to deceive and would constitute trademark infringement under 15 U.S.C. § 1114 and would constitute false designation of origin under 15 U.S.C. § 1125(a).

3

Exhibit 2 to Memorandum

5.      Copies of the Court's March 24, 2015 Order to Show Cause, and the Summons and Verified Complaint have been served upon Defendants, and Enjoined Goods have been obtained from the Defendants.

6.      WWE is likely to succeed in showing that the Defendants have used counterfeit or infringing marks in connection with the sale, offering for sale or distribution of goods or services.

7.      WWE will suffer immediate and irreparable injury and will have no adequate remedy at law if this Court denies to grant a preliminary injunction and order of seizure.

8.      The harm to WWE should this Court not grant the requested preliminary injunction and order of seizure clearly outweighs any harm which the Defendants might incur if the preliminary injunction is granted.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      Defendants, including the John and Jane Does, and XYZ Corporations not yet identified, along with their partners, associates, agents, servants, employees, representatives, and assigns, and all others under their control or in active concert or participation with them, and all other persons and entities having actual knowledge hereof be, and the same hereby are, ENJOINED and RESTRAINED from:

(a)      manufacturing, assembling, selling, offering for sale, holding for sale, distributing, or offering to distribute any Enjoined Goods which have not been authorized by Plaintiff and which bear any of the trademarks and service marks of Plaintiff, including but not limited to those set forth in Exhibits 1 and 2 hereto, or any marks confusingly similar thereto, including, but not limited to, WORLD WRESTLING ENTERTAINMENT®, WWE®, WRESTLEMANIA®, and the WWE® logos.

(b)      representing by any method whatsoever that the Enjoined Goods were sponsored, manufactured, sold or licensed by WWE and otherwise taking any action likely to cause confusion, mistake or deception on the part of the public as to the origin of the Enjoined Goods.

2.      Any on-duty federal, state, or local law enforcement officers are hereby authorized to seize and maintain in their custody and control any and all Enjoined Goods and counterfeit

Exhibit 2 to Memorandum

marks, and the means of making them, and records documenting the manufacture, sale or receipt of things relating thereto, in the possession, dominion or control of Defendants, their agents or persons acting in concert or participation with them, including all such Enjoined Goods and counterfeit marks located in or on any containers, vessels, or motor vehicles. All seized items shall be delivered up to the care and custody of Plaintiff or Plaintiff's attorneys pending further instructions from the Court. The seized goods shall be kept in identifiable containers. The law firm of K&L Gates LLP is authorized to serve as custodian of the seized goods under 15 U.S.C. § 1116(d)(7).

3.      The law enforcement officers acting hereunder are authorized to carry out the foregoing on the premises or within a five-mile radius of the venues where a WWE live event occurs during the duration of this Order, including but not limited to, from twenty-four (24) hours before any such event begins to twenty-four (24) hours following the completion of said event.

4.      Defendants shall cooperate with the law enforcement officers executing such seizure hereunder, shall provide the items sought to be seized wherever such items are maintained and shall provide their correct names, residential and business addresses and telephone numbers.

5.      Simultaneously with any seizure made pursuant to this Order, or as soon thereafter as is practical under the circumstances, each Defendant shall be served with a copy of this Order, the Amended Complaint in this action, and a copy of the attached Notice of Right to Object to Seizure by the law enforcement officer, or by any person over the age of 18 years who is not a party to this action. The Notice of Right to Object to Seizure must be served as a separate document.

6.      Any Defendant who is served with a copy of this Order and whose Enjoined Goods are seized may, without having to appear in person in this Court, object to the provisions hereof and/or the seizure by submitting to the Court in writing his or her objections within two weeks. The objection may, but need not be, submitted on the objection form attached to the Notice of

1    Right to Object to Seizure of Goods. The objection must be submitted in accordance with the

2    procedures detailed in the attached Notice of Right to Object to Seizure of Goods. No such

3    objection, however, shall serve to suspend this Order or stay the terms hereof unless otherwise

4    ordered by this Court.

5         7.    The Injunction Bond posted by WWE in the amount of $10,000 shall remain in full

6    force and effect throughout the duration of this Order.

7         8.    This Order shall expire twenty-four (24) hours after the March 28, 2016 WWE

8    Live Event listed on Exhibit 3 hereto.

9

10

11        **IT IS FURTHER ORDERED** that within one month of the expiration of this Order,

12   WWE shall file any necessary motions and/or request for a Final Hearing in this Action .

13

14

15        **IT IS SO ORDERED.**

16   Dated: April 20, 2015

17                                                    _____

18                                                    VINCE CHHABRIA
                                                      United States District Judge

19

20

21

22

23

24

25

26

27

28

Exhibit 2 to Memorandum

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC, | Case No. 15-cv-01263-VC |
| Plaintiff, | **NOTICE OF RIGHT TO OBJECT TO SEIZURE OF GOODS** |
| v. | |
| DOMINIC ANGEL RODRIGUEZ, et al., | |
| Defendants. | |

TO THE PERSON WHOSE GOODS WERE SEIZED:

You have the right to object to the seizure of your goods, and the right to object to the enforcement of the Preliminary Objection and Seizure Order against you.

You may object by completing the attached objection form, and mailing it to the following address:

Hon. Judge Vince Chhabria
United States District Court Judge
United States District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

You must mail the objection to the Court no later than 14 days after the seizure.  This 14-day period will begin on the date shown on the proof of service, and end on the day on which your objection is postmarked.  If the 14th day is a Saturday or Sunday, or Court holiday, the 14-day deadline will be extended to the following Monday.  The Court recommends that you mail the objection as soon as possible after the seizure, because objections sent after the 14-day deadline has expired will not be considered.

You are not required to use the attached objection form.  However, if you do not use the attached objection form, please include the following information in your objection:  (1) an explanation of why your goods should not have been seized; (2) an estimate of the amount of money you lost as a result of the seizure, and how you calculated that number; and (3) your name

7

Exhibit 2 to Memorandum

and address, and a telephone number where you can be reached.

With regards to the explanation of why your goods should not have been seized, the objection must specifically describe what goods were seized, and identify the World Wrestling Entertainment representative who authorized you to sell the seized goods.

The objection must further contain the following language:

I declare under penalty of perjury that the foregoing is true and correct.

The objection must also be signed, and dated. Unsigned objections and objections that do not contain the "penalty of perjury" language will not be considered by the Court.

The Court may contact you via telephone with questions concerning your objection. Please do not telephone the Court, because the Court will not be able to answer any questions concerning the seizure or the objection process.

If the Court agrees with your objection, the Court may order the seized goods returned to you, and may order that you be paid for any damages that you suffered as a result of the seizure. If the Court does not agree with your objection, the seized goods will not be returned to you, and you will not be paid any damages.

Dated: April 20, 2015

_____
VINCE CHHABRIA
United States District Judge

Exhibit 2 to Memorandum

**OBJECTION TO SEIZURE OF GOODS**

To:

Hon. Judge Vince Chhabria
United States District Court Judge
United States District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102


Re: *World Wrestling Entertainment, Inc. v. Rodriguez*, Case No. 15-cv-1263


I, _____(name), hereby object to the seizure of my goods that took place

on _____(date), for the following reason:

_____

_____

_____

_____

_____

_____

_____

_____

_____

(you may attach additional pages as necessary)

The goods that were seized are as follows:

_____

_____

_____

(you may attach additional pages as necessary)

9

Exhibit 2 to Memorandum

The World Wrestling Entertainment representative who authorized me to sell the seized goods

is_____.  (if you have written authorization, please provide a copy).

As a result of the seizure, I suffered the following money damages:

_____

_____

_____

(describe damages and explain why you believe the number to be correct)


I live at the following address:_____ (address), and my

telephone number is _____ (telephone number).

I declare under penalty of perjury that the foregoing is true and correct.


Date:_____ (write the date on which you signed this form)


_____

Signature

Exhibit 2 to Memorandum

United States District Court
Northern District of California

**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, NJ 07102
(973) 848-4000
Attorneys for Plaintiff World
Wrestling Entertainment, Inc.

**FILED**

MAR 27 2013

AT 8:30 ...........................
WILLIAM T. WALSH
CLERK

*Sealed until further order of the Court*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**Filed Under Seal**

| | |
|---|---|
| WORLD WRESTLING<br>ENTERTAINMENT, INC.,<br><br>  Plaintiff,<br><br>  vs.<br><br>JOHN AND JANE DOES 1-100,<br>and XYZ CORPORATIONS 1-100,<br><br>  Defendants. | Civil Action No.: _USDV_<br>_3/27/13_<br><br>**ORDER TO SHOW CAUSE ON**<br>**APPLICATION FOR PRELIMINARY**<br>**INJUNCTION WITH TEMPORARY**<br>**RESTRAINING ORDER AND ORDER**<br>**FOR SEIZURE OF COUNTERFEIT**<br>**GOODS** |

Upon the Summons and Verified Complaint, the accompanying supporting Declarations of Christopher A. Barbarisi, Esq, Richard S. Hering and Lauren Dienes-Middlen, each with exhibits thereto, the memorandum of law, and all other pleadings and proceedings presented to the Court, and good cause having been shown;

**IT APPEARING TO THE COURT** that Plaintiff World Wrestling Entertainment, Inc. ("WWE"), is the exclusive owner of numerous trademarks and service marks associated with its wrestling entertainment business, including, but not limited to, the marks set forth in Exhibits 1 and 2 hereto, (collectively, the "WWE Marks"). WWE has the exclusive right to use and license others to use the WWE Marks on goods and to use the WWE Marks in connection with rendering services. WWE also is the exclusive owner of all right, title and interest in the names, likenesses and rights of publicity for its current wrestlers. The WWE Marks are distinctive and

Exhibit 2 to Memorandum

are widely recognized by the public.  Goods that bear any mark, word, or name identical or confusingly similar to any of the WWE Marks or the names or likenesses of any of WWE's current wrestlers shall be known herein as the "Enjoined Goods."  All of the WWE Marks listed in Exhibit 1 are federally registered;

AND IT APPEARING TO THE COURT that Defendants, who are not licensed or authorized by WWE to use the WWE Marks, and those acting in concert or participation with them, are or will be present on the premises or within a two-mile radius of the venues where WWE's live events shall be occurring beginning on April 4, 2013 and ending March 31, 2014, including, but not limited to, the IZOD Center and MetLife Stadium, which are the locations in East Rutherford, New Jersey where WWE's Wrestlemania® XXIX Weekend Events shall be occurring from April 4 to April 8, 2013, for the purpose of manufacturing, distributing, offering for sale, and selling Enjoined Goods.  It appears to this Court that Defendants, and those acting in concert or participation with them, will continue to infringe the WWE Marks and to commit unfair competition against WWE by manufacturing, distributing, offering for sale and selling Enjoined Goods, on the premises or within a two-mile radius of halls, arenas, stadiums, or other venues where WWE live events shall occur, including those events listed on the schedule set forth in Exhibit 3 hereto;

AND IT APPEARING TO THE COURT that the Enjoined Goods and other materials subject to this Order will be located on the premises or within a two-mile radius of any venue where WWE's Wrestlemania® XXIX Weekend Events shall be occurring in the East Rutherford, New Jersey area from April 4 to April 8, 2013, including, but not limited to, the IZOD Center and MetLife Stadium, as well as on the premises or within a two-mile radius of halls, arenas,

Exhibit 2 to Memorandum

stadiums, or other venues where WWE events shall be occurring during the nationwide series of live events, including as indicated in Exhibit 3 hereto;

AND IT APPEARING TO THE COURT that the Enjoined Goods are goods bearing "counterfeit marks" within the meaning of 15 U.S.C. § 1116(d). The distribution, sale or offering the sale of the Enjoined Goods would cause confusion or mistake or be likely to deceive and would constitute trademark infringement under 15 U.S.C. § 1114 and would constitute false designation of origin under 15 U.S.C. § 1125(a);

AND IT APPEARING TO THE COURT that: (a) WWE is likely to succeed in showing that Defendants have used counterfeit or infringing marks in connection with the sale, offering for sale or distribution of goods or services; (b) WWE will suffer immediate and irreparable injury and will have no adequate remedy at law if this Court declines to grant an ex parte Seizure Order; (c) the harm to WWE Plaintiff should this Court not grant the requested Seizure Order clearly outweighs any harm which the Defendants might incur if the Seizure Order is granted; (d) WWE has not publicized the requested seizure; (e) WWE has given reasonable notice of this Application to the United States Attorney for this District; and (f) WWE has otherwise complied with all statutory requirements for the issuance of an ex parte Seizure Order;

AND IT APPEARING TO THE COURT that: (a) it has the authority under 15 U.S.C. § 1116(a), to enjoin trademark infringement under 15 U.S.C. §§ 1114 and 1125(a); to grant, ex parte, a seizure order for goods that bear counterfeits of trademarks and service marks under 15 U.S.C. § 1116(d); to grant, ex parte, under the All Writs Act, 28 U.S.C. § 1651, a seizure order for goods that are infringing but are not counterfeits within the meaning of 15 U.S.C. § 1116(d); and (b) no order other than an ex parte seizure order would adequately achieve the objectives of the Lanham Act, 15 U.S.C. §§ 1114, 1116 and 1125(a);

- 3 -

Exhibit 2 to Memorandum

**AND IT APPEARING TO THE COURT** that notice of this Application need not be given to Defendants because: (a) the identities and whereabouts of Defendants are currently unknown; (b) Defendants have no business identity or stable place of business before or after WWE's wrestling events and cannot be identified; and (c) Defendants who can be located and identified likely will cause the immediate concealment or destruction of the Enjoined Goods or removal of the Enjoined Goods outside the access of this Court;

     **IT IS HEREBY ORDERED** that Defendants, various John Does, Jane Does and XYZ Companies, their true identities being unknown, show cause before this Court, at 50 Walnut Street, Newark, New Jersey 07101, in Courtroom 2, on the 16 day of April, 2013, at 1:00 a.m./p.m., or as soon thereafter as counsel can be heard, why an order should not be entered granting Plaintiff a preliminary injunction enjoining Defendants, and all those acting in concert with them, from manufacturing, distributing, offering for sale, or selling the Enjoined Goods and/or raise any objection concerning any seizure effected pursuant to this Order; and

     **IT IS FURTHER ORDERED** that *effective at 12:01 a.m. on April 2, 2013* (the "Effective Date" of this Order), and pending a hearing and determination of this application, or the expiration of fourteen (14) days from the Effective Date of this Order, unless extended by the Court, whichever shall first occur:

     1. the Defendants, various John and Jane Does and various XYZ Corporations, along with their partners, associates, agents, servants, employees, representatives, and assigns, and all others under their control or in active concert or participation with them, and all other persons and entities having actual knowledge hereof be, and the same hereby are, temporarily ENJOINED and RESTRAINED from:

          (a)     manufacturing, assembling, selling, offering for sale, holding for sale, distributing, or offering to distribute any Enjoined Goods which have not

Exhibit 2 to Memorandum

been authorized by Plaintiff and which bear any of the trademarks and service marks of Plaintiff, including but not limited to those set forth in Exhibits 1 and 2 hereto, or any marks confusingly similar thereto, including, but not limited to, WORLD WRESTLING ENTERTAINMENT®, WWE®, WRESTLEMANIA®, and the WWE® logo.

(b)   representing by any method whatsoever that the Enjoined Goods were sponsored, manufactured, sold or licensed by WWE and otherwise taking any action likely to cause confusion, mistake or deception on the part of the public as to the origin of the Enjoined Goods.

1.   Any federal, state, or local law enforcement officer, and/or Plaintiff, and/or Plaintiff's duly authorized trademark enforcement team including any employees or independent contractors retained thereby, and/or all persons acting under the supervision and control thereof (collectively "Enforcement Officials") are hereby authorized and directed to seize and maintain in their custody and control any and all Enjoined Goods and counterfeit marks, and the means of making them, and records documenting the manufacture, sale or receipt of things relating thereto, in the possession, dominion or control of Defendants, their agents or persons acting in concert or participation with them, including all such Enjoined Goods and counterfeit marks located in or on any containers, vessels, or motor vehicles. All seized items shall be delivered up to the care and custody of Plaintiff or Plaintiff's attorneys pending further instructions from the Court. The seized goods shall be kept in identifiable containers.

2.   No Enforcement Official may enter into and upon, nor if necessary, temporarily detain, any such containers, vessels, or motor vehicles unless he or she does so in the presence of and under the supervision of a federal, state or local law enforcement officer.

4.   The Enforcement Officials acting hereunder are authorized to carry out the foregoing on the premises or within a two-mile radius of the halls, arenas, stadiums or other venues where a WWE live event shall be occurring beginning on April 4, 2013 and ending

- 5 -

Exhibit 2 to Memorandum

March 31, 2014, from twenty-four (24) hours before any such event begins to twenty-four (24) hours following the completion of said event, including, but not limited to, any venue where WWE's Wrestlemania® XXIX Weekend Events shall be occurring in the East Rutherford, New Jersey area from April 4 to April 8, 2013, including, but not limited to, the IZOD Center and MetLife Stadium.

     5.     Defendants shall cooperate with the Enforcement Officials executing such seizure hereunder, shall provide the items sought to be seized wherever such items are maintained and shall provide their correct names, residential and business addresses and telephone numbers.

**IT IS FURTHER ORDERED** that this order is conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking, in the form of a cash bond, corporate security bond or other form approved by the Court, in the amount of $/0 000 to secure the payment of such costs and damages, not to exceed such sum, as may be incurred or suffered by any party who is found to have been wrongfully restrained hereby; and

**IT IS FURTHER ORDERED** that simultaneously with any seizure made pursuant to this Order, or as soon thereafter as is practical under the circumstances, each Defendant shall be served with a copy of this Order together with the Summons and the Verified Complaint in this action, by the United States Marshal, state or local police, local deputy sheriffs, or by any person over the age of 18 years who is not a party to this action; and

**IT IS FURTHER ORDERED** that, pursuant to 15 U.S.C. § 1116(d)(8), this Order, along with the supporting Verified Complaint and other supporting documents, shall be filed under seal and shall remain sealed until the Defendants have an opportunity contest this Order;

Dated: March 2/ 2013
     3:20 ~am/pm

                                                            U.S.D.J.

Exhibit 2 to Memorandum

**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, NJ 07102
(973) 848-4000
Attorneys for Plaintiff World
Wrestling Entertainment, Inc.

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

### Filed Under Seal

| | |
|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC., | |
| Plaintiff, | Civil Action No.: 13-cv-1918 |
| vs. | |
| HERBERT REID, BYRON DOUGLAS, VICTOR WILLIAM PRITCHARD, SCOTT DREGER, WILLIAM S. BROWN, KENNETH ASAL, JOHN AND JANE DOES 1-100, and XYZ CORPORATIONS 1-100, | **PRELIMINARY INJUNCTION AND ORDER FOR SEIZURE OF COUNTERFEIT GOODS** |
| Defendants. | |

Plaintiff World Wrestling Entertainment, Inc. ("WWE") having brought this matter before the Court by Order to Show Cause for an injunction enjoining and restraining the defendants, and those acting in concert with them, from manufacturing, selling and/or distributing merchandise that bear any mark, word, or name identical or confusingly similar to any of the WWE trademarks and service marks set forth in Exhibits 1 and 2 hereto or the names or likenesses of any of WWE's current wrestlers (collectively, the "WWE Marks"), and service of the summons and complaint having been effected upon the defendants; and WWE's application for a preliminary injunction and order of seizure having come for a hearing before the Honorable Stanley R. Chesler, United States District Judge, on April 16, 2013 at 1:00 p.m. at

Exhibit 2 to Memorandum

the United States District Court for the District of New Jersey, 50 Walnut Street, Newark, New Jersey 07101 in Courtroom 2, and defendants having been notified of said hearing, and WWE having appeared by its counsel, and there having been no other appearances,

WHEREAS, on presentation and consideration of Plaintiff's Verified Complaint, the accompanying supporting Declarations of Christopher A. Barbarisi, Esq, Richard S. Hering and Lauren Dienes-Middlen, each with exhibits thereto, the memorandum of law, the Amended Complaint, Supplemental Declaration of Lauren Dienes-Middlen and all other pleadings and proceedings presented to the Court, the Court finds as follows.

1.      WWE is the exclusive owner of the "WWE Marks. WWE has the exclusive right to use and license others to use the WWE Marks on goods and to use the WWE Marks in connection with rendering services. WWE also is the exclusive owner of all right, title and interest in the names, likenesses and rights of publicity for its current wrestlers. The WWE Marks are distinctive and are widely recognized by the public. Goods that bear any mark, word, or name identical or confusingly similar to any of the WWE Marks or the names or likenesses of any of WWE's current wrestlers shall be known herein as the "Enjoined Goods." All of the WWE Marks listed in Exhibit 1 are federally registered.

2.      Defendants, who are not licensed or authorized by WWE to use the WWE Marks, and those acting in concert or participation with them, were and will be present on the premises or within a three-mile radius of the venues where WWE's live events shall be occurring beginning on April 4, 2013 and ending March 31, 2014, including, but not limited to, the IZOD Center and MetLife Stadium, which are the locations in East Rutherford, New Jersey where WWE's Wrestlemania® XXIX

- 2 -

Exhibit 2 to Memorandum

Weekend Events shall be occurring from April 4 to April 8, 2013, for the purpose of manufacturing, distributing, offering for sale, and selling Enjoined Goods. It appears to this Court that Defendants, and those acting in concert or participation with them, will continue to infringe the WWE Marks and to commit unfair competition against WWE by manufacturing, distributing, offering for sale and selling Enjoined Goods, on the premises or within a three-mile radius of halls, arenas, stadiums, or other venues where WWE live events shall occur, including those events listed on the schedule set forth in Exhibit 3 hereto.

3.   The Enjoined Goods and other materials subject to this Order were located on the premises or within a three-mile radius of the venues where WWE's Wrestlemania® XXIX Weekend Events occurred in the East Rutherford, New Jersey area from April 4 to April 8, 2013, including, but not limited to, the IZOD Center and MetLife Stadium, as well as on the premises or within a three-mile radius of halls, arenas, stadiums, or other venues where WWE events shall be occurring during the nationwide series of live events, including as indicated in Exhibit 3 hereto.

4.   The Enjoined Goods are goods bearing "counterfeit marks" within the meaning of 15 U.S.C. § 1116(d). The distribution, sale or offering the sale of the Enjoined Goods would cause confusion or mistake or be likely to deceive and would constitute trademark infringement under 15 U.S.C. § 1114 and would constitute false designation of origin under 15 U.S.C. § 1125(a).

5.   Copies of the Court's March 27, 2013 Order to Show Cause, and the Summons and Verified Complaint have been served upon the defendants, and Enjoined Goods have been obtained from the Defendants.

Exhibit 2 to Memorandum

**NOW, THEREFORE, IT IS HEREBY ORDERED,**

1.     Defendants, including the John and Jane Does, and XYZ Corporations not yet identified, along with their partners, associates, agents, servants, employees, representatives, and assigns, and all others under their control or in active concert or participation with them, and all other persons and entities having actual knowledge hereof be, and the same hereby are, ENJOINED and RESTRAINED from:

(a)     manufacturing, assembling, selling, offering for sale, holding for sale, distributing, or offering to distribute any Enjoined Goods which have not been authorized by Plaintiff and which bear any of the trademarks and service marks of Plaintiff, including but not limited to those set forth in Exhibits 1 and 2 hereto, or any marks confusingly similar thereto, including, but not limited to, WORLD WRESTLING ENTERTAINMENT®, WWE®, WRESTLEMANIA®, and the WWE® logo.

(b)     representing by any method whatsoever that the Enjoined Goods were sponsored, manufactured, sold or licensed by WWE and otherwise taking any action likely to cause confusion, mistake or deception on the part of the public as to the origin of the Enjoined Goods.

2.     Any federal, state, or local law enforcement officer, and/or Plaintiff, and/or Plaintiff's duly authorized trademark enforcement team including any employees or independent contractors retained thereby, and/or all persons acting under the supervision and control thereof (collectively "Enforcement Officials") are hereby authorized and directed to seize and maintain in their custody and control any and all Enjoined Goods and counterfeit marks, and the means of making them, and records documenting the manufacture, sale or receipt of things relating thereto, in the possession, dominion or control of Defendants, their agents or persons acting in concert or participation with them, including all such Enjoined Goods and counterfeit marks located in or on any containers, vessels, or motor vehicles.  All seized items shall be

Exhibit 2 to Memorandum

delivered up to the care and custody of Plaintiff or Plaintiff's attorneys.  The seized goods shall be kept in identifiable containers.  If the Defendants from whom such merchandise is seized do not move for relief in accordance with this Order within thirty (30) days of said seizure, said merchandise shall be delivered up to Plaintiff for destruction or other disposition.

      3.     No Enforcement Official may enter into and upon, nor if necessary, temporarily detain, any such containers, vessels, or motor vehicles unless he or she does so in the presence of and under the supervision of a federal, state or local law enforcement officer.

      4.     The Enforcement Officials acting hereunder are authorized to carry out the foregoing on the premises or within a three-mile radius of the halls, arenas, stadiums or other venues where a WWE live event occurs during the duration of this Order, including but not limited to, from twenty-four (24) hours before any such event begins to twenty-four (24) hours following the completion of said event.

      5.     Defendants shall cooperate with the Enforcement Officials executing such seizure hereunder, shall provide the items sought to be seized wherever such items are maintained and shall provide their correct names, residential and business addresses and telephone numbers.

**IT IS FURTHER ORDERED** that simultaneously with any seizure made pursuant to this Order, or as soon thereafter as is practical under the circumstances, each Defendant shall be served with a copy of this Order together with the Amended Complaint in this action, by the United States Marshal, state or local police, local deputy sheriffs, or by any person over the age of 18 years who is not a party to this action; and

- 5 -

Exhibit 2 to Memorandum

**IT IS FURTHER ORDERED** that any Defendant who is hereafter served with a copy of this Order and objects to the provisions hereof may submit his or her objections to the Court or otherwise move for relief from the Court according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court; and

**IT IS FURTHER ORDERED** that the Injunction Bond posted by WWE on April 1, 2013 in the amount of $10,000 shall remain in full force and effect throughout the duration of this Order; and

**IT IS FURTHER ORDERED** that this Order shall expire twenty-four (24) hours after the March 31, 2014 WWE Live Event listed on Exhibit 3 hereto; and

**IT IS FURTHER ORDERED** that within one month of the expiration of this Order, WWE shall file any necessary motions and/or request for a Final Hearing in this Action.

Dated:  April / , 2013

Honorable Stanley R. Chesler, U.S.D.J.

Exhibit 2 to Memorandum

**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, NJ 07102
(973) 848-4000
Attorneys for Plaintiff World
Wrestling Entertainment, Inc.

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> HERBERT REID, BYRON DOUGLAS, VICTOR WILLIAM PRITCHARD, SCOTT DREGER, WILLIAM S. BROWN, KENNETH ASAL, JOHN AND JANE DOES 1-100, and XYZ CORPORATIONS 1-100, <br><br> Defendants. | Civil Action No.: 13-cv-1918 <br><br> **FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT WILLIAM S. BROWN** |

**THIS MATTER** having been brought before this Court on application by Plaintiff WORLD WRESTLING ENTERTAINMENT, INC. ("WWE"), by and through its attorneys, K&L Gates, LLP, Christopher A. Barbarisi, Esq., appearing, and Defendant WILLIAM S. BROWN ("Brown"), through his attorneys, Kim Krizman LLC, Firouzeh Nur-Vaccaro, Esq., appearing, and having agreed to the provisions of this Final Consent Judgment and Permanent Injunction (the "Final Consent Judgment") as set forth herein; and

**WHEREAS**, WWE brought this matter before the Court by Order to Show Cause for an injunction enjoining and restraining the defendants, and those acting in concert with them, from manufacturing, selling and/or distributing merchandise that bear any mark, word, or name

Exhibit 2 to Memorandum

identical or confusingly similar to any of the WWE trademarks and service marks set forth in Exhibits 1 and 2 hereto or the names or likenesses of any of WWE's current wrestlers (collectively, the "WWE Marks"); and

**WHEREAS**, WWE is the exclusive owner of the "WWE Marks" and has the exclusive right to use and license others to use the WWE Marks on goods and to use the WWE Marks in connection with rendering services. WWE also is the exclusive owner of all right, title and interest in the names, likenesses and rights of publicity for its current wrestlers. The WWE Marks are distinctive and are widely recognized by the public. Goods that bear any mark, word, or name identical or confusingly similar to any of the WWE Marks or the names or likenesses of any of WWE's current wrestlers shall be known herein as the "Enjoined Goods."; and

**WHEREAS**, on March 27, 2013, the Court issued a temporary restraining order and order of seizure of goods bearing counterfeit marks within the meaning of 15 U.S.C. § 1116(d) (the "TRO"); and

**WHEREAS**, pursuant to the TRO, WWE seized counterfeit goods, constituting various CD/DVD box-sets, from BROWN on April 7, 2013 (the "Seized Goods') at the Meadowlands Exposition Center; and

**WHEREAS**, WWE subsequently filed and served an Amended Verified Complaint and, on April 16, 2013, obtained a Preliminary Injunction and Order for Seizure of Counterfeit Goods (the 'Preliminary Injunction'); and

**WHEREAS**, BROWN is not licensed or authorized by WWE to use the WWE Marks; and

Exhibit 2 to Memorandum

**WHEREAS**, WWE and BROWN wish to resolve this litigation as between themselves and consent to the form and entry of this Final Consent Judgment by themselves and/or through their undersigned counsel; and for good cause shown;

It is on this ___ day of _____, 2013,

**ORDERED and ADJUDGED** that:

1. Defendant BROWN, along with his partners, agents, servants, associates, representatives, assigns, and all others under his control or in active concert or participation with BROWN, is hereby PERMANENTLY ENJOINED and RESTRAINED from manufacturing, assembling, selling, offering for sale, holding for sale, distributing, or offering to distribute any Enjoined Goods which have not been authorized by WWE and which bear any of the trademarks and service marks of WWE, including but not limited to those set forth in Exhibits 1 and 2 hereto, or any marks confusingly similar thereto, including, but not limited to, WORLD WRESTLING ENTERTAINMENT®, WWE®, WRESTLEMANIA®, and the WWE® logo.

2. The Seized Goods are permanently forfeited to WWE.

3. Any subsequent violations of this Final Consent Judgment by BROWN shall permit WWE, in addition to seeking any and all legal and equitable remedies provided by law, to further seize any and all additional Enjoined Goods, under the terms set forth in the Preliminary Injunction.

4. That upon entry of this Final Consent Judgment: (a) the claims asserted in the pleadings that have been filed in this litigation as between WWE and BROWN shall be concluded; and (b) all other claims in this lawsuit that are not between WWE and BROWN shall be unaffected by this judgment and shall remain in full force.

- 3 -

Exhibit 2 to Memorandum

5.      This Court shall retain jurisdiction over this matter to ensure compliance with the terms of this Final Consent Judgment and WWE and BROWN each irrevocably and unconditionally consent to the jurisdiction of this Court for any matters concerning compliance with this Final Consent Judgment.

6.      There shall be no appeal from this Final Consent Judgment.

7.      This Final Consent Judgment may be executed in counterparts, each of which shall be deemed an original, but all of which shall together be one and the same Final Consent Judgment.

Dated: August 19, 2013

_____
Honorable Stanley R. Chesler, U.S.D.J.

Upon the consent of:

For WORLD WRESTLING ENTERTAINMENT, INC.,

_____      Dated: 8/14/13
Christopher A. Barbarisi, Esq.
K&L GATES, LLP
One Newark Center, Tenth Floor
Newark, N.J. 07102-5285

For Defendant William S. Brown

_____      Dated: 8/8/13
William S. Brown

-and-

_____      Dated: 8/13/13
Firouzeh Nur-Vaccaro, Esq.
Kim Krizman LLC
1307 White Horse Road, Suite 601
Voorhees, N.J. 08043

- 4 -

Exhibit 2 to Memorandum

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 12-21018-CIV-SEITZ**

**Filed Under Seal**

WORLD WRESTLING
ENTERTAINMENT, INC.,

          Plaintiff,

vs.

VARIOUS JOHN AND JANE DOES,
and VARIOUS XYZ CORPORATIONS,

          Defendants.

_____/

**TEMPORARY RESTRAINING ORDER, ORDER FOR SEIZURE OF COUNTERFEIT
MARKED GOODS, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY
INJUNCTION SHOULD NOT ISSUE**

      **THIS MATTER** came before the Court on March 21, 2012 for an *ex parte* sealed

hearing on  the Verified Complaint, the Ex Parte Motion For Temporary Restraining Order,

Order for Seizure of Counterfeit Marked Goods and Order to Show Cause Why a Preliminary

Injunction Should Not Issue (the "Motion") [DE-4].  Having considered the Motion, supporting

memorandum, and the Declarations and testimony of Richard Hering and Lauren Dienes-

Middlen in support  of the Motion, the Court makes the following findings of fact and

conclusions of law and grants Plaintiff's Motion.

*Findings of Fact*

      1.    Plaintiff World Wrestling Entertainment, Inc. ("WWE"), is the exclusive owner

of numerous trademarks and service marks associated with its wrestling entertainment business,

including, but not limited to, the federally registered marks set forth in Exhibit 1 hereto, and

including, but not limited to, WORLD WRESTLING ENTERTAINMENT®, WWE®,

Exhibit 2 to Memorandum

WRESTLEMANIA® and the WWE® logo (collectively, the "WWE Marks"). WWE also is the exclusive owner of all right, title and interest in the names, likenesses and rights of publicity for its current wrestlers. The WWE Marks are distinctive and are widely recognized by the public. Goods, including but not limited to t-shirts, masks, championship belts and items with holgrams affixed to them, that bear any mark, word, or name identical or confusingly similar to any of the WWE Marks or the names or likenesses of any of WWE's current wrestlers shall be known herein as the "Enjoined Goods."

2.      Plaintiff has the exclusive right to use and license others to use the WWE Marks on goods, to use the WWE Marks in connection with rendering services, and to use the names and likenesses of WWE's current wrestlers.

3.      Defendants are not licensed or authorized by Plaintiff to use the WWE Marks or the names and likenesses of WWE's current wrestlers.

4.      Based on the following evidence presented in the moving papers and at the hearing, Defendants, and those acting in concert or participation with them, are or will be present, for the purpose of manufacturing, distributing, offering for sale, and selling Enjoined Goods, on the premises or within a two-mile radius of the venues where WWE's live events shall be occurring beginning on March 29, 2012 and ending April 2, 2012. These venues include, but are not limited to, the Miami Beach Convention Center, the American Airlines Arena, and Sun Life Stadium, which are the locations in Miami, Florida where WWE's Wrestlemania® XXVIII Weekend Events shall be occurring from March 29 to April 2, 2012.

a.      Plaintiff's investigation and prior experience has shown that Defendants have sold the same or very similar merchandise at multiple locations near a WWE event. At the hearing, Plaintiff presented three t-shirts, each of which was purchased or seized in a different

Exhibit 2 to Memorandum

city, Pittsburgh, St. Louis, and Milwaukee, outside of a WWE event. The t-shirts were manufactured by different manufacturers but contained the same designs on the front and back of the shirts. The designs on the t-shirts included the images of some of Plaintiff's current wrestlers and marks identical to or confusing similar to the WWE Marks. This indicates that the Enjoined Goods come from the same source.

        b.     The primary types of items sold by Defendants are t-shirts, masks, and championship belts.

        c.     At some locations, Plaintiff has found items for sale that bear the WWE hologram, which is affixed to an item or its tag to indicate its authenticity. This, along with the use of the WWE Marks and the likenesses of WWE's current wrestlers, indicates that Defendants have attempted to pass-off their items as genuine.

        d.     Past investigation by Plaintiff indicates that Defendants have an organized pattern of distribution and sale for the Enjoined Goods. The Enjoined Goods are usually sold in areas where WWE fans congregate, such as parking areas near the WWE event, areas where traffic becomes congested near the event, and areas between the parking areas and the event venue, thus, justifying the two mile radius sought by Plaintiff for the effective area of this Order. The direct sellers of the Enjoined Goods are young people who carry no identification or fake identification. Most sellers have only a small number of items at any given time and their supply is replenished by a moving distributor who usually drives around the areas where the Enjoined Goods are being sold collecting the money from the sales and distributing additional goods, as needed. The sales of the Enjoined Goods often begin 24 hours before an event and continue until 24 hours after an event. Thus, the Defendants are organized and acting in concert with one another and are making a conscious effort to hide their identities.

- 3 -

Exhibit 2 to Memorandum

e.  In addition to bearing counterfeit marks, the Enjoined Goods also present a potential safety hazard to the public because there is no way to know the quality of these goods, such as the flammability level of the ink used to print the t-shirts and the safety of the design of the masks.

f.  Plaintiff is working with local law enforcement agencies to help prevent the sale and distribution of the Enjoined Goods.

g.  Combined attendance at the WWE's Wrestlemania® XXVIII Weekend Events is expected to be approximately 100,000 people.

***Conclusions of Law***

1.  The Enjoined Goods are goods bearing "counterfeit marks" within the meaning of 15 U.S.C. § 1116(d).

2.  Distribution, sale or offering the sale of the Enjoined Goods would cause confusion or mistake or be likely to deceive and would constitute trademark infringement under 15 U.S.C. § 1114.

3.  Distribution, sale, or offering the sale of the Enjoined Goods would constitute false designation of origin under 15 U.S.C. § 1125(a).

4.  Under 15 U.S.C. § 1116(a), this Court has the power to enjoin trademark infringement under 15 U.S.C. §§ 1114 and 1125(a).

5.  This Court has the power to grant, ex parte, a seizure order for goods that bear counterfeits of trademarks and service marks under 15 U.S.C. § 1116(d).

6.  Plaintiff is likely to succeed in showing that Defendants have used counterfeit or infringing marks in connection with the sale, offering for sale, or distribution of goods or services.

- 4 -

Exhibit 2 to Memorandum

7.    Plaintiff will suffer immediate and irreparable injury and will have no adequate remedy at law if this Court declines to grant an ex parte Seizure Order.

8.    The harm to Plaintiff should this Court not grant the requested Seizure Order clearly outweighs any harm which the Defendants might incur if the Seizure Order is granted because Defendants have no right to manufacture, sell, or distribute counterfeit goods.

9.    No order other than an ex parte seizure order would adequately achieve the objectives of the Lanham Act, 15 U.S.C. §§ 1114, 1116 and 1125(a).

10.    Notice of Plaintiff's application for this Order need not have been given to Defendants prior to the ex parte hearing because: (a) the identities and whereabouts of Defendants are currently unknown, despite diligent efforts; (b) Defendants have no business identity or stable place of business before or after WWE's wrestling events and cannot be identified; and (c) Defendants who can be located and identified likely will cause the immediate concealment or destruction of the Enjoined Goods or removal of the Enjoined Goods outside the access of this Court.

11.    Plaintiff has not publicized the requested seizure.

12.    Plaintiff has given reasonable notice of this Application to the United States Attorney for this District.

13.    The file of this case has been sealed as required by 15 U.S.C. § 1116(d)(8).

14.    Plaintiff has complied with all statutory requirements for the issuance of an ex parte Seizure Order.

It is accordingly ORDERED that:

1.    The Defendants, various John and Jane Does and various XYZ Corporations, along with their partners, associates, agents, servants, employees, representatives, and assigns,

Exhibit 2 to Memorandum

and all others under their control or in active concert or participation with them, and all other persons and entities having actual knowledge hereof be, and the same hereby are, temporarily ENJOINED and RESTRAINED from:

      (a)   manufacturing, assembling, selling, offering for sale, holding for sale, distributing, or offering to distribute any Enjoined Goods which have not been authorized by Plaintiff and which bear any of the trademarks and service marks of Plaintiff, including but not limited to those set forth in Exhibit 1 hereto, or any marks confusingly similar thereto, including, but not limited to, WORLD WRESTLING ENTERTAINMENT®, WWE®, WRESTLEMANIA®, and the WWE® logo.

      (b)   representing by any method whatsoever that the Enjoined Goods were sponsored, manufactured, sold or licensed by WWE and otherwise taking any action likely to cause confusion, mistake or deception on the part of the public as to the origin of the Enjoined Goods.

2.     Any federal, state, or local law enforcement officer, and/or Plaintiff, and/or Plaintiff's duly authorized trademark enforcement team including any employees or independent contractors retained thereby, and/or all persons acting under the supervision and control thereof (collectively "Enforcement Officials") are hereby authorized and directed to seize and maintain in their custody and control any and all Enjoined Goods and counterfeit marks, and the means of making them, and records documenting the manufacture, sale or receipt of things relating thereto, in the possession, dominion or control of Defendants, their agents or persons acting in concert or participation with them, including all such Enjoined Goods and counterfeit marks located in or on any containers, vessels, or motor vehicles.

3.     No Enforcement Official may enter into and upon, nor if necessary, temporarily detain, any such containers, vessels, or motor vehicles unless he or she does so in the presence of and under the supervision of a federal, state or local law enforcement officer.

4.     The Enforcement Officials acting hereunder are authorized and directed to carry out the foregoing on the premises or within a two-mile radius of the halls, arenas, stadiums or

Exhibit 2 to Memorandum

other venues where a WWE live event shall be occurring beginning on March 29, 2012 and ending April 2, 2012, from twenty-four (24) hours before any such event begins to twenty-four (24) hours following the completion of said event, including, but not limited to, any venue where WWE's Wrestlemania® XXVIII Weekend Events shall be occurring in Miami, Florida from March 29 to April 2, 2012, including, but not limited to, the Miami Beach Convention Center, the American Airlines Arena, and Sun Life Stadium.

5.      All Enjoined Goods, all means of making such Enjoined Goods, all records, and any other materials seized hereunder shall be delivered up to the care and custody of Plaintiff or Plaintiff's attorneys pending further instructions from the Court. The seized goods shall be kept in identifiable containers indicating the date, time, and place of seizure and any other facts identifying the circumstances of their seizure.

6.      Anyone interfering with the execution of this Order is subject to arrest by law enforcement officials.

7.      Simultaneously with said seizure, or as soon thereafter as is practical under the circumstances, each Defendant shall be served with a copy of (i) this Order, including the notice in the form of Exhibit 2 attached hereto, and (ii) a Summons and the Verified Complaint in this action.

8.      This Order is being issued without notice to protect Plaintiff from irreparable injury to its trademarks, service marks, names, and goodwill which may arise if Defendants, various John and Jane Does and various XYZ Corporations, along with their partners, associates, agents, servants, employees, representatives, and assigns, and all others under their control or in active concert or participation with them, should dissipate or transfer to any third party any of the goods which are the subject of this Order.

- 7 -

Exhibit 2 to Memorandum

9.      Defendants shall cooperate with the Enforcement Officials executing such seizure hereunder and shall provide the items sought to be seized wherever such items are maintained.

10.     Defendants are hereby required to provide the persons executing this Order with their correct names, residential and business addresses and telephone numbers.

11.     Plaintiff shall, no later than **March 27, 2012**, post security with the Clerk of Court, in the form of a cash bond or corporate surety bond or other form approved by the Court, in the amount of **$30,000** for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained, pending the hearing and determination of the continuation of this Order.

12.     Unless extended by the Court, this Order shall become valid as of **12:01 a.m. on March 28, 2012** and shall expire seven (7) days later at 12:01 a.m. on April 3, 2012.

13.     **SHOW CAUSE HEARING**. A hearing on a preliminary injunction is set for **April 3, 2012, at 10:00 a.m. in Courtroom No. 11-4** at the United States District Court for the Southern District of Florida, Miami, FL 33128, and Defendants are ordered to appear and then and there show cause why said injunction prohibiting Defendants from manufacturing, distributing, offering for sale, or selling the Enjoined Goods should not issue and/or raise any objection concerning any seizure effected pursuant to this Order.

14.     This Order or copies hereof may be served by any person over the age of 18 years who is not a party to this action.

Exhibit 2 to Memorandum

15.     **NON-DISCLOSURE.**  All persons who become aware of this action and Order are ORDERED not to reveal the existence of this action or Order to any other person, except that persons authorized to enforce this Order may reveal its existence and contents to the extent necessary to carry out their official duties and Defendants may confer with their attorneys concerning this action.

DONE AND ORDERED in Miami, Florida this 22nd day of March, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:  All counsel of record
     U.S. Attorney for the Southern District of Florida

- 9 -

Exhibit 2 to Memorandum

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 12-21018-CIV-SEITZ/SIMONTON**

WORLD WRESTLING
ENTERTAINMENT, INC.,

        Plaintiff,

    v.

DANIEL ROSHAWN THOMAS, ET AL.,

        Defendants.

---

## PRELIMINARY INJUNCTION
## AND ORDER OF SEIZURE

---

**THIS MATTER** is before the Court on Plaintiff's March 13, 2012 Verified Complaint and Ex Parte Motion For Temporary Restraining Order, Order for Seizure of Counterfeit Marked Goods and Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "Motion") [DE-4].[1] This Court held a hearing on Plaintiff's Motion on March 21, 2012 and, on March 22, 2012, issued a Temporary Restraining Order and Order of Seizure enjoining and restraining Defendants from manufacturing, assembling, selling, offering for sale, distributing, offering to distribute or holding for sale any merchandise which has not been authorized by Plaintiff World Wrestling Entertainment, Inc. ("WWE") and which bears any mark, word or name identical or confusingly similar to any trademarks or service marks owned by WWE, and ordering the seizure of such goods bearing counterfeit marks sold in the vicinity of any venue where WWE's Wrestlemania XXVIII Weekend Events in Miami, Florida from twenty-four (24) hours before

---

[1] Attached to the Motion were 12 exhibits including the declarations of Richard S. Hering and Laura Dienes-Middlen.

Exhibit 2 to Memorandum

those events began on March 29, 2012 until twenty-four (24) hours following the completion of said events on April 2, 2012, including, but not limited to, events at Miami Beach Convention Center, the American Airlines Arena and Sun Life Stadium.

Plaintiff now moves for entry of a preliminary injunction an order of seizure against Defendants, Daniel Roshawn Thomas, Willard Johnson III, Eric Hall, Anthony Wayne Price, Christopher Scott, Jr., Mark Allen, Anthony Eric Smith, John F. Watson, Thomas Keane, Nichole Fraser, Gilbert M. Builes, Raphael Quitoni, "Butch" Thomas Ingram, John "Fitz" Fitzsimmons, John and Jane Does, and XYZ Corporations (collectively, "Defendants") for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114, 1116 and 1125(a). The Court convened a hearing on Plaintiff's request on April 3, 2012, at which only Plaintiff and counsel for Plaintiff appeared to present evidence supporting the Motion, including the testimony of Laura Dienes-Middlen. Defendants have not responded to the Verified Complaint or the Motion, have not made any filing in this case, nor have they appeared in this matter either individually or through counsel. The Court has carefully reviewed said Motion, the entire court file and the evidence presented at the hearings. Because Plaintiff has satisfied the requirements for the issuance of a preliminary injunction and order of seizure, the Court will grant Plaintiff's Motion.

### *Findings of Fact*[2]

#### *Plaintiff*

1.      WWE is a publicly traded Delaware corporation having its principal place of business at 1241 East Main Street, Stamford, Connecticut 06902. (Verified Complaint ¶ 4). WWE is an integrated media company principally engaged in the development, production and promotion of television programming, pay-per-view programming and live arena events

---

[2] The factual findings are based in the Verified Complaint, the declarations, and the testimony of Mr. Hering and Ms. Dienes-Middlen at the two hearings.

Exhibit 2 to Memorandum

featuring wrestling entertainment services, and the license and sale of branded consumer products. WWE's unique product, for which it coined the term "sports entertainment," is perhaps best described as an action-adventure episodic drama that is akin to an ongoing, ever-developing soap opera based around WWE's distinctive and provocative characters.

2.     WWE promotes hundreds of live shows each year in arenas and stadiums in cities around the world.  WWE also produces weekly television programs on broadcast and cable television that are distributed around the world and monthly pay-per-view programs available through cable and satellite pay-per-view distributors.   In addition, WWE licenses and sells myriad types of consumer products depicting its characters and other intellectual property

3.     Since at least as early as February 1983, WWE, first doing business as the "World Wrestling Federation" and now doing business as "World Wrestling Entertainment," has provided to the public live and televised wrestling and entertainment events and services under the service mark WORLD WRESTLING ENTERTAINMENT.  (Verified Complaint ¶ 10).

4.     For many years and continuing through the date of this Order, WWE has sold souvenirs, merchandise, t-shirts, and other products at and in connection with its live events. Every year, in a 12-month cycle commencing each April, WWE embarks on a nationwide "Road to Wrestlemania" tour.  The "Road to Wrestlemania" tour consists of various live and televised events consisting of storylines and in-ring action that culminate in the annual pay-per-view live event entitled "Wrestlemania."   The tour includes weekly televised programming as well as monthly live pay-per-view specials.  Attached as EXHIBIT 1 is a schedule of the 2012-13 "Road to Wrestlemania" tour.

Exhibit 2 to Memorandum

5.      Tour events are widely attended in person.  Wrestlemania XXVIII, which took place at SunLife Stadium on April 1, 2012, was attended by 78,363 persons.  Attendees came from all 50 states in the United States, as well as 36 foreign countries.

6.      Typical legitimate WWE merchandise sold at WWE live events contains WORLD WRESTLING ENTERTAINMENT, WWE, the WWE logo, one or a number of other WWE Marks (as defined below), and/or the name or likenesses of WWE's wrestlers (Verified Complaint ¶ 19).

7.      WWE is the exclusive owner of numerous trademarks and service marks associated with its wrestling entertainment business, including, but not limited to, the marks set forth in EXHIBIT 2 hereto, and including, but not limited to, WORLD WRESTLING ENTERTAINMENT, WWE, WRESTLEMANIA and the WWE logo (collectively, the "WWE Marks").  The WWE Marks are distinctive and are widely recognized by the public.  WWE also is the exclusive owner of all right, title and interest in the names, likenesses and rights of publicity for its current wrestlers ("WWE Talent Indicia"). (Verified Complaint ¶ 10).

8.      Plaintiff has the exclusive right to use and license others to use the WWE Marks and WWE Talent Indicia on goods and to use the WWE Marks and WWE Talent Indicia in connection with rendering services. (Verified Complaint ¶ 10; Declaration of Richard S. Hering ¶ 5).

9.      Legitimate WWE merchandise is of high quality and grade.  These genuine goods are currently being sold only by authorized retailers and at authorized locations throughout the United States that include, but are not limited to, live event venues, retail stores and via authorized Internet commerce websites. (Verified Complaint ¶ 20).

4

Exhibit 2 to Memorandum

10.     Defendants are not licensed or authorized by Plaintiff to use the WWE Marks or the WWE Talent Indicia (collectively the WWE Marks and the WWE Talent Indicia are referred to as the "WWE Intellectual Property") (Verified Complaint ¶ 24).  Defendants violate WWE's rights in the WWE Intellectual Property by selling counterfeit WWE merchandise at WWE's live events.

11.     Not only is the merchandise sold by Defendants counterfeit, the merchandise also threatens public safety.  There is no way to know the quality of the counterfeit goods, such as the flammability level of the ink used to print the t-shirts and the safety of the design of other goods, such as wrestling masks, that previously have been seized.  Most of the counterfeit merchandise seized at the Wrestlemania XXVIII Weekend Events consisted of child-sized t-shirts, which further increases and heightens the public safety concern.  Seized merchandise also emitted a strong unknown chemical odor.

*Southern District of Florida Lawsuit*

12.     On March 13, 2012, Plaintiff filed a Verified Complaint and Ex Parte Motion For Temporary Restraining Order, Order for Seizure of Counterfeit Marked Goods and Order to Show Cause Why a Preliminary Injunction Should Not Issue.

13.     On March 21, 2012, this Court held a hearing on Plaintiff's Motion and, on March 22, 2012, issued a Temporary Restraining Order and Order of Seizure enjoining and restraining Defendants from manufacturing, assembling, selling, offering for sale, distributing, offering to distribute or holding for sale any merchandise which has not been authorized by Plaintiff and which bears any mark, word or name identical or confusingly similar to any trademarks or service marks owned by WWE, and ordering the seizure of such goods bearing counterfeit marks sold within a two mile radius of any venue where WWE's Wrestlemania XXVIII Weekend

Exhibit 2 to Memorandum

Events in Miami, Florida from twenty-four (24) hours before those events began on March 29, 2012 until twenty-four (24) hours following the completion of said events on April 2, 2012, particularly at the Miami Beach Convention Center, the American Airlines Arena and Sun Life Stadium.

14.     Pursuant to the Court's March 22, 2012 Order, Plaintiff properly served each named Defendant with a Summons, copy of the Verified Complaint, the Court's March 22, 2012 Order and a completed Receipt of Goods Seized form, which itemized the goods seized. WWE seized counterfeit merchandise from each Defendant, and such merchandise was placed in an individual clear bag along with corresponding proof of service and WWE-generated venue enforcement forms. (The venue enforcement forms detailed the nature and quantity of the goods seized, the identity and a description of each Defendant, the address of each Defendant and the date, time and location of the seizure.)

15.     In addition, WWE attempted to serve other counterfeiters who either refused service or simply dropped their counterfeit merchandise and ran without being served. With respect to these individuals' merchandise, WWE placed the goods in individual clear bags with an indication that the individuals in question had refused or evaded service.

16.     At the show cause hearing on April 3, 2012, Plaintiff provided the Court with Proofs of Service confirming service on each Defendant, as well as the completed venue enforcement forms. These also have been filed with the Court as an exhibit to Docket Entry No. 23. Plaintiff also provided the Court with an opportunity to view samples of bags containing counterfeit merchandise seized from the Defendants, as well as examples of the paperwork used by WWE to document the seizures.

6

Exhibit 2 to Memorandum

17.     The most common counterfeit shirt seized by WWE during the Wrestlemania XXVIII weekend was a t-shirt that was an exact copy of a t-shirt that first seized by WWE at a live event in Fresno, California on February 14, 2012 ("Counterfeit WWE Tour Shirt"). The Court examined one of the Counterfeit WWE Tour Shirts. The Counterfeit WWE Tour Shirt contains images on its front and back. *See* EXHIBIT 3, images of the front and back of a Counterfeit WWE Tour Shirt. On the front appears a group of WWE wrestlers, including Brock Lesnar, who has not appeared in WWE programming for many years. On the back of the shirt is a list of locations where the "Road to Wrestlemania" tour will appear in 2012. The Counterfeit WWE Tour Shirt bears no specific reference to "Wrestlemania," and therefore has been, and can be, sold at any WWE live event location.

18.     In addition to the Counterfeit WWE Tour Shirt, the Court was provided with additional samples of other shirts seized during the Wrestlemania XXVIII weekend. These included other shirts that did not bear any specific reference to "Wrestlemania," as well as shirts that made reference to "Wrestlemania." The Court observed the overall poor quality of, and the strong unknown chemical odor associated with, the seized counterfeit merchandise.

*The Named Defendants*

19.     WWE served the following fourteen Defendants:

(a)     Defendant Daniel Roshawn Thomas was served at approximately 10:00 p.m. on March 29, 2012 at the WWE Axxess event at the Miami Beach Convention Center. At that time, WWE seized six (6) Counterfeit WWE Tour Shirts from Mr. Thomas. Mr. Thomas again appeared with a new supply of identical merchandise at approximately 2:00 p.m. on March 31, 2012 at the WWE Axxess event at the Miami Beach Convention Center. WWE again seized the new supply of merchandise, which consisted of five (5) additional Counterfeit WWE Tour

Exhibit 2 to Memorandum

Shirts, from Mr. Thomas.   Mr. Thomas claimed to reside at 13071 Spinning Way, Gardena, California 90249.

(b)      Defendant Willard Johnson III was served at approximately 10:00 p.m. on March 30, 2012 at the WWE Axxess event at the Miami Beach Convention Center.  At that time, WWE seized seven (7) Counterfeit WWE Tour Shirts from Mr. Johnson.  Mr. Johnson claimed to reside at 5156 Sixth Avenue, Los Angeles, California.

(c)      Defendant Eric Hall was served at approximately 7:30 p.m. on March 29, 2012 at the WWE Axxess event at the Miami Beach Convention Center.  At that time, WWE seized 14 Counterfeit WWE Tour Shirts from Mr. Hall.  Mr. Hall again appeared with a new supply of identical merchandise at approximately 2:30 p.m. on April 1, 2012 at the WWE Wrestlemania XXVIII event at Sunlife Stadium.   WWE again seized the new supply of merchandise, which consisted of seven (7) additional Counterfeit WWE Tour Shirts from Mr. Hall.  Mr. Hall claimed to reside at 1710 North Navarro Street, Pasadena, California 91103.

(d)      Defendant Anthony Wayne Price was served at approximately 10:15 p.m. on March 30, 2012 at the WWE Axxess event at the Miami Beach Convention Center.  At that time, WWE seized ten (10) Counterfeit WWE Tour Shirts from Mr. Price.  Mr. Price appeared a second time, at 1:09 p.m. on March 31, 2012 at the WWE Axxess event at the Miami Beach Convention Center, with a new supply of identical merchandise.  WWE again seized the new supply of merchandise, which consisted of five (5) Counterfeit WWE Tour Shirts, from Mr. Price.  Mr. Price appeared a third time, on April 2, 2012 at the WWE RAW event at the American Airlines Arena, with a new supply of merchandise.  WWE again seized the new supply of merchandise, which consisted of (4) four Wrestlemania counterfeit t-shirts, from Mr. Price.  Mr. Price claimed to reside at 13584 Yakima Road #7, Apple Valley, California 92308.

Exhibit 2 to Memorandum

(e)     Defendant Christopher Scott Jr. was served at approximately 10:05 p.m. on March 29, 2012 at the WWE Axxess event at the Miami Beach Convention Center. At that time, WWE seized 14 Counterfeit WWE Tour Shirts from Mr. Scott. Mr. Scott claimed to reside at 199 South Madison Avenue #2, Pasadena, California 91101.

(f)     Defendant Mark Allen was served at approximately 10:15 p.m. on March 29, 2012 at the WWE Axxess event at the Miami Beach Convention Center. At that time, WWE seized 11 Counterfeit WWE Tour Shirts from Mr. Allen. Mr. Allen claimed to have a mailing address of P.O. Box 40651, Pasadena, California 91114.

(g)     Defendant Anthony Eric Smith was served at approximately 6:50 p.m. on March 31, 2012 at the WWE Hall of Fame event at the American Airlines Arena. At that time, WWE seized 21 Counterfeit WWE Tour Shirts from Mr. Smith. Mr. Smith claimed to reside at 1126 South Alamida Drive, Santa Monica, California 11741.

(h)     Defendant John F. Watson was served at approximately 5:40 p.m. on April 1, 2012 at the WWE Wrestlemania XXVIII event at Sunlife Stadium. At that time, WWE seized 12 Wrestlemania counterfeit t-shirts from Mr. Watson. Mr. Watson claimed to reside at 9132 Integra Meadows Drive, Davenport, Florida 33896.

(i)     Defendant Thomas Keane was served at approximately 6:40 p.m. on April 1, 2012 at the WWE Wrestlemania XXVIII event at Sunlife Stadium. At that time, WWE seized five (5) Wrestlemania counterfeit t-shirts from Mr. Keane. Mr. Keane claimed to reside at 68 Gerald Drive #D1, Poughkeepsie, New York 12601. Mr. Keane again appeared with a new supply of merchandise on April 2, 2012 at approximately 8:40 p.m. at the WWE RAW event at the American Airlines Arena. WWE again seized the new supply of merchandise, which consisted of eight (8) Wrestlemania counterfeit t-shirts, from Mr. Keane at the WWE RAW

9

Exhibit 2 to Memorandum

event.  This time Mr. Keane provided WWE with a different address, and he claimed to reside at 4978 Hurley Avenue, North Port, Florida 34288.

       (j)     Defendant Nichole Fraser was served at approximately 7:00 p.m. on March 31, 2012 at the WWE Hall of Fame event at the American Airlines Arena.  At that time, WWE seized 18 WWE "The Rock" counterfeit t-shirts from Ms. Fraser.  Ms. Fraser claimed to reside at 1200 St. Charles Place, Pembroke Pines, Florida 33026.

       (k)     Defendant Gilbert M. Builes was served at approximately 6:30 p.m. on April 2, 2012 at the WWE RAW event at the American Airlines Arena.  At that time, WWE seized ten (10) Wrestlemania counterfeit t-shirts from Mr. Builes.  Mr. Builes claimed to reside at 35 Wagon Circle, Kissimmee, Florida 34743.

       (l)     Defendant Raphael Quitoni was served at approximately 6:50 p.m. on April 2, 2012 at the WWE RAW event at the American Airlines Arena.  At that time, WWE seized nine (9) Wrestlemania counterfeit t-shirts from Mr. Quitoni.  Mr. Quitoni claimed to reside at 7509 Johnson Street, Hollywood, Florida 33024.

       (m)     Defendant "Butch" Thomas Ingram was served at approximately 7:05 p.m. on April 2, 2012 at the WWE RAW event at the American Airlines Arena.  At that time, WWE seized 12 Wrestlemania counterfeit t-shirts from Mr. Ingram.  Mr. Ingram claimed to reside at 3279 Missouri Terrace, North Port, Florida 34291.

       (n)     Defendant John "Fitz" Fitzsimmons was served at approximately 8:10 p.m. on April 2, 2012 at the WWE RAW event at the American Airlines Arena.  At that time, WWE seized 12 Wrestlemania counterfeit t-shirts from Mr. Fitzsimmons.  Mr. Fitzsimmons claimed to reside at 1713 Gaves Avenue, Ridgewood, New York 11385.

Exhibit 2 to Memorandum

(o)     WWE also encountered three additional counterfeiters at the WWE Wrestlemania XXVIII event at Sunlife Stadium who dropped the counterfeit merchandise and ran when approached by WWE's enforcement team.  WWE seized 105 shirts left by these unidentified individuals.

(p)     The identical Counterfeit WWE Tour Shirt was seized from seven (7) of the Defendants (Mr. Thomas, Mr. Johnson, Mr. Hall, Mr. Price, Mr. Scott, Mr. Allen and Mr. Smith), as well as from at least one individual who escaped or evaded service.  The identified Defendants claimed to hale from five (5) cities in southern California.

(q)     None of the served Defendants appeared before this Court at the show cause hearing held on April 3, 2012.  WWE advised the Court that, when preliminary injunctions were sought from other district courts with respect to previous years' "Road to Wrestlemania" tours, no served Defendant ever appeared at a hearing related to such prior actions.

*Evidence Presented*

20.     Based on the evidence presented in the moving papers and at the hearings, Defendants, and those acting in concert or participation with them, have and will continue to infringe the WWE Intellectual Property and have and will continue to commit unfair competition against WWE by manufacturing, distributing, offering for sale, holding for sale and selling merchandise, including, but not limited to, t-shirts, bearing marks, words, logos, images or names identical or confusingly similar to the WWE Intellectual Property (the "Enjoined Goods") on the premises or within a two-mile radius of the venues where WWE live events will occur as identified by date on EXHIBIT 1 hereto.  The evidence presented includes:

(a)     Plaintiff's investigation and prior experience has shown that Defendants have sold the same or very similar Enjoined Goods at multiple locations near WWE live events.

Exhibit 2 to Memorandum

(i)  At the TRO hearing, Plaintiff presented samples of t-shirts that were purchased or seized outside of WWE events in Pittsburgh, Pennsylvania, St. Louis, Missouri and Milwaukee, Wisconsin. The t-shirts were manufactured by different manufacturers but contained the same designs on the front and back of the shirts. The designs on the t-shirts included the images of some of Plaintiff's current wrestlers and marks identical to or confusingly similar to the WWE Intellectual Property. This indicates that the Enjoined Goods emanate from the same source.

(ii)  At the show cause hearing, Plaintiff presented samples of t-shirts that were seized at the Wrestlemania XXVIII Weekend Events. One of these t-shirts, the Counterfeit WWE Tour Shirt, contained the identical counterfeit design that WWE encountered being sold by a counterfeiter in Fresno, California in February 2012. In addition, half of the served Defendants, as well as one of the individuals who evaded service, attempted to sell this same shirt. Finally, at least three of the Defendants, after being served and having the counterfeit t-shirts seized the first time, were encountered again the following days selling a new supply of the identical shirts. They were served again. This indicates that the Enjoined Goods emanate from the same source.

(b)  Pursuant to prior seizure orders, Plaintiff has found counterfeiters selling items that bore the WWE official hologram, which typically is affixed to an item or its tag to indicate its authenticity. This, along with the use of the WWE Intellectual Property, indicates that counterfeiters have attempted to pass-off their items as genuine.

(c)  Past investigation by Plaintiff indicates that Defendants have an organized pattern of distribution and sale for the Enjoined Goods. The Enjoined Goods are usually sold in areas where WWE fans congregate or pass through on their way to the live events, such as parking areas near the WWE event, areas where traffic becomes congested near the event, and areas between the parking areas and the event venue. The direct sellers of the Enjoined Goods are people who often carry no identification or possibly fake identification. Most sellers have only a small number of items at any given time and their supply is replenished after being seized by WWE. In fact, Plaintiff encountered this exact modus operandi at the Wrestlemania XXVIII

12

Exhibit 2 to Memorandum

Weekend Events.  Thus, Defendants are organized and acting in concert with one another and are making a conscious effort to hide their identities.  The sales of the Enjoined Goods often begin 24 hours before a given WWE event and continue until 24 hours after such an event.

(d)     At the Wrestlemania XXVIII Weekend Events, Plaintiff encountered numerous counterfeiters who engaged in the same modus operandi as WWE has experienced in the past including, but not limited to, carrying either possibly fake or no identification, refusing to accept service, or simply running when approached.  The counterfeiters also appeared in the parking areas at the venues and on the roads that led to the venues.  Pursuant to the Court's March 22, 2012 Order, WWE was able to seize Enjoined Goods from Defendants who came to the Wrestlemania XXVIII Weekend Events in Miami, Florida from at least California, New York and Central Florida.  Four of these Defendants (Daniel Thomas, Eric Hall, Anthony Price and Thomas Keane) were served on more than one occasion.  Plaintiff also individually served and seized goods from Defendants Thomas Keane and "Butch" Thomas Ingram previously; both Mr. Keane and Mr. Thomas were served at Wrestlemania XXIV in *Orlando, Florida* in *April 2008* pursuant to an Ex Parte TRO and Order of Seizure from the District Court for the Middle District of Florida (Case No. 6:08-cv-00418-JA-GJK).  This is further evidence that Defendants are part of an organized group who intend to follow WWE throughout the United States to sell the Enjoined Goods.

## *Conclusions of Law*

The Verified Complaint, declarations, and evidence submitted by Plaintiff in support of its Motion support the following conclusions of law.

1.     Plaintiff has a very strong probability of proving at trial that:

13

Exhibit 2 to Memorandum

(a) Defendants are distributing, offering for sale and selling the Enjoined Goods, which are copies of Plaintiff's products and bear copies of the WWE Marks;

(b) Defendants are distributing, offering for sale and selling the Enjoined Goods, which are of inferior quality to WWE's genuine goods;

(c) Defendants are distributing, offering for sale and selling the Enjoined Goods, which could represent a potential safety hazard to the public;

(d) The Enjoined Goods are goods bearing "counterfeit marks" within the meaning of 15 U.S.C. § 1116(d) as they bear identical copies of WWE's Marks;

(e) Consumers are likely to be confused by Defendants' distribution, sale or offer for sale of the Enjoined Goods because, among other things, the Enjoined Goods bear marks that are identical to the WWE Marks; the Enjoined Goods are the same types of merchandise that genuine WWE Marks are affixed to; Defendants have specifically adopted the identical marks owned by WWE to "free ride" on the goodwill associated with the WWE Marks for their own pecuniary benefit; and Defendants target the fans of WWE by selling the Enjoined Goods at or near WWE live events;

(f) Distribution, sale or offering to sell the Enjoined Goods would cause confusion or mistake or be likely to deceive and would constitute trademark infringement under 15 U.S.C. § 1114; and

(g) Distribution, sale, or offering to sell the Enjoined Goods would constitute false designation of origin under 15 U.S.C. § 1125(a).

2. Because of the infringement of the WWE Marks, WWE is likely to suffer an immediate and irreparable injury if a preliminary injunction and order of seizure is not granted. It clearly appears from the following specific facts, as set forth in Plaintiff's Verified Complaint,

Exhibit 2 to Memorandum

Motion, accompanying declarations on file and evidence presented at the hearings, that immediate and irreparable loss, damage and injury will result to Plaintiff and to consumers because it is more likely true than not that:

(a)     The Defendants will sell or distribute the Enjoined Goods on the premises or within a two-mile radius of the venues where WWE events will occur during the 2012-2013 nationwide series of live events as identified by date on EXHIBIT 1 hereto;

(b)     As part of a concerted operation that travels from venue to venue where WWE live events occur, Defendants will sell and distribute the Enjoined Goods acquired from common sources of manufacture in violation of Plaintiff's rights;

(c)     Defendants are individuals who often carry no identification or possibly fake identification, are organized and acting in concert with one another, and are making a conscious effort to hide their identities;

(d)     Enjoined Goods will continue to appear in the marketplace at live events; consumers will be misled, confused, disappointed and potentially harmed by the quality of these products; Plaintiff will suffer loss of sales for its genuine products; and continued sales of the Enjoined Goods present a potential safety hazard to the public;

(e)     Unless the injunction and order of seizure is granted, Plaintiff will be without meaningful recourse against Defendants' activities, who will continue to travel across the United States, continue to purposefully hide their identities, continue to move the Enjoined Goods from city to city across the United States for future distribution and sale and continue to sell the Enjoined Goods throughout the United States even after being served with process;

(f)     The balance of potential harm to Defendants in restraining their trading in the Enjoined Goods if a preliminary injunction and order of seizure is issued is far outweighed

Exhibit 2 to Memorandum

by the potential harm to Plaintiff and its reputation and goodwill as a manufacturer of quality goods, if such relief is not issued;

       (g)    The public interest favors issuance of the preliminary injunction and order of seizure to protect Plaintiff's trademark interests and allow for the taxation of legitimate vendors. *See, e.g., SKS Merch, LLC v. Barry,* 233 F.Supp.2d 841, 848 (E.D. Ky. 2002) (finding public interest favored injunction and noting that the bootleggers are unlicensed and presumably remit no taxes); and

       (h)    Additionally, the entry of an injunction serves the public interest by protecting the public from the potential harm caused by the public's exposure to potentially hazardous counterfeit merchandise.

       (i)    Any potential harm to the Defendants may be remedied through application of the injunction bond, which shall remain in full force and effect throughout the duration of this Order.

    3.    Under 15 U.S.C. § 1116(a), this Court has the power to enjoin trademark infringement that violates 15 U.S.C. §§ 1114 and 1125(a). Specifically, Section 1116(a) holds that:

> The several courts vested with jurisdiction of civil actions arising under this Act shall have power to grant injunction, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under subsection (a), (c), or (d) of section 43.

    4.    This Court has the authority to enjoin the Defendants from violating the Lanham Act throughout the United States. *See* 15 U.S.C. § 1116(a); *Stiller v. Hardman*, 324 F.2d 626, 628 (2d Cir. 1963) ("The mandate of an injunction issued by a federal district court runs throughout the United States.").

Exhibit 2 to Memorandum

5.     In accordance with Rule 65(d) of the Federal Rules of Civil Procedure, this Court has the power to enjoin the Defendants and their agents, servants, employees, and other persons who are in active concert or participation with them, and who receive actual notice hereof, by personal service or otherwise.

6.     Section 1116 of the Lanham Act is entitled "Injunctive Relief." Under 15 U.S.C. § 1116(d), this Court has the power to grant, ex parte, a seizure order for goods that bear counterfeits of trademarks and service marks.

7.     "Subsection 1116(d) states that 'the court may, upon ex parte application, grant [a seizure] order under subsection (a) of this section', and subsection 1116(a), in turn, states that the courts 'shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable[.]' The words chosen indicate to us that Congress viewed § 1116(d) seizure orders as a form of injunctive relief." *Vuitton v. White*, 945 F.2d 569, 572 (3d Cir. 1991).

8.     The Court entered such a seizure order on March 22, 2012.

9.     Pursuant to 15 U.S.C. § 1116(d)(5)(C) and 15 U.S.C. § 1116(d)(10)(A), the Court held a hearing on April 3, 2012. Section 1116(d)(10)(A) provides that "the ex parte grant of a seizure order is reviewed promptly by the issuing court," and a court may dissolve or modify the order if moving party fails to provide sufficient proof.

10.     "When that review has been conducted and a new order has been entered either continuing, dissolving, or modifying the seizure order, [the Court] believe[s] that the new order is, in all respects, like an order continuing, dissolving or modifying a preliminary injunction…" *Vuitton*, 945 F.2d at 573.

Exhibit 2 to Memorandum

11. The Court may also expand the scope of the injunction to address the selling of counterfeit goods at the other venues where the tour will be travelling. *See SKS Merch*, 233 F. Supp. 2d at 848 (*citing* 15 U.S.C. § 1116(a)). When a tour, such as the Road to Wrestlemania, includes scheduled events at designated sites across the United States and there is evidence of similar unauthorized, concerted activities to sell enjoined goods on prior tours, then the injunctive relief should be nationwide to prohibit counterfeiters from selling or distributing counterfeit goods at the future tour sites. *Id.*

12. This is consistent with the holdings of traditional federal trademark jurisprudence, which considers the geographic scope in which a trademark operates in commerce, and when the scope of operation is nationwide, then the plaintiff is entitled to nationwide protection by way of injunctive relief. *See Golden Door, Inc. v. Odisho*, 437 F. Supp. 956, 968 (N.D. Cal. 1977).

13. Accordingly, nationwide injunctions in the form of seizure orders are authorized by the Lanham Act, and courts from numerous jurisdictions have entered nationwide seizure orders. *See SKS Merch*, 233 F. Supp. 2d at 848 (granting nationwide seizure order) (citing *Winterland Concessions Co. v. Miller*, No. 92-0456 (S.D. Fla. Mar. 2, 1992) (Nesbitt, J.); *Lilith Fair Prod. Ltd. v. Various John Does*, No. CV98-749 (D. Or. June 16, 1998); and *Winterland Concessions Co. v. Simms*, No. C.C. JRM 95-68 (D. Md. Jan. 17, 1995)); EXHIBIT D to Plaintiff's Verified Complaint (listing of nationwide seizure orders granted by eighteen (18) different jurisdictions throughout the United States).

14. Moreover, through its equitable powers, the Court has the authority to issue relief to an aggrieved party that reflects the practical realities and necessities involved in the particular case. *See Lemon v. Kurtzman*, 411 U.S. 192, 200-01 (1973); *Hecht Co. v. Bowles*, 321 U.S. 321 (1944). In the context of this case, the Court concludes that injunctive relief in the form of a

Exhibit 2 to Memorandum

seizure order is necessary to effectuate relief to Plaintiff under the practical realities of the case because, if such relief were denied, Plaintiff "would be without any legal means to prevent what is clearly a blatant infringement of [its] valid property rights." *Joel v. Does*, 499 F. Supp. 791, 792 (E.D. Wis. 1980).

15.     Failure to issue a preliminary injunction order allowing for the seizure of counterfeit goods at the WWE's upcoming tour events would effectively leave the WWE without a remedy because the nature of the counterfeit business does not permit enforcement through damages or otherwise through enforcement against identifiable and accountable defendants and leaves no remedy against unidentified counterfeiters. *See* Findings of Fact, *supra* at p. 12; *see also SKS Merch*, 233 F. Supp. 2d at 847-848.

16.     At the April 3, 2012 show cause hearing, Plaintiff satisfied its burden to prove that the facts supporting the Court's findings of fact and conclusions of law, as set forth in the Court's March 22, 2012 Order, are still applicable. As such, the seizure order shall be continued as set forth herein.

Accordingly, after due consideration, it is hereby ORDERED that:

17.     The named Defendants, the John and Jane Doe Defendants, and the various XYZ Corporations not yet identified, along with their partners, associates, agents, servants, employees, representatives, and assigns, and all others under their control or in active concert or participation with them, and all other persons and entities having actual knowledge hereof be, and the same hereby are, ENJOINED and RESTRAINED from:

   (a)     manufacturing, assembling, selling, offering for sale, holding for sale, distributing, or offering to distribute any Enjoined Goods which have not been authorized by Plaintiff and which bear any of the trademarks and service marks of Plaintiff, including, but not limited to, those set forth in EXHIBIT 2 hereto, or any marks confusingly similar thereto, including, but not limited to, WORLD WRESTLING ENTERTAINMENT®,

Exhibit 2 to Memorandum

WWE®, WRESTLEMANIA®, the WWE logo, and the names or likenesses of any of WWE's wrestlers.

(b)     representing by any method whatsoever that the Enjoined Goods were authorized, sponsored, manufactured, sold or licensed by WWE and otherwise taking any action likely to cause confusion, mistake or deception on the part of the public as to the origin of the Enjoined Goods.

18.     Any federal, state, or local law enforcement officer, and/or Plaintiff, and/or Plaintiff's duly authorized trademark enforcement team, including any employees or independent contractors retained thereby, and/or all persons acting under the supervision and control thereof, (collectively "Enforcement Officials") are hereby authorized and directed to seize and maintain in their custody and control any and all Enjoined Goods, and the means of making them, and records documenting the manufacture, distribution, sale or receipt of things relating thereto, in the possession, dominion or control of Defendants, their agents or persons acting in concert or participation with them, including all such Enjoined Goods located in or on any containers, vessels, or motor vehicles.

19.     No Enforcement Official may enter into and upon, nor if necessary, temporarily detain, any such containers, vessels, or motor vehicles unless he or she is, or does so in the presence of and under the supervision of a federal, state or local law enforcement officer.

20.     The Enforcement Officials acting hereunder are authorized and directed to carry out the foregoing on the premises or within a two-mile radius of the venues where WWE events will occur as identified by date on EXHIBIT 1 hereto from twenty-four (24) hours before any such event begins to twenty-four (24) hours following the completion of said event.

21.     All Enjoined Goods, all means of making such Enjoined Goods, all records, and any other materials seized hereunder shall be delivered up to the care and custody of Plaintiff or Plaintiff's attorneys. The seized goods shall be kept in identifiable containers indicating the date,

Exhibit 2 to Memorandum

time, and place of seizure and any other facts identifying the circumstances of their seizure. If the Defendants from whom such merchandise is seized do not move for relief in accordance with this Order within **ten (10) days** of said seizure, said merchandise shall be delivered up to Plaintiff for destruction or other disposition.

22.    Anyone interfering with the execution of this Order is subject to arrest by law enforcement officials.

23.    Simultaneous with said seizure, or as soon thereafter as is practical under the circumstances, each Defendant shall be served with a copy of (i) this Order, including the notice in the form of EXHIBIT 4 attached hereto, and (ii) the operative Complaint in this action.

24.    Defendants shall cooperate with the Enforcement Officials executing such seizure hereunder and shall provide the items sought to be seized wherever such items are maintained.

25.    Defendants are hereby required to provide the persons executing this Order with correct names, residential and business addresses and telephone numbers.

26.    Any Defendant who is hereafter served with a copy of this Order and objects to the provisions hereof may submit his or her objections to the Court or otherwise move for relief from the Court according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

27.    **INSTRUCTIONS TO DEFENDANTS:** In order to move for relief under this Order, you must: (1) identify yourself, including your name and a correct mailing address and (2) submit written objections to the Court within **ten (10) days** of being served, as set out in EXHIBIT 4 hereto. Any objections must include your name, a correct mailing address, the case name and case number, and the basis for your objection to the seizure. Objections must be filed with the Clerk's Office of the United States District Court for the Southern District of Florida,

Exhibit 2 to Memorandum

Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128. If you submit objections to the Court, a hearing will be held on those objections no sooner than ten (10) days, and no later than 15 days, after you submit your objections. If you reside in the Southern District of Florida, the hearing will be held at the United States District Court for the Southern District of Florida, Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Room 11-4, Miami, Florida 33128. You will be advised of the exact time of the hearing by the Court.

28.     Plaintiff consents to sever any objection submitted by a Defendant who does not reside in this District and transfer such objections to the venue where such Defendant resides.

29.     The Injunction Bond posted by Plaintiff on March 27, 2012 in the amount of $30,000 shall remain in full force and effect throughout the duration of this Order.

30.     This Order shall expire twenty-four (24) hours after the March 19, 2013 WWE live event listed on EXHIBIT 1 hereto.

31.     This Order or copies hereof may be served by any person over the age of 18 years who is not a party to this action.

IT IS FURTHER ORDERED that within one month of the expiration of this Order, Plaintiff shall file any necessary motions and/or request a Final Hearing in this action.

DONE AND ORDERED in Miami, Florida this 11$^{TS}$ day of April, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record

22

Exhibit 2 to Memorandum

RECEIVED IN CLERK'S OFFICE
U.S.D.C.   Atlanta

MAR 2 5 2011

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

ORIGINAL

FILED IN OPEN COURT
U.S.D.C.   Atlanta

MAR 2 5 2011

JAMES N. HATTEN, Clerk
_____ Deputy Clerk

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

WORLD WRESTLING
ENTERTAINMENT, INC.,

    Plaintiff,

    v.

VARIOUS JOHN AND JANE DOES,
and VARIOUS XYZ CORPORATIONS,

    Defendants.

Civil Action No.

1:11-CV-0948

**Filed Under Seal**

TWT

---

## [PROPOSED] TEMPORARY RESTRAINING ORDER, ORDER FOR SEIZURE OF COUNTERFEIT MARKED GOODS, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

---

Based upon the Verified Complaint, the Ex Parte Motion For Temporary
Restraining Order, Order for Seizure of Counterfeit Marked Goods and Order to
Show Cause Why a Preliminary Injunction Should Not Issue (the "Motion"), the
Memorandum and Declaration in support of the Motion, and all other pleadings
and proceedings, and after due consideration thereof, the Court makes the
following findings of fact and conclusions of law and grants Plaintiff's Motion.

1.     Plaintiff World Wrestling Entertainment, Inc. ("WWE"), is the exclusive owner of numerous trademarks and service marks associated with its wrestling entertainment business, including, but not limited to, the marks set forth in Exhibits 1 and 2 hereto, and including, but not limited to, WORLD WRESTLING ENTERTAINMENT®, WWE®, WRESTLEMANIA® and the WWE® logo (collectively, the "WWE Marks").  WWE also is the exclusive owner of all right, title and interest in the names, likenesses and rights of publicity for its current wrestlers.  The WWE Marks are distinctive and are widely recognized by the public.  Goods that bear any mark, word, or name identical or confusingly similar to any of the WWE Marks or the names or likenesses of any of WWE's current wrestlers shall be known herein as the "Enjoined Goods."

2.     All of the WWE Marks listed in Exhibit 1 including, but not limited to, WORLD WRESTLING ENTERTAINMENT®, WWE®, WRESTLEMANIA®, and the WWE® logo, are federally registered.

3.     Plaintiff has the exclusive right to use and license others to use the WWE Marks on goods and to use the WWE Marks in connection with rendering services.

4.     Defendants are not licensed or authorized by Plaintiff to use the WWE Marks.

5.      It appears to this Court that Defendants, and those acting in concert or participation with them, are or will be present on the premises or within a one-mile radius of the venues where WWE's live events shall be occurring beginning on March 30, 2011 and ending February 19, 2012, including, but not limited to, the Phillips Arena, the Georgia World Congress Center Authority Property, which includes the Centennial Olympic Park, the Georgia World Congress Center and the Georgia Dome, and the Fabulous Fox Theatre, which are the locations in Atlanta, Georgia where WWE's Wrestlemania® XXVII Weekend Events shall be occurring from March 30 to April 4, 2011, for the purpose of manufacturing, distributing, offering for sale, and selling Enjoined Goods.   It appears to this Court that Defendants, and those acting in concert or participation with them, will continue to infringe the WWE Marks and to commit unfair competition against WWE by manufacturing, distributing, offering for sale and selling Enjoined Goods, on the premises or within a one-mile radius of halls, arenas, stadiums, or other venues where WWE live events shall occur, including those events listed on the schedule set forth in Exhibit 3 hereto.

6.      The Enjoined Goods are goods bearing "counterfeit marks" within the meaning of 15 U.S.C. § 1116(d), constitute counterfeit goods within the meaning

of Ga. Code Ann., § 10-1-451(d)(1), and are goods being used in a deceptive trade practice within the meaning of Ga. Code Ann., § 10-1-371(a).

7.      Distribution, sale or offering the sale of the Enjoined Goods would cause confusion or mistake or be likely to deceive and would constitute trademark infringement under 15 U.S.C. § 1114 and Ga. Code Ann., § 10-1-451.

8.      Distribution, sale, or offering the sale of the Enjoined Goods would constitute false designation of origin under 15 U.S.C. § 1125(a) and Ga. Code Ann., § 10-1-371(a).

9.      Under 15 U.S.C. § 1116(a) and Ga. Code Ann., § 10-1-451, this Court has the power to enjoin trademark infringement under 15 U.S.C. §§ 1114 and 1125(a), as well as under Ga. Code Ann., § 10-1-451(d)(1).

10.     This Court has the power to grant, ex parte, a seizure order for goods that bear counterfeits of trademarks and service marks under 15 U.S.C. § 1116(d) and Ga. Code Ann., § 10-1-451(d)(1).

11.     This Court has the power under the All Writs Act, 28 U.S.C. § 1651, to grant, ex parte, a seizure order for goods that are infringing but are not counterfeits within the meaning of 15 U.S.C. § 1116(d).

12.    No order other than an <u>ex parte</u> seizure order would adequately achieve the objectives of the Lanham Act, 15 U.S.C. §§ 1114, 1116 and 1125(a), as well as Ga. Code Ann., §§ 10-1-451, et seq.

13.    Plaintiff is likely to succeed in showing that Defendants have used counterfeit or infringing marks in connection with the sale, offering for sale or distribution of goods or services.

14.    Notice of this Application need not be given to Defendants prior to <u>ex parte</u> hearing because: (a) the identities and whereabouts of Defendants are currently unknown; (b) Defendants have no business identity or stable place of business before or after WWE's wrestling events and cannot be identified; and (c) Defendants who can be located and identified likely will cause the immediate concealment or destruction of the Enjoined Goods or removal of the Enjoined Goods outside the access of this Court.

15.    Plaintiff will suffer immediate and irreparable injury and will have no adequate remedy at law if this Court declines to grant an <u>ex parte</u> Seizure Order.

16.    The Enjoined Goods and other materials subject to this Seizure Order will be located on the premises or within a one-mile radius of any venue where WWE's Wrestlemania® XXVII Weekend Events shall be occurring in Atlanta, Georgia from March 30 to April 4, 2011, including, but not limited to, the Phillips

Arena, the Georgia World Congress Center Authority Property, which includes the Centennial Olympic Park, the Georgia World Congress Center and the Georgia Dome, and the Fabulous Fox Theatre, as well as on the premises or within a one-mile radius of halls, arenas, stadiums, or other venues where WWE events shall be occurring during the nationwide series of live events, including as indicated in Exhibit 3 hereto.

17.    The harm to Plaintiff should this Court not grant the requested Seizure Order clearly outweighs any harm which the Defendants might incur if the Seizure Order is granted.

18.    Plaintiff has not publicized the requested seizure.

19.    Plaintiff has given reasonable notice of this Application to the United States Attorney for this District.

20.    The file of this case has been sealed as required by 15 U.S.C. § 1116(d)(8).

21.    Plaintiff has complied with all statutory requirements for the issuance of an ex parte Seizure Order.

It is accordingly ORDERED and ADJUDGED that:

1.    The Defendants, various John and Jane Does and various XYZ Corporations, along with their partners, associates, agents, servants, employees,

representatives, and assigns, and all others under their control or in active concert

or participation with them, and all other persons and entities having actual

knowledge hereof be, and the same hereby are, temporarily ENJOINED and

RESTRAINED from:

    (a)    manufacturing, assembling, selling, offering for sale, holding for sale, distributing, or offering to distribute any Enjoined Goods which have not been authorized by Plaintiff and which bear any of the trademarks and service marks of Plaintiff, including but not limited to those set forth in Exhibits 1 and 2 hereto, or any marks confusingly similar thereto, including, but not limited to, WORLD WRESTLING ENTERTAINMENT®, WWE®, WRESTLEMANIA®, and the WWE® logo.

    (b)    representing by any method whatsoever that the Enjoined Goods were sponsored, manufactured, sold or licensed by WWE and otherwise taking any action likely to cause confusion, mistake or deception on the part of the public as to the origin of the Enjoined Goods.

    2.    Any federal, state, or local law enforcement officer, and/or Plaintiff,

and/or Plaintiff's duly authorized trademark enforcement team including any

employees or independent contractors retained thereby, and/or all persons acting

under the supervision and control thereof (collectively "Enforcement Officials")

are hereby authorized and directed to seize and maintain in their custody and

control any and all Enjoined Goods and counterfeit marks, and the means of

making them, and records documenting the manufacture, sale or receipt of things

relating thereto, in the possession, dominion or control of Defendants, their agents

or persons acting in concert or participation with them, including all such Enjoined Goods and counterfeit marks located in or on any containers, vessels, or motor vehicles, and all Enforcement Officials acting hereunder are further authorized, based on probable cause, to enter into and upon, and if necessary, to temporarily detain, any such containers, vessels, or motor vehicles for the purpose of seizing any and all such Enjoined Goods and counterfeit marks contained therein.

3.    No Enforcement Official may enter into and upon, nor if necessary, temporarily detain, any such containers, vessels, or motor vehicles unless he or she does so in the presence of and under the supervision of a federal, state or local law enforcement officer.

4.    The Enforcement Officials, acting under the supervision and control of a federal, state, or local law enforcement officer in accomplishing such seizure, shall employ whatever reasonable force is necessary to open, enter, and inspect the contents of any such containers, vessels, or motor vehicles, regardless of whether said containers, vessels, or motor vehicles are locked or unlocked or occupied or unoccupied.

5.    The Enforcement Officials acting hereunder are authorized and directed to carry out the foregoing on the premises or within a one-mile radius of the halls, arenas, stadiums or other venues where a WWE live event shall be

occurring beginning on March 30, 2011 and ending February 19, 2012, from twenty-four (24) hours before any such event begins to twenty-four (24) hours following the completion of said event, including, but not limited to, any venue where WWE's Wrestlemania® XXVII Weekend Events shall be occurring in Atlanta, Georgia from March 30 to April 4, 2011, including, but not limited to, the Phillips Arena, the Georgia World Congress Center Authority Property, which includes the Centennial Olympic Park, the Georgia World Congress Center and the Georgia Dome, and the Fabulous Fox Theatre.

6.      All Enjoined Goods, all means of making such Enjoined Goods, all records, and any other materials seized hereunder shall be delivered up to the care and custody of Plaintiff or Plaintiff's attorneys pending further instructions from the Court.  The seized goods shall be kept in identifiable containers.

7.      Anyone interfering with the execution of this Order is subject to arrest by law enforcement officials.

8.      Simultaneously with said seizure, or as soon thereafter as is practical under the circumstances, each Defendant shall be served with a copy of (i) this Order, including the notice in the form of Exhibit 4 attached hereto, and (ii) a Summons and the Verified Complaint in this action.

9.     This Order is being issued without notice to protect Plaintiff from irreparable injury to its trademarks, service marks, names, and goodwill which may arise if Defendants or any person described in Paragraph 1 hereof should dissipate or transfer to any third party any of the goods which are the subject of this Order.

10.     Defendants shall cooperate with the Enforcement Officials executing such seizure hereunder and shall provide the items sought to be seized wherever such items are maintained.

11.     Defendants are hereby required to provide the persons executing this Order with correct names, residential and business addresses and telephone numbers.

12.     Plaintiff shall, no later than March, 30 2011, post security, in the form of a cash bond or corporate surety bond or other form approved by the Court, in the amount of $25,000.00 for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained, pending the hearing and determination of the continuation of this Order.

13.     Unless extended by the Court, this Order shall become valid upon the posting of bond and shall expire ten (10) days after the issuance of this Order. The time period during which seizures may be made as authorized in this Order will commence at 12:00 p.m. (noon) Eastern Daylight Time on Tuesday, March 29,

2011 (the "Seizure Commencement Date") and will end seven days later at 12:00 p.m. (noon) Eastern Daylight Time on Tuesday, April 5, 2011, unless extended by the Court.    The date of the issuance of the provisions in this Order authorizing seizures will be deemed to be the Seizure Commencement Date.

14.    IT IS FURTHER ORDERED that a hearing on a preliminary injunction is set for _April_ _4_, 2011, at _9:30_ in Courtroom No. _2108_ at the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building and Courthouse, 75 Spring Street SW, Atlanta, GA 30303-3361, and Defendants are ordered to appear and then and there show cause, if any they have, why said injunction prohibiting Defendants from manufacturing, distributing, offering for sale, or selling the Enjoined Goods should not issue and/or raise any objection concerning any seizure effected pursuant to this Order.

15.    This Order or copies hereof may be served by any person over the age of 18 years who is not a party to this action.

16.    All persons who become aware of this action and Order are ORDERED not to reveal the existence of this action or Order to any other person, except that persons authorized to enforce this Order may reveal its existence and

contents to the extent necessary to carry out their official duties and Defendants may confer with their attorneys concerning this action.

This   _25_   day of March, 2011.

SO ORDERED.

_Thomas W. Thrash_
United States District Judge
Northern District of Georgia

Presented by:

**TAYLOR, FEIL, HARPER, LUMSDEN & HESS, P.C.**
Otto F. Feil
Georgia Bar No. 257288
*ofeil@tfhlegal.com*
Cheralynn M. Gregoire
Georgia Bar No. 309760
*cgregoire@tfhlegal.com*

3340 Peachtree Road NE, Suite 250
Atlanta, Georgia 30326
Telephone:  (404) 214-1200
Facsimile:   (404) 214-1201

Of Counsel:

**K&L GATES LLP**
Curtis B. Krasik
*curtis.krasik@klgates.com*
Jerry S. McDevitt
*Jerry.mcdevitt@klgates.com*
Christopher M. Verdini
*christopher.verdini@klgates.com*

*Attorneys for Plaintiff World
Wrestling Entertainment, Inc.*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

WORLD WRESTLING
ENTERTAINMENT, INC.,

        Plaintiff,

      v.

VARIOUS JOHN AND JANE DOES,
and VARIOUS XYZ CORPORATIONS,

        Defendants.

Civil Action No. H - 09 - 958

Filed Under Seal

---

**TEMPORARY RESTRAINING ORDER, ORDER FOR SEIZURE OF
COUNTERFEIT MARKED GOODS, AND ORDER TO SHOW CAUSE WHY A
PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Based upon the Verified Complaint, the Ex Parte Motion For Temporary Restraining Order, Order for Seizure of Counterfeit Marked Goods and Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "Motion"), the Memorandum and Declarations in support of the Motion, and all other pleadings and proceedings, and after due consideration thereof, the Court makes the following findings of fact and conclusions of law and grants Plaintiff's Motion.

1.     Plaintiff World Wrestling Entertainment, Inc. ("WWE"), is the owner of numerous trademarks and service marks associated with its wrestling entertainment business, including but not limited to the marks set forth in Exhibits 1 and 2 hereto, and including but not limited to WORLD WRESTLING ENTERTAINMENT®, WWE®, WRESTLEMANIA® and the WWE logos, (collectively, the "WWE Marks"). WWE is also the owner of all right, title and interest in the names, likenesses and rights of publicity for its current wrestlers. The WWE

Exhibit 2 to Memorandum

Marks are distinctive and are widely recognized by the public.  Goods that bear any mark, word, or name identical or confusingly similar to any of the WWE Marks or the names or likenesses of any of WWE's current wrestlers shall be known herein as the "Enjoined Goods."

2.     All of the WWE Marks listed in Exhibit 1, including but not limited to WORLD WRESTLING ENTERTAINMENT, WWE, WRESTLEMANIA, and the WWE logo are federally registered.

3.     Plaintiff has the exclusive right to use and license others to use the WWE Marks on goods and to use the WWE Marks in connection with rendering services.

4.     Defendants are not licensed or authorized by Plaintiff to use the WWE Marks.

5.     It appears to this Court that Defendants, and those acting in concert or participation with them, are or will be present on the premises or within a ten-mile radius of the venues where WWE's Live Events shall be occurring, including, but not limited to, Reliant Stadium, Reliant Center and the Toyota Center where WWE's WrestleMania® XXV Weekend Events shall be occurring in Houston, Texas on April 2-6, 2009, for the purpose of manufacturing, distributing, offering for sale, and selling Enjoined Goods.  It appears to this Court that Defendants, and those acting in concert or participation with them, will continue to infringe the WWE Marks and to commit unfair competition against WWE by manufacturing, distributing, offering for sale and selling Enjoined Goods, on the premises or within a ten-mile radius of halls, arenas, stadiums, or other venues where WWE Live Events shall occur, including those events listed on the schedule set forth in Exhibit 3 hereto.

6.     The Enjoined Goods are goods bearing "counterfeit marks" within the meaning of 15 U.S.C. § 1116(d).

-2-

Exhibit 2 to Memorandum

7.    Distribution, sale or offering the sale of the Enjoined Goods would cause confusion or mistake or be likely to deceive and would constitute trademark infringement under 15 U.S.C. § 1114.

8.    Distribution, sale, or offering the sale of the Enjoined Goods would constitute false designation of origin under 15 U.S.C. § 1125(a).

9.    Under 15 U.S.C. § 1116(a), this Court has the power to enjoin trademark infringement under 15 U.S.C. §§ 1114 and 1125(a).

10.    This Court has the power to grant, ex parte, a seizure order for goods that bear counterfeits of federally registered trademarks and service marks under 15 U.S.C. § 1116(d).

11.    This Court has the power under the All Writs Act, 28 U.S.C. § 1651, to grant, ex parte, a seizure order for goods that are infringing but are not counterfeits within the meaning of 15 U.S.C. § 1116(d).

12.    No order other than an ex parte seizure order would adequately achieve the objectives of the Lanham Act, 15 U.S.C. §§ 1114, 1116 and 1125(a).

13.    Plaintiff is likely to succeed in showing that Defendants have used counterfeit or infringing marks in connection with the sale, offering for sale or distribution of goods or services.

14.    Notice of this Application need not be given to Defendants prior to ex parte hearing because: (a) the identities and whereabouts of Defendants are currently unknown; (b) Defendants have no business identity or stable place of business before or after WWE's wrestling events and cannot be identified; and (c) Defendants who can be located and identified likely will cause the immediate concealment or destruction of the Enjoined Goods or removal of the Enjoined Goods outside the access of this Court.

-3-

Exhibit 2 to Memorandum

15.   Plaintiff will suffer immediate and irreparable injury and will have no adequate remedy at law if this Court declines to grant an ex parte Seizure Order.

16.   The Enjoined Goods and other materials subject to this Seizure Order will be located on the premises or within a ten-mile radius of any venue where WWE's WrestleMania® XXV Weekend Events shall be occurring in Houston, Texas on April 2-6, 2009, including, but not limited to, Reliant Stadium, Reliant Center and the Toyota Center, as well as on the premises or within a ten-mile radius of halls, arenas, stadiums, or other venues where WWE events shall be occurring during the 2009-2010 national series, including as indicated in Exhibit 3 hereto.

17.   The harm to Plaintiff should this Court not grant the requested Seizure Order clearly outweighs any harm which the Defendants might incur if the Seizure Order is granted.

18.   Plaintiff has not publicized the requested seizure.

19.   Plaintiff has given reasonable notice of this Application to the United States Attorney for this District.

20.   The file of this case has been sealed as required by 15 U.S.C. § 1116(d)(8).

21.   Plaintiff has complied with all statutory requirements for the issuance of an ex parte Seizure Order.

It is accordingly ORDERED and ADJUDGED that:

1.   The Defendants, various John and Jane Does and various XYZ Corporations, along with their partners, associates, agents, servants, employees, representatives, and assigns, and all others under their control or in active concert or participation with them, and all other persons and entities having actual knowledge hereof be, and the same hereby are, temporarily ENJOINED and RESTRAINED from:

> (a)   manufacturing, assembling, selling, offering for sale, distributing, or offering to distribute any Enjoined Goods which have not been authorized

- 4 -

Exhibit 2 to Memorandum

by Plaintiff and which bear any of the trademarks and service marks of Plaintiff, including but not limited to those set forth in Exhibits 1 and 2 hereto, or any marks confusingly similar thereto, including, but not limited to, WORLD WRESTLING ENTERTAINMENT®, WWE®, WRESTLEMANIA® and the WWE logos.

(b)   Representing by any method whatsoever that the Enjoined Goods were sponsored, manufactured, sold or licensed by Plaintiff and otherwise taking any action likely to cause confusion, mistake or deception on the part of the public as to the origin of the Enjoined Goods.

2.      Any federal, state, or local law enforcement officer, and/or Plaintiff, and/or Plaintiff's duly authorized trademark enforcement team including any employees or independent contractors retained thereby, and/or Plaintiff's attorneys, K&L Gates LLP, and/or all persons acting under the supervision and control thereof (collectively "Enforcement Officials") are hereby authorized and directed to seize and maintain in their custody and control any and all Enjoined Goods and counterfeit marks, and the means of making them, and records documenting the manufacture, sale or receipt of things relating thereto, in the possession, dominion or control of Defendants, their agents or persons acting in concert or participation with them, including all such Enjoined Goods and counterfeit marks located in or on any containers, vessels, storage areas or motor vehicles, and all Enforcement Officials acting hereunder are further authorized, based on probable cause, to enter into and upon, and if necessary, to temporarily detain, any such containers, vessels, storage areas or motor vehicles for the purpose of seizing any and all such Enjoined Goods and counterfeit marks contained therein.

3.      No Enforcement Official may enter into and upon, nor if necessary, temporarily detain, any such containers, vessels, storage areas or motor vehicles unless he or she does so in the presence of and under the supervision of a federal, state or local law enforcement officer.

4.      The Enforcement Officials, acting under the supervision and control of a federal, state, or local law enforcement officer in accomplishing such seizure, shall employ whatever

-5-

Exhibit 2 to Memorandum

reasonable force is necessary to open, enter, and inspect the contents of any such containers, vessels, storage areas or motor vehicles, regardless of whether said containers, vessels, storage areas or motor vehicles are locked or unlocked or occupied or unoccupied.

5.     The Enforcement Officials acting hereunder are authorized and directed to carry out the foregoing on the premises or within a ten-mile radius of the halls, arenas, stadiums or other venues where a WWE Live Event shall be occurring during the duration of this Order, from twenty-four (24) hours before any such event begins to twenty-four (24) hours following the completion of said event, including, but not limited to, any venue where WWE's WrestleMania® XXV Weekend Events shall be occurring in Houston, Texas on April 2-6, 2009, including, but not limited to, Reliant Stadium, Reliant Center and the Toyota Center.

6.     All Enjoined Goods, all means of making such Enjoined Goods, all records, and any other materials seized hereunder shall be delivered up to the care and custody of Plaintiff or Plaintiff's attorneys pending further instructions from the Court. The seized goods shall be kept in identifiable containers.

7.     Anyone interfering with the execution of this Order is subject to arrest by law enforcement officials.

8.     Simultaneously with said seizure, or as soon thereafter as is practical under the circumstances, each Defendant shall be served with a copy of (i) this Order, including the notice in the form of Exhibit 4 attached hereto, and (ii) a Summons and the Verified Complaint in this action.

9.     This Order is being issued without notice to protect Plaintiff from irreparable injury to its trademarks, service marks, names, and goodwill which may arise if Defendants or

Exhibit 2 to Memorandum

any person described in Paragraph 1 hereof should dissipate or transfer to any third party any of the goods which are the subject of this Order.

      10.    Defendants shall cooperate with the Enforcement Officials executing such seizure hereunder and shall provide the items sought to be seized wherever such items are maintained.

      11.    Defendants are hereby required to provide the persons executing this Order with correct names, residential and business addresses and telephone numbers.

      12.    Plaintiff shall, no later than April __1st__, 2009, post security, in the form of a cash bond or corporate surety bond or other form approved by the Court, in the amount of $25,000.⁰⁰ for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained, pending the hearing and determination of the continuation of this Order.

      13.    Unless extended by the Court, this Order shall become valid upon the posting of bond and shall expire ten (10) days after the issuance of this Order.

      14.    IT IS FURTHER ORDERED that a hearing on a preliminary injunction is set for __April 9__, 2009, at __1:30 pm__ in Courtroom No. __11A__ at the United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002, and Defendants are ordered to appear and then and there show cause, if any they have, why said injunction prohibiting Defendants from manufacturing, distributing, offering for sale, or selling the Enjoined Goods should not issue and/or raise any objection concerning any seizure effected pursuant to this Order.

      15.    This Order or copies hereof may be served by any person over the age of 18 years who is not a party to this action.

      16.    All persons who become aware of this action and Order are ORDERED not to reveal the existence of this action or Order to any other person, except that persons authorized to

Exhibit 2 to Memorandum

enforce this Order may reveal its existence and contents to the extent necessary to carry out their

official duties and Defendants may confer with their attorneys concerning this action.

Dated: March 3/, 2009

                                        SO ORDERED

                                        _____
                                        United States District Judge

- 8 -

Exhibit 2 to Memorandum

FILED

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

2008 MAR 27  PM 12: 49

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

WORLD WRESTLING ENTERTAINMENT,
INC.,

                    **Plaintiff,**

**-vs-**

VARIOUS JOHN and JANE DOES, and
VARIOUS XYZ CORPORATIONS,

                    **Defendants.**

                              **UNDER SEAL**
                    **Case No.  6:08-cv-418-Orl-28GJK**

---

## AMENDED[1] TEMPORARY RESTRAINING ORDER

    This cause comes before the Court on Plaintiff's Motion for Ex Parte Temporary Restraining Order, Order for Seizure of Counterfeit Marked Goods, and Order to Show Cause for Preliminary Injunction (Doc. 4, filed March 21, 2008). Plaintiff has included a memorandum with its motion and has also submitted a Declaration of Donna Goldsmith (Ex. A to Doc. 4) and a Declaration of Kris Buckner (Ex. B to Doc. 4). Having considered the submissions of the Plaintiff, the Court makes the following ruling.

### Background

    Plaintiff World Wrestling Entertainment, Inc. ("WWE" or "Plaintiff") is a Delaware corporation that "provide[s] to the public live and televised wrestling and entertainment events and services (the "WWE Wrestling Services") under the service mark WORLD WRESTLING ENTERTAINMENT®." (Verified Compl., Doc. 3, ¶ 10). In connection with these services, WWE

---

[1]This Order amends the original Temporary Restraining Order only to correct a typographical error on page 7 with regard to the deadline for filing a bond. The prior order mistakenly indicated "Friday, March 27, 2008," but it should have stated "Friday, March 28, 2008."



Exhibit 2 to Memorandum

"has used, advertised, publicized, and presented the WWE Wrestling Services, and related souvenirs, merchandise, memorabilia, and videotapes ("WWE Merchandise") under the WORLD WRESTLING ENTERTAINMENT® Mark and numerous other service marks and trademarks." (Id. ¶ 10). WWE has obtained Federal Trademark Registrations from the United States Patent and Trademark Office for numerous marks, including but not limited to World Wrestling Entertainment®, WWE®, and Wrestlemania® for use in connection with these products (hereinafter "the Federal Trademarks"). A list of these Federal Trademarks, and the registration numbers for each, is attached hereto as Exhibit 1.

Despite Plaintiff's registration of its Federal Trademarks, Plaintiff has learned that various persons have sold and intend to sell in the future counterfeit merchandise bearing copies of these marks. For example, as noted in the Declaration of Plaintiff's Vice President of Consumer Products, Donna Goldsmith (Ex. A to Doc. 4), Plaintiff's security team has learned of distribution of counterfeit WWE merchandise in the Orlando, Florida area. Plaintiff believes that numerous yet-unknown persons will be attempting to sell counterfeit WWE merchandise at the upcoming Wrestlemania® XXIV Weekend in Orlando, Florida on March 29-30, 2008.

Discussion

In its motion, Plaintiff seeks to restrain Defendants from producing, distributing, and selling souvenirs, merchandise, memorabilia, videotapes, and other products bearing a copy of one or more of Plaintiff's Federal Trademarks during the upcoming Wrestlemania® XXIV Weekend in Orlando, Florida as well as at future events at various locations throughout the country. Plaintiff states that the unauthorized merchandise that will be offered for sale during the events "will include, but will not be limited to, T-shirts, sweatshirts, caps, hats, posters, and videotapes." (Doc. 4 at 8).

2

Exhibit 2 to Memorandum

Plaintiff invokes this Court's jurisdiction under the Lanham Act, 15 U.S.C. § 1051 et seq., as amended by the Trademark Counterfeiting Act of 1984 (hereinafter "the statute"). The statute provides that the court "shall have the power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a [registered] mark." 15 U.S.C. § 1116(a). Additionally, the statute specifically provides for ex parte relief, stating:

> In the case of a civil action arising under section 1114(1)(a) of this title . . . with respect to a violation that consists of using a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services, the court may, upon ex parte application, grant an order under subsection (a) of this section pursuant to this subsection providing for the seizure of goods and counterfeit marks involved in such violation and the means of making such marks, and records documenting the manufacture, sale, or receipt of things involved in such violation."

15 U.S.C. § 1116(d)(1)(A). The statute further provides that "[t]he court shall not grant such an application [for ex parte relief] unless –

> (A) the person obtaining an order under this subsection provides the security determined adequate by the court for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure or wrongful attempted seizure under this subsection; and
> (B) the court finds that it clearly appears from specific facts that –
>> (i) an order other than an ex parte seizure order is not adequate to achieve the purposes of section 1114 of this title;
>> (ii) the applicant has not publicized the requested seizure;
>> (iii) the applicant is likely to succeed in showing that the person against whom seizure would be ordered used a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services;
>> (iv) an immediate and irreparable injury will occur if such seizure is not ordered;
>> (v) the matter to be seized will be located at the place identified in the application;
>> (vi) the harm to the applicant of denying the application

3

Exhibit 2 to Memorandum

outweighs the harm to the legitimate interests of the person against whom seizure would be ordered of granting the application; and

(vii) the person against whom seizure would be ordered, or persons acting in concert with such person, would destroy, move, hide, or otherwise make such matter inaccessible to the court, if the applicant were to proceed on notice to such person."

15 U.S.C. § 1116(d)(4).

Plaintiff WWE contends that it is entitled to an ex parte temporary restraining order under these provisions because it has submitted proof of each of these elements. The Court agrees that Plaintiff WWE has met all of the elements for ex parte relief set forth in 15 U.S.C. § 1116(d), and accordingly the Court will grant Plaintiff WWE this relief, though more limited in scope than the relief Plaintiff seeks. Plaintiff seeks relief with regard to both unregistered and registered marks, but this Order grants relief only as to Plaintiff's registered marks – those listed in the attached Exhibit 1; the Court finds that Plaintiff has established a likelihood of success only as to its registered marks, and only the registered marks are within the plain terms of 15 U.S.C. § 1116(d). Additionally, Plaintiff seeks an order nationwide in scope, but this Court grants relief only to the limited geographical extent set forth herein and within this judicial district. The Court does, however, agree with Plaintiff that relief against unknown John Doe Defendants may appropriately be entered under the circumstances of this case. See, e.g., Joel v. Various John Does, 499 F. Supp. 791, 792 (E.D. Wis. 1980) (noting that "as a general rule, the federal courts do not favor the naming of 'John Doe' defendants" but that "[t]he problem of the defendants' identities [was] met . . . by the fact that copies of the summons, complaint, and restraining order itself will be served on all person from whom [the subject] merchandise [was to be] seized"). Only Defendants within this judicial district, however, are included within the terms of this Order

4

Exhibit 2 to Memorandum

and the Seizure Order entered contemporaneously herewith.

As required by 15 U.S.C. § 1116(d)(2), Plaintiff has given notice to the United States Attorney of its application for relief. (See Notice to United States Attorney of Motion for Ex Parte Seizure Order, Doc. 5). Additionally, the Verified Complaint and the Declarations submitted by Plaintiff establish facts sufficient to support the findings of fact and conclusions of law set forth herein. 15 U.S.C. § 1116(d)(3). The Court having reviewed the memorandum of law, moving papers, verified complaint, exhibits, and declarations submitted by Plaintiff, the Court finds that it appears that:

(a)     Plaintiff is likely to succeed in showing that Defendants are using counterfeits of the Federal Trademarks listed in Exhibit 1 attached hereto, including but not limited to WORLD WRESTLING ENTERTAINMENT®, WWE®, and WRESTLEMANIA®, in connection with the manufacture, advertising, distribution, offering for sale, and/or sale of merchandise bearing the Federal Trademarks in violation of the Lanham Act (hereinafter collectively referred to as "the Counterfeit Merchandise"); and that

(b)     Defendants' manufacturing, selling, offering for sale, distributing, or offering to distribute the Counterfeit Merchandise is likely to result in immediate and irreparable injury to Plaintiff if the seizure of the Counterfeit Merchandise, and the records pertaining thereto, is not ordered; and that

(c)     Defendants, and/or other persons acting in concert with Defendants, would likely destroy, hide or otherwise make the Counterfeit Merchandise, as well as the business records pertaining to Defendants' activities in connection therewith, inaccessible to Plaintiff and the Court if Plaintiff were to proceed on notice to Defendants, thus frustrating the ultimate relief Plaintiff seeks in this action; and that

Exhibit 2 to Memorandum

(d)      the harm to Plaintiff of denying the requested _ex parte_ seizure order outweighs the harm to the legitimate interests of Defendants from granting such an order; and that

(e)      the public interest would best be served by granting this temporary restraining order and seizure order prior to an _inter parties_ hearing; and that

(f)      Plaintiff has represented that Plaintiff has not publicized the proposed seizure order; and that

(g)      Plaintiff has provided the United States Attorney with notice of its application for an _ex parte_ seizure order; and that

(h)      entry of an order other than the requested _ex parte_ seizure order will not adequately achieve the purpose of 15 U.S.C. § 1114 to preserve Plaintiff's remedies for, _inter alia_, trademark infringement and trademark counterfeiting, including destruction of the Counterfeit Merchandise and the recovery of Plaintiff's lost profits and damages; and that

(i)      Plaintiff has also established a reasonable basis for the Court to enter an order of seizure against Defendants to preserve Plaintiff's remedies of an accounting of Defendants' sale and distribution of the Counterfeit Merchandise pursuant to the laws and principles of equity; and that

(j)      Plaintiff has demonstrated Wrestlemania XXIV in Orlando, Florida, including the Amway Arena, the Citrus Bowl, and surrounding areas, as the location at which Defendants will be holding, offering for sale, and/or selling Defendants' Counterfeit Merchandise and the records related thereto; and that

(k)      Defendants' Counterfeit Merchandise and related records to be seized will be in the possession of the Defendants in this judicial district; and that

(l)      based on the submissions of the Plaintiff, including the Declaration of Donna

6

Exhibit 2 to Memorandum

Goldsmith (Ex. A to Doc. 4, ¶ 19), a surety bond in the amount of $100,000.00[2] is adequate for payment of such damages as any person may be entitled to recover as a result of a wrongful seizure or attempted seizure, 15 U.S.C. § 1116(d)(4)(A), and this Order is conditioned on the posting of a bond in the sum of $100,000.00 on or before 12:00 noon on Friday, March 28, 2008;

**AND IT APPEARING** to the Court that Defendants are about to distribute, offer for sale, and/or sell; and/or are distributing, offering for sale, and selling, from Orlando, Florida, the Counterfeit Merchandise; it is

**ORDERED, ADJUDGED,** and **DECREED** that Plaintiff's Motion for Ex Parte Temporary Restraining Order , Order for Seizure of Counterfeit Marked Goods, and Order to Show Cause for Preliminary Injunction (Doc. 4, filed March 21, 2008) is **GRANTED** to the extent set forth herein and in the separate Seizure Order entered contemporaneously herewith.

It is further **ORDERED, ADJUDGED** and **DECREED** that, pending the hearing on Plaintiff's application for a preliminary injunction, Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with any of them, or having knowledge of this Order by personal service or otherwise be, and they are hereby, temporarily enjoined and restrained from:

> (1) manufacturing, assembling, selling, offering for sale, distributing, or offering to distribute any merchandise which has not been authorized by Plaintiff and which bears any of the Federal Trademarks listed in Exhibit 1 hereto, including but not limited to

---

[2]Plaintiff did not submit a proposed bond amount. The Court concludes that the "average gross sales value of counterfeit goods seized" at past events, as stated by Plaintiff's Vice President, is an appropriate bond amount.

7

Exhibit 2 to Memorandum

WORLD    WRESTLING    ENTERTAINMENT®,    WWE®,    and
WRESTLEMANIA®; and

(2) representing by any method whatsoever that the Counterfeit
Merchandise was sponsored, manufactured, sold, or licensed by
Plaintiff and otherwise taking any action likely to cause confusion,
mistake, or deception on the part of the public as to the origin of the
Coutnerfeit Merchandise.

It is further **ORDERED** that this Temporary Restraining Order shall remain in effect until
the date set for the hearing described below or such further date as set by the Court, unless
Defendants stipulate, or have not objected, to the preliminary injunction.

It is further **ORDERED**, in accordance with 15 U.S.C. § 1116(d)(10), Federal Rule of Civil
Procedure 65, and Local Rules 4.05 and 4.06 of the Middle District of Florida, that Plaintiff and
all Defendants served with a copy of this Order shall appear before the Honorable John Antoon
II, United States District Judge, on **Friday, April 11, 2008, at 1:00 p.m.** in Courtroom #6B, Sixth
Floor, George C. Young United States Courthouse Annex, 401 W. Central Boulevard, Orlando,
Florida, for a hearing during which Plaintiff may seek to convert this Temporary Restraining
Order into a Preliminary Injunction. On or before **Wednesday, April 2, 2008,** Plaintiff shall serve
Defendants with all papers that have been filed in this action, including a copy of this Order, in
the manner required by Federal Rule of Civil Procedure 4 for service of a summons and
complaint. Additionally, on or before **Wednesday, Wednesday, April 2, 2008 at 12:00 noon,**
Plaintiff shall serve and file a proposed form of preliminary injunction and shall otherwise comply
with Local Rules 4.05 and 4.06, including by serving "all papers and affidavits upon which the
moving party intends to rely." Defendants shall have until **Wednesday, April 9, 2008, at 12:00**

8

Exhibit 2 to Memorandum

**noon** to file and serve any briefs, affidavits, or other evidence in opposition to the application for preliminary injunction.

At the above-described hearing, Defendants shall show cause why an order should not be entered granting Plaintiff a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with any of Defendants, from directly or indirectly infringing the Federal Trademarks as described above, including, but not limited to manufacturing, importing, copying, distributing, advertising, repackaging, selling, and/or offering for sale any merchandise which infringes said trademarks.

**DONE** and **ORDERED** in Orlando, Florida this 27 day of March, 2008.

JOHN ANTOON II
United States District Judge

Copies Furnished To:
United States Marshal
United States Attorney
Counsel of Record

9

Exhibit 2 to Memorandum

Eva M. Ciko, Esquire (EC-0944)
Joanna A. Diakos, Esquire (JD-7269)
KIRKPATRICK & LOCKHART LLP
599 Lexington Avenue
New York, New York 10022-6030
Telephone:  (212) 536-3900
Facsimile:  (212) 536-3901

Jerry S. McDevitt, Esquire
Lucas G. Paglia, Esquire
KIRKPATRICK & LOCKHART LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania  15222
Telephone:  (412) 355-6500
Facsimile:  (412) 355-6501
Attorneys for Plaintiff
World Wrestling Entertainment, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WORLD WRESTLING                                         :
ENTERTAINMENT, INC.,                                    :
                                        Plaintiff,      :     04  Civ. _____ ( )
                                                        :
        v.                                              :
                                                        :
VARIOUS JOHN AND JANE DOES,                             :
and VARIOUS XYZ CORPORATIONS,                           :
                                                        :     **Filed Under Seal**
                                        Defendants.     :
------------------------------------------------------------X

**JUDGE CHIN**

### TEMPORARY RESTRAINING ORDER,
### ORDER FOR SEIZURE OF COUNTERFEIT MARKED GOODS,
### AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

        This matter having come for hearing on the Plaintiff's Ex Parte Application For

Temporary Restraining Order And Order For Seizure Of Counterfeit Marked Goods (the "Appli-

cation"), and after due consideration thereof, the Court makes the following findings of fact and

conclusions of law and grants Plaintiff's Application.

Exhibit 2 to Memorandum

1.    Plaintiff World Wrestling Entertainment, Inc., including its subsidiaries ("WWE"), is the owner of numerous trademarks and service marks associated with its wrestling entertainment business, including but not limited to the marks set forth in Exhibits 1 and 2 hereto, and including but not limited to WORLD WRESTLING ENTERTAINMENT®, WWE®, and the WWE logos, (collectively, the "WWE Marks"). The WWE Marks are distinctive and are widely recognized by the public. Goods that bear any mark, word, or name identical or confusingly similar to any of the WWE Marks shall be known herein as the "Enjoined Goods."

2.    All of the WWE Marks listed in Exhibit 1, including but not limited to WORLD WRESTLING ENTERTAINMENT, WWE, and the WWE logo are federally registered.

3.    Plaintiff has the exclusive right to apply and license others to apply the WWE Marks to goods and to use the WWE Marks in connection with rendering services.

4.    Defendants are not licensed by Plaintiff to use the WWE Marks.

5.    It appears to this Court that Defendants are or will be present on the premises or within a ten-mile radius of any venue where WWE's Wrestlemania® XX weekend and related activities and events shall be occurring in New York City on March 13-14, 2004, including Madison Square Garden and the Midtown Hilton, for the purpose of manufacturing, distributing, offering for sale, and selling Enjoined Goods.

6.    The Enjoined Goods are goods bearing "counterfeit marks" within the meaning of 15 U.S.C. § 1116(d).

7.    Distribution, sale or offering the sale of the Enjoined Goods would cause confusion or mistake or be likely to deceive and would constitute trademark infringement under 15 U.S.C. § 1114.

- 2 -

Exhibit 2 to Memorandum

8.     Distribution, sale, or offering the sale of the Enjoined Goods would constitute false designation of origin under 15 U.S.C. § 1125(a).

9.     Under 15 U.S.C. § 1116(a), this Court has the power to enjoin trademark infringement under 15 U.S.C. §§ 1114 and 1125(a).

10.    This Court has the power to grant, ex parte, a seizure order for goods that bear counterfeits of federally registered trademarks and service marks under 15 U.S.C. § 1116(d).

11.    This Court has the power under the All Writs Act, 28 U.S.C. § 1651, to grant, ex parte, a seizure order for goods that are infringing but are not counterfeits within the meaning of 15 U.S.C. § 1116(d).

12.    No order other than an ex parte seizure order would adequately achieve the objectives of the Lanham Act, 15 U.S.C. §§ 1114, 1116 and 1125(a).

13.    Plaintiff is likely to succeed in showing that Defendants have used counterfeit or infringing marks in connection with the sale, offering for sale or distribution of goods or services.

14.    Notice of this Application need not be given to Defendants prior to ex parte hearing because: (a) the identities and whereabouts of Defendants are currently unknown; (b) Defendants have no business identity or stable place of business before or after WWE's wrestling events and cannot be identified; and (c) Defendants who can be located and identified likely will cause the immediate concealment or destruction of the Enjoined Goods or removal of the Enjoined Goods outside the access of this Court.

15.    Plaintiff will suffer immediate and irreparable injury and will have no adequate remedy at law if this Court declines to grant an ex parte Seizure Order.

- 3 -

Exhibit 2 to Memorandum

16.     The Enjoined Goods and other materials subject to this Seizure Order will be located on the premises or within a ten-mile radius of any venue where WWE's Wrestlemania® XX weekend and related activities and events shall be occurring in New York City on March 13-14, 2004, including Madison Square Garden and the Midtown Hilton.

17.     The harm to Plaintiff should this Court not grant the requested Seizure Order clearly outweighs any harm which the Defendants might incur if the Seizure Order is granted.

18.     Plaintiff has not publicized the requested seizure.

19.     Plaintiff has given reasonable notice of this Application to the United States Attorney for this District.

20.     The file of this case has been sealed as required by 15 U.S.C. § 1116(d)(8).

21.     Plaintiff has complied with all statutory requirements for the issuance of an ex parte Seizure Order.

It is accordingly ORDERED and ADJUDGED that:

1.     The Defendants, various John and Jane Does and various XYZ Corporations, along with their partners, associates, agents, servants, employees, representatives, and assigns, and all others under their control or in active concert or participation with them, and all other persons and entities having actual knowledge hereof be, and the same hereby are, temporarily ENJOINED and RESTRAINED from

(a)     manufacturing, assembling, selling, offering for sale, distributing, or offering to distribute any Enjoined Goods which have not been authorized by Plaintiff and which bear any of the trademarks and service marks of Plaintiff, including but not limited to those set forth

- 4 -

Exhibit 2 to Memorandum

in Exhibits 1 and 2 hereto, or any marks confusingly similar thereto, including but not limited to WORLD WRESTLING ENTERTAINMENT®, WWE®, and the WWE logo.

       (b)     Representing by any method whatsoever that the Enjoined Goods were sponsored, manufactured, sold or licensed by Plaintiff and otherwise taking any action likely to cause confusion, mistake or deception on the part of the public as to the origin of the Enjoined Goods.

       2.     Any federal, state, or local law enforcement officer, and/or Plaintiffs, and/or Plaintiff's duly authorized trademark enforcement team including any employees or independent contractors retained thereby, and/or Plaintiff's attorneys, Kirkpatrick & Lockhart LLP, and/or all persons acting under the supervision and control thereof (collectively "Enforcement Officials") are hereby authorized and directed to seize and maintain in their custody and control any and all Enjoined Goods and counterfeit marks, and the means of making them, and records documenting the manufacture, sale or receipt of things relating thereto, in the possession, dominion or control of Defendants, their agents or persons acting in concert or participation with them, including all such Enjoined Goods and counterfeit marks located in or on any containers, vessels, storage areas or motor vehicles, and all Enforcement Officials acting hereunder are further authorized, based on probable cause, to enter into and upon, and if necessary, to temporarily detain, any such containers, vessels, storage areas or motor vehicles for the purpose of seizing any and all such Enjoined Goods and counterfeit marks contained therein.

       3.     No Enforcement Official may enter into and upon, nor if necessary, temporarily detain, any such containers, vessels, storage areas or motor vehicles unless he or she does so in the presence of and under the supervision of a federal, state or local law enforcement officer.

- 5 -

Exhibit 2 to Memorandum

4.     The Enforcement Officials, acting under the supervision and control of a federal, state, or local law enforcement officer in accomplishing such seizure, shall employ whatever reasonable force is necessary to open, enter, and inspect the contents of any such containers, vessels, storage areas or motor vehicles, regardless of whether said containers, vessels, storage areas or motor vehicles are locked or unlocked or occupied or unoccupied.

5.     The Enforcement Officials acting hereunder are authorized and directed to carry out the foregoing on the premises or within a ten-mile radius of any venue where WWE's Wrestlemania® XX weekend and related activities and events shall be occurring in New York City on March 13-14, 2004, as reflected in Exhibit 3 hereto, including but not limited to Madison Square Garden and the Midtown Hilton, at any time during the duration of this Order, from thirty-six (36) hours before any such event begins to thirty-six (36) hours following the completion of said event.

6.     All Enjoined Goods, all means of making such Enjoined Goods, all records, and any other materials seized hereunder shall be delivered up to the care and custody of Plaintiff or Plaintiff's attorneys pending further instructions from the Court. The seized goods shall be kept in identifiable containers.

7.     Anyone interfering with the execution of this Order is subject to arrest by law enforcement officials.

8.     Simultaneously with said seizure, or as soon thereafter as is practical under the circumstances, each Defendant shall be served with a copy of (i) this Order, including the notice in the form of Exhibit 4 attached hereto, and (ii) a Summons and the Verified Complaint in this action.

- 6 -

Exhibit 2 to Memorandum

9.     This Order is being issued without notice to protect Plaintiff from irreparable injury to its trademarks, service marks, names, and goodwill which may arise if Defendants or any person described in paragraph 1 hereof should dissipate or transfer to any third party any of the goods which are the subject of this Order.

10.     Defendants shall cooperate with the Enforcement Officials executing such seizure hereunder and shall provide the items sought to be seized wherever such items are maintained.

11.     Defendants are hereby required to provide the persons executing this Order with correct names, residential and business addresses and telephone numbers.

12.     Plaintiff shall, no later than March _12_, 2004, post security, in the form of a cash bond or corporate surety bond or other form approved by the Court, in the amount of $10,000 — for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained, pending the hearing and determination of the continuation of this Order.

13.     Unless extended by the Court, this Order shall become valid upon the posting of bond and shall expire seven (7) days after the issuance of this Order.

14.     IT IS FURTHER ORDERED that a hearing on a preliminary injunction is set for _March 17 (DC)_, 2004, at _11 a.m (DC)_ in Courtroom No. _11 A_ at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007-1312, and Defendants are ordered to appear and then and there show cause, if any they have, why said injunction prohibiting Defendants from manufacturing, distributing, offering for sale, or selling the Enjoined Goods should not issue and/or raise any objection concerning any seizure effected pursuant to this Order.

- 7 -



Exhibit 2 to Memorandum

15.     This Order or copies hereof may be served by any person over the age of 18 years who is not a party to this action.

16.     All persons who become aware of this action and Order are ORDERED not to reveal the existence of this action or Order to any other person, except that persons authorized to enforce this Order may reveal its existence and contents to the extent necessary to carry out their official duties and Defendants may confer with their attorneys concerning this action.

Dated: March _10_, 2004

12:50 p.m.

SO ORDERED

_____
United States District Judge

- 8 -

Exhibit 2 to Memorandum

Received 02/18/2002 05:10PM

Feb. 18. 2002  5:13PM    KIRKPATRICK LOCKHART              NO. 6325   P. 26



UNITED STATES DISTRICT COURT    F I L E D
FOR THE DISTRICT OF MASSACHUSETTS CLERK'S OFFICE

APR 17   4 20 PM '01

U.S. DISTRICT COURT
DISTRICT OF MASS.

-------------------------------------------------------X

WORLD WRESTLING FEDERATION          :
ENTERTAINMENT, INC.,                :
                                    :
                    Plaintiff,      :       Case No. 01 10564 NG
                                    :
        v.                          :
                                    :
VARIOUS JOHN AND JANE DOES,         :
and VARIOUS XYZ CORPORATIONS,       :
                                    :
                    Defendants.     :
                                    :

-------------------------------------------------------X


## PRELIMINARY INJUNCTION AND ORDER OF SEIZURE

This action having been commenced on April 5, 2001, by the filing of a Verified

Complaint and Application for Temporary Restraining Order and Order for Seizure of

Counterfeit Marked Goods, and this Court having issued on April 6, 2001, a Temporary

Restraining Order, Order for Seizure of Counterfeit Marked Goods, and Order to Show Cause Re

Preliminary Injunction, enjoining and restraining Defendants from manufacturing, assembling,

selling, offering for sale, distributing, or offering to distribute any goods that bear any mark,

word, or name confusingly similar to any WWFE trademarks or service marks, and ordering the

seizure of such goods sold in the vicinity of any venue where a WWFE event shall be occurring,

including but not limited to the WWFE event at the Fleet Center in Boston on April 9, 2001, and

Plaintiff having demonstrated to the Court the need to continue the order of seizure previously

granted, and a hearing on Plaintiff's Application for Preliminary Injunction and Order of Seizure

PI-680003 v1

Exhibit 2 to Memorandum

Received 02/18/2002 05:10PM In 11:42 on line 7 for 4000 incoming fax -- Printed on 02/18/2002 [illegible]
FEB. 18. 2002   5:14PM   KIRKPATRICK LOCKHART                                      NO. 6325   P. 27

being heard before this Court on Thursday, April 19, 2001, with Mindi B. Connelly, Esq., and

Mark A. Rush, Esq., appearing on behalf of Plaintiff and there being no appearances on behalf of

any Defendants in opposition thereto, and no Defendants having answered or moved with respect

to Plaintiff's Verified Complaint and/or Application or having filed any papers regarding same;

      NOW, on presentation and consideration of Plaintiff's Application for

Preliminary Injunction and Order of Seizure, the memorandum and Declaration submitted in

support thereof, and the entire record of this case, the Court makes the following findings of fact

and conclusions of law and GRANTS Plaintiff's Application.

      1.    Plaintiff is the owner of the marks set forth in Exhibits 1 and 2 hereto,

including but not limited to WORLD WRESTLING FEDERATION®, WWF®, and the WWF

logo, (the "WWFE Marks"). The WWFE Marks are distinctive and are widely recognized by the

public. Goods that bear any mark, word, or name confusingly similar to any of the WWFE

Marks shall be known herein as the "Enjoined Goods."

      2.    All of the WWFE Marks listed in Exhibit 1, including but not limited to

WORLD WRESTLING FEDERATION, WWF, and the WWF logo are federally registered.

      3.    Plaintiff has the exclusive right to apply and license others to apply the

WWFE Marks to goods and to use the WWFE Marks in connection with rendering services.

      4.    Defendants are not licensed by Plaintiff to use the WWFE Marks.

      5.    Defendants, and those acting in concert or participation with them, have

infringed the WWFE Marks and have and will continue to commit unfair competition against

Plaintiff by manufacturing, distributing, offering for sale, and selling Enjoined Goods, on the

premises or within a ten-mile radius of the halls, arenas, stadiums, or other venues where WWFE

events shall occur, including those events listed in the schedule set forth in Exhibit 3 hereto.

Exhibit 2 to Memorandum

Received 02/18/2002 05:10PM in 11:42 on line 7 for 4000_INCOMING_FAX ~~ Printed on 02/18/2002 ~~~~ ~~~~
FEB. 18. 2002  5:14PM    KIRKPATRICK LOCKHART                    NO. 6325  P. 23

6.    The Enjoined Goods are goods bearing "counterfeit marks" within the meaning of 15 U.S.C. § 1116(d).

7.    Distribution, sale or offering the sale of the Enjoined Goods is likely to cause confusion or mistake or be likely to deceive and would constitute trademark infringement under 15 U.S.C. § 1114.

8.    Distribution, sale, or offering the sale of the Enjoined Goods constitutes false designation of origin under 15 U.S.C. § 1125(a).

9:    Under 15 U.S.C. § 1116(a), this Court has the power to enjoin trademark infringement under 15 U.S.C. §§ 1114 and 1125(a).

10.    This Court has the power to grant, ex parte, a seizure order for goods that bear counterfeits of federally registered trademarks and service marks under 15 U.S.C. § 1116(d).

11.    This Court has the power under the All Writs Act, 28 U.S.C. § 1651, to grant, ex parte, a seizure order for goods that are infringing but are not counterfeits within the meaning of 15 U.S.C. § 1116(d).

12.    No order other than an ex parte seizure order would adequately achieve the objectives of the Lanham Act, 15 U.S.C. §§ 1114, 1116 and 1125(a).

13.    Plaintiff is likely to succeed in showing that Defendants have used counterfeit or infringing marks in connection with the sale, offering for sale or distribution of goods or services.

14.    Plaintiff will suffer immediate and irreparable injury and will have no adequate remedy at law if this Court declines to grant a Preliminary Injunction and Seizure Order.

3

Exhibit 2 to Memorandum

Received 02/18/2002 05:10PM in 11:42 on line 7 for 4000 INCOMING_FAX -- Printed on 02/18/2002 05:22PM * Pg 29/32
FEB. 18. 2002  5:14PM  KIRKPATRICK LOCKHART                                      NO. 6325   P. 29

15.     The Enjoined Goods and other materials subject to this Seizure Order were and will be located on the premises or within a ten-mile radius of the halls, arenas, stadiums, or other venues where WWFE events shall be occurring, including as indicated in Exhibit 3 hereto.

16.     The harm to Plaintiff should this Court not grant the requested Seizure Order clearly outweighs any harm which the Defendants might incur if the Seizure Order is granted.

It is accordingly ORDERED and ADJUDGED that:

1.     The Defendants, various John and Jane Does and various XYZ Corporations, along with their partners, associates, agents, servants, employees, representatives, and assigns, and all others under their control or in active concert or participation with them, and all other persons and entities having actual knowledge hereof be, and the same hereby are, ENJOINED and RESTRAINED from:

(a)     manufacturing, assembling, selling, offering for sale, distributing, or offering to distribute any Enjoined Goods which have not been authorized by Plaintiff and which bear any of the trademarks and service marks of Plaintiff set forth in Exhibits 1 and 2 hereto or any marks confusingly similar thereto, including but not limited to WORLD WRESTLING FEDERATION, WWF, and the WWF logo.

(b)     Representing by any method whatsoever that the Enjoined Goods were sponsored, manufactured, sold, or licensed by Plaintiff and otherwise taking any action likely to cause confusion, mistake, or deception on the part of the public as to the origin of the Enjoined Goods.

4

Exhibit 2 to Memorandum

Received 02/18/2002 05:10PM in 11:42 on line 7 for 4000 INCOMING_FAX -- Printed on 02/18/2002 #05:22PM Pg 30/32
FEB. 18. 2002  5:14PM    KIRKPATRICK LOCKHART                    NO. 6325    P. 30

2.      Any federal, state, or local law enforcement officer, and/or Plaintiffs, and/or Plaintiff's duly authorized trademark enforcement team, and/or Plaintiff's attorneys, Kirkpatrick & Lockhart LLP, and/or all persons acting under the supervision and control thereof (collectively "Enforcement Officials") are hereby authorized and directed to seize and maintain in their custody and control any and all Enjoined Goods and counterfeit marks, and the means of making them, and records documenting the manufacture, sale or receipt of things relating thereto, in the possession, dominion, or control of Defendants, their agents or persons acting in concert or participation with them, including all such Enjoined Goods and counterfeit marks located in or on any containers, vessels, storage areas or motor vehicles, and all Enforcement Officials acting hereunder are further authorized, based on probable cause, to enter into and upon, any such containers, vessels, storage areas or motor vehicles for the purpose of seizing any and all such Enjoined Goods and counterfeit marks contained therein.

3.      The Enforcement Officials, acting under the supervision and control of a federal, state, or local law enforcement officer in accomplishing such seizure, shall employ whatever reasonable force is necessary to open, enter, and inspect the contents of any such containers, vessels, storage areas, or motor vehicles, regardless of whether said containers, vessels, storage areas, or motor vehicles are locked or unlocked or occupied or unoccupied and are authorized to seize said containers, vessels, storage areas, or motor vehicles if necessary to accomplish such seizure of the Enjoined Goods.

4.      No Enforcement Official may enter into and upon, nor, if necessary, detain, any such containers, vessels, storage areas, or motor vehicles unless he or she does so in the presence of and under the supervision of a United States Marshal or other federal, state, or local law enforcement official.

5

Exhibit 2 to Memorandum

Received 02/18/2002 05:10PM in 11:42 on line / for 4000_INCOMING_FAX -- Printed on 02/18/2002 05:22PM * Pg 31/32
FEB. 18. 2002   5:15PM   KIRKPATRICK LOCKHART                    NO. 6225   P. 31

5.      The Enforcement Officials acting hereunder are authorized and directed to carry out the foregoing on the premises or within a ten mile radius of the halls, arenas, stadiums, or other venues where a WWFE event shall be occurring at any time during the duration of this Order, including without limitation all fan access and related events associated with Wrestlemania XVIII in St. Petersburg, Florida on March 24, 2002, from thirty-six (36) hours before such event begins until thirty-six (36) hours following the completion of such event.

6.      All Enjoined Goods, all means of making such Enjoined Goods, all records, and any other materials seized hereunder shall be delivered up to the care and custody of Plaintiff or Plaintiff's attorneys.  If the Defendants from whom such merchandise is seized do not move for relief in accordance with this Order within twenty (20) days of said seizure, said merchandise shall be delivered up to Plaintiff for destruction or other disposition.

7.      Anyone interfering with the execution of this Order is subject to arrest by law enforcement officials.

8.      Defendants shall cooperate with the Enforcement Officials executing such seizure hereunder and shall provide the items sought to be seized wherever such items are maintained.

9.      Defendants are hereby required to provide the persons executing this Order with correct names, residential and business addresses and telephone numbers.

10.     The bond in the amount of $20,000 previously deposited with the Clerk of this Court to secure payment of such costs and damages as may be incurred in enforcing the Temporary Restraining Order is hereby continued until final disposition of this matter or further order of this Court.

6

Exhibit 2 to Memorandum

Received 02/19/2002 03:10PM ...
FEB. 19. 2002   5:15PM   KIRKPATRICK LOCKHART                    NO. 6325   P. 32

11.   Simultaneously with said seizure, or as soon thereafter as is practical under the circumstances, each Defendant shall be served with a copy of (i) this Order, including the notice in the form of Exhibit 4 attached hereto, and (ii) a Summons and the Verified Complaint in this action.

12.   Any Defendant who is hereafter served with a copy of this Preliminary Injunction Order and Order of Seizure who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

13.   This Order shall expire thirty-six (36) hours after the final live WWFE event listed in Exhibit 3 hereto.

14.   IT IS FURTHERED ORDERED that a Final Hearing in this action is set for ~~April~~ *March* 27, 2001, at *2:30* *Boston* _____, in Courtroom __2__ of the United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210.

Dated: April *19*, 2001

SO ORDERED

_____
United States District Judge

7

Exhibit 2 to Memorandum

Eva M. Ciko, Esquire (EC-0944)
KIRKPATRICK & LOCKHART LLP
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone:  (212) 536-3900
Facsimile:  (212) 536-3901

Jerry S. McDevitt, Esquire
Lucas G. Paglia, Esquire
KIRKPATRICK & LOCKHART LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania  15222
Telephone:  (412) 355-6500
Facsimile:  (412) 355-6501

Attorneys for Plaintiff World
Wrestling Federation Entertainment, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------

| | |
|---|---|
| WORLD WRESTLING FEDERATION ENTERTAINMENT, INC., | : |
| | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| VARIOUS JOHN AND JANE DOES, and VARIOUS XYZ CORPORATIONS, | : |
| | : |
| | : |
| Defendants. | : |

02 Civ. 2255 (TCP)

**Filed Under Seal**

--------------------------------------------------------------

## PRELIMINARY INJUNCTION AND ORDER OF SEIZURE

This action having been commenced on April 16, 2002, by the filing of a Verified

Complaint and Ex Parte Application for Temporary Restraining Order and Order for Seizure of

Counterfeit Marked Goods, and this Court having issued on April 16, 2002, a Temporary Re-

straining Order, Order for Seizure of Counterfeit Marked Goods, and Order to Show Cause Re

Exhibit 2 to Memorandum

Preliminary Injunction, enjoining and restraining Defendants from manufacturing, assembling, selling, offering for sale, distributing, or offering to distribute any goods that bear any mark, word, or name confusingly similar to any trademarks or service marks belonging to Plaintiff, and ordering the seizure of such goods sold in the vicinity of any venue where a WWFE live event shall be occurring, including but not limited to live event at the Nassau Coliseum in Uniondale, Long Island on April 19, 2002, and Plaintiff having demonstrated to the Court the need to continue the order of seizure previously granted, and a hearing on Plaintiffs' application for Preliminary Injunction and Order of Seizure being heard before this Court on Friday, April 26, 2002, with Lucas G. Paglia, Esq., appearing on behalf of Plaintiff and there being no appearances on behalf of any Defendants in opposition thereto;

NOW, on presentation and consideration of Plaintiff's application for Preliminary Injunction and Order of Seizure, the memorandum and Declaration submitted in support thereof, and the entire record of this case, the Court makes the following findings of fact and conclusions of law and GRANTS Plaintiff's Application.

1.   Plaintiff is the owner of the marks set forth in Exhibits 1 and 2 hereto, including but no limited to WORLD WRESTING FEDERATION®, WWF®, and the WWF logos, (the "WWFE Marks"). The WWFE Marks are distinctive and are widely recognized by the public. Goods that are not authorized by Plaintiff and bear any mark, word, or name confusingly similar to any of the WWFE Marks shall be known herein as the "Enjoined Goods."

2.   All of the WWFE Marks listed in Exhibit 1, including but not limited to WORLD WRESTLING FEDERATION, WWF, and the WWF logo are federally registered.

3.   Plaintiff has the exclusive right to apply and license others to apply the WWFE Marks to goods and to use the WWFE Marks in connection with rendering services.

2

Exhibit 2 to Memorandum

4.      Defendants are not licensed by Plaintiff to use the WWFE Marks.

5.      Defendants, and those acting in concert or participation with them, have infringed the WWFE Marks and have and will continue to commit unfair competition against Plaintiff by manufacturing, distributing, offering for sale, and selling Enjoined Goods, on the premises or within a ten-mile radius of the halls, arenas, stadiums, or other venues where WWFE events shall occur, including those events listed in the schedule set forth in Exhibit 3 hereto.

6.      The Enjoined Goods are goods bearing "counterfeit marks" within the meaning of 15 U.S.C. § 1116(d).

7.      Distribution, sale or offering the sale of the Enjoined Goods is likely to cause confusion or mistake or be likely to deceive and would constitute trademark infringement under 15 U.S.C. § 1114.

8.      Distribution, sale, or offering the sale of the Enjoined Goods constitutes false designation of origin under 15 U.S.C. § 1125(a).

9.      Under 15 U.S.C. § 1116(a), this Court has the power to enjoin trademark infringement under 15 U.S.C. §§ 1114 and 1125(a).

10.     This Court has the power to grant, ex parte, a seizure order for goods that bear counterfeits of federally registered trademarks and service marks under 15 U.S.C. § 1116(d).

11.     This Court has the power under the All Writs Act, 28 U.S.C. § 1651, to grant, ex parte, a seizure order for goods that are infringing but are not counterfeits within the meaning of 15 U.S.C. § 1116(d).

12.     No order other than an ex parte seizure order would adequately achieve the objectives of the Lanham Act, 15 U.S.C. §§ 1114, 1116 and 1125(a).

Exhibit 2 to Memorandum

13.    Plaintiff is likely to succeed in showing that Defendants have used counterfeit or infringing marks in connection with the sale, offering for sale or distribution of goods or services.

14.    Plaintiff will suffer immediate and irreparable injury and will have no adequate remedy at law if this Court declines to grant a Preliminary Injunction and Seizure Order.

15.    The Enjoined Goods and other materials subject to this Seizure Order were and will be located on the premises or within a ten-mile radius of halls, arenas, stadiums, or other venues where WWFE events shall be occurring, including as indicated in Exhibit 3 hereto.

16.    The harm to Plaintiffs should this Court not grant the requested Seizure Order clearly outweighs any harm which the Defendants might incur if the Seizure Order is granted.

It is accordingly ORDERED and ADJUDGED that:

1.    The Defendants, various John and Jane Does and various XYZ Corporations, along with their partners, associates, agents, servants, employees, representatives, and assigns, and all others under their control or in active concert or participation with them, and all other persons and entities having actual knowledge hereof be, and the same hereby are, ENJOINED and RESTRAINED from:

(a)    manufacturing, assembling, selling, offering for sale, distributing, or offering to distribute any Enjoined Goods which have not been authorized by Plaintiffs and which bear any of the trademarks and service marks of Plaintiffs set forth in Exhibits 1 and 2 hereto or any marks confusingly similar thereto, including but not limited to WORLD WRESTLING FEDERATION®, WWF® and the WWF logos.

4

Exhibit 2 to Memorandum

(b)     Representing by any method whatsoever that the Enjoined Goods were sponsored, manufactured, sold, or licensed by Plaintiffs and otherwise taking any action likely to cause confusion, mistake, or deception on the part of the public as to the origin of the Enjoined Goods.

2.     Any federal, state, or local law enforcement officer, and/or Plaintiff, and/or Plaintiff's duly authorized trademark enforcement team including any employees or independent contractors retained thereby, and/or Plaintiff's attorneys, Kirkpatrick & Lockhart LLP, and/or all persons acting under the supervision and control thereof (collectively "Enforcement Officials") are hereby authorized and directed to seize and maintain in their custody and control any and all Enjoined Goods and counterfeit marks, and the means of making them, and records documenting the manufacture, sale or receipt of things relating thereto, in the possession, dominion, or control of Defendants, their agents or persons acting in concert or participation with them, including all such Enjoined Goods and counterfeit marks located in or on any containers, vessels, storage areas or motor vehicles, and all Enforcement Officials acting hereunder are further authorized, based on probable cause, to enter into and upon, any such containers, vessels, storage areas or motor vehicles for the purpose of seizing any and all such Enjoined Goods and counterfeit marks contained therein.

3.     The Enforcement Officials, acting under the supervision and control of a federal, state, or local law enforcement officer in accomplishing such seizure, shall employ whatever reasonable force is necessary to open, enter, and inspect the contents of any such containers, vessels, storage areas, or motor vehicles, regardless of whether said containers, vessels, storage areas, or motor vehicles are locked or unlocked or occupied or unoccupied and are au-

Exhibit 2 to Memorandum

thorized to seize said containers, vessels, storage areas, or motor vehicles if necessary to accomplish such seizure of the Enjoined Goods.

    4.    No Enforcement Official may enter into and upon, nor, if necessary, detain, any containers, vessels, storage areas, or motor vehicles unless he or she does so in the presence of and under the supervision of a law enforcement official.

    5.    The Enforcement Officials acting hereunder are authorized and directed to carry out the foregoing on the premises or within a ten mile radius of the halls, arenas, stadiums, or other venues where a WWFE event shall be occurring at any time during the duration of this Order, including but not limited to such events listed in Exhibit 3 hereto, from thirty-six (36) hours before such event begins until thirty-six (36) hours following the completion of such event.

    6.    All Enjoined Goods, all means of making such Enjoined Goods, all records, and any other materials seized hereunder shall be delivered up to the care and custody of Plaintiffs or Plaintiffs' attorneys.  If the Defendants from whom such merchandise is seized do not move for relief in accordance with this Order within thirty (30) days of said seizure, said merchandise shall be delivered up to Plaintiff for destruction or other disposition.

    7.    Simultaneously with seizure, or as soon after as practical under the circumstances, Plaintiffs shall serve each Defendant with a copy of (i) this Order, including the notice attached hereto as Exhibit 4, and (ii) a Summons and the Verified Complaint in this action.

    8.    Defendants shall cooperate with Enforcement Officials executing seizure hereunder and shall provide the items sought to be seized wherever such items are maintained.

    9.    Defendants are hereby required to provide the persons executing this Order with correct names, residential and business addresses and telephone numbers, and other identifying information.

Exhibit 2 to Memorandum

10.     Anyone interfering with the execution of this Order is subject to arrest by law enforcement officials.

11.     Any Defendant who is hereafter served with a copy of this Preliminary Injunction Order and Seizure Order who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

12.     The Injunction Bond posted by Plaintiff on April 17, 2002, in the amount of $5,000, shall remain in full force and effect throughout the duration of this Order.

13.     This Order shall expire thirty-six (36) hours after the final WWFE event listed in Exhibit 3 hereto.

14.     This Order or copies hereof may be served by any person over the age of 18 years who is not a party to this action.

15.     This Order shall expire thirty-six (36) hours after the final live WWFE event listed in Exhibit 3 hereto.

16.     IT IS FURTHERED ORDERED that a Final Hearing in this action is set for _Jenuary 3_____, 2003, at _11:00 AM____, in Courtroom _10 4D___ of the U.S. District Court, Long Island Courthouse, 100 Federal Plaza, Central Islip, New York 11722.

Dated:  April 29, 2002

SO ORDERED

_Thos C Platt_
Thomas C. Platt
United States District Judge

7

Exhibit 2 to Memorandum

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# JUDGE MUKASEY

```
-----------------------------------------------------------X
                                                :
WORLD WRESTLING FEDERATION                      :
ENTERTAINMENT, INC.,                            :
                                                :
                            Plaintiff,          :
                                                :
        v.                                      :
                                                :
VARIOUS JOHN AND JANE DOES,                     :
and VARIOUS XYZ CORPORATIONS,                   :
                                                :
                            Defendants.         :
                                                :
-----------------------------------------------------------X
```

00 CIV. 2790

___ Civ. ____ (          )

## TEMPORARY RESTRAINING ORDER,
## ORDER FOR SEIZURE OF COUNTERFEIT MARKED GOODS,
## <u>AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION</u>

        This matter having come for hearing on the Plaintiff's Ex Parte Application For

Temporary Restraining Order And Order For Seizure Of Counterfeit Marked Goods (the

"Application"), and, after due consideration thereof, the Court makes the following findings of

fact and conclusions of law and grants Plaintiff's Application.

        1.        Plaintiff is the owner of the marks set forth in Exhibits 1 and 2 hereto, in-

cluding but not limited to WORLD WRESTLING FEDERATION, WWF, and the WWF logo,

(the "WWFEI Marks").  The WWFEI Marks are distinctive and are widely recognized by the

Exhibit 2 to Memorandum

public.  Goods that bear any mark, word, or name identical or confusingly similar to any of the WWFEI Marks shall be known herein as the "Enjoined Goods."

2.      All of the WWFEI Marks listed in Exhibit 1, including but not limited to WORLD WRESTLING FEDERATION, WWF, and the WWF logo are federally registered.

3.      Plaintiff has the exclusive right to apply and license others to apply the WWFEI Marks to goods and to use the WWFEI Marks in connection with rendering services.

4.      Defendants are not licensed by Plaintiff to use the WWFEI Marks.

5.      It appears to this Court that Defendants are or will be present on the premises or within a ten-mile radius of the halls, arenas, stadiums, or other venues where WWF events shall be occurring, including but not limited to Madison Square Garden in New York City on April 15, 2000, for the purpose of manufacturing, distributing, offering for sale, and selling Enjoined Goods.

6.      The Enjoined Goods are goods bearing "counterfeit marks" within the meaning of 15 U.S.C. §1116(d).

7.      Distribution, sale or offering the sale of the Enjoined Goods would cause confusion or mistake or be likely to deceive and would constitute trademark infringement under 15 U.S.C. § 1114.

8.      Distribution, sale, or offering the sale of the Enjoined Goods would con-stitute false designation of origin under 15 U.S.C. § 1125(a).

9.      Under 15 U.S.C. § 1116(a), this Court has the power to enjoin trademark infringement under 15 U.S.C. §§ 1114 and 1125(a).

10.     This Court has the power to grant, ex parte, a seizure order for goods that bear counterfeits of federally registered trademarks and service marks under 15 U.S.C. § 1116(d).

- 2 -

Exhibit 2 to Memorandum

11.     This Court has the power under the All Writs Act, 28 U.S.C. § 1651, to grant, ex parte, a seizure order for goods that are infringing but are not counterfeits within the meaning of 15 U.S.C. § 1116(d).

12.     No other order than an ex parte seizure order would adequately achieve the objectives of the Lanham Act, 15 U.S.C. §§ 1114, 1116 and 1125(a).

13.     Plaintiff is likely to succeed in showing that Defendants have used counterfeit or infringing marks in connection with the sale, offering for sale or distribution of goods or services.

14.     Notice of this Application need not be given to Defendants prior to ex parte hearing because: (a) the identities and whereabouts of Defendants are currently unknown; (b) Defendants have no business identity or stable place of business before or after WWFEI's wrestling events and cannot be identified; and (c) Defendants who can be located and identified likely will cause the immediate concealment or destruction of the Enjoined Goods or removal of the Enjoined Goods outside the access of this Court.

15.     Plaintiff will suffer immediate and irreparable injury and will have no adequate remedy at law if this Court declines to grant an ex parte Seizure Order.

16.     The Enjoined Goods and other materials subject to this Seizure Order will be located on the premises or within a ten-mile radius of the halls, arenas, stadiums, or other venues where WWF events shall be occurring, including but not limited to Madison Square Garden in New York City on April 15, 2000.

17.     The harm to Plaintiff should this Court not grant the requested Seizure Order clearly outweighs any harm which the Defendants might incur if the Seizure Order is granted.

- 3 -

Exhibit 2 to Memorandum

18.    Plaintiff has not publicized the requested seizure.

19.    Plaintiff has given reasonable notice of this Application to the United States Attorney for this District.

20.    The file of this case has been sealed as required by 15 U.S.C. § 1116(d)(8).

21.    Plaintiff has complied with all statutory requirements for the issuance of an ex parte Seizure Order.

It is accordingly ORDERED and ADJUDGED that:

1.    The Defendants, various John and Jane Does and various XYZ Corporations, along with his, her, and their partners, associates, agents, servants, employees, representatives, and assigns, and all others under his, her, or their control or in active concert or participation with him, her, or them, and all other persons and entities having actual knowledge hereof be, and the same hereby are, temporarily ENJOINED and RESTRAINED from

(a)    manufacturing, assembling, selling, offering for sale, distributing, or offering to distribute any Enjoined Goods which have not been authorized by Plaintiff and which bear any of the trademarks and service marks of Plaintiff set forth in Exhibits 1 and 2 hereto or any marks confusingly similar thereto, including but not limited to WORLD WRESTLING FEDERATION, WWF, and the WWF (logo).

(b)    Representing by any method whatsoever that the Enjoined Goods were sponsored, manufactured, sold or licensed by Plaintiff and otherwise taking any action likely to cause confusion, mistake or deception on the part of the public as to the origin of the Enjoined Goods.

- 4 -

Exhibit 2 to Memorandum

2.      Any federal, state, or local law enforcement officer, and/or Plaintiffs, and/or Plaintiff's duly authorized security team, S.I.T.E. Associates, Inc. – including Robert Menke, Anthony Menke, David Savage and/or Derek Parker – and/or Plaintiff's attorneys, Kirkpatrick & Lockhart LLP, and/or all persons acting under the supervision and control thereof (collectively "Enforcement Officials") are hereby authorized and directed to seize and maintain in their custody and control any and all Enjoined Goods and counterfeit marks, and the means of making them, and records documenting the manufacture, sale or receipt of things relating thereto, in the possession, dominion or control of Defendants, their agents or persons acting in concert or participation with them, including all such Enjoined Goods and counterfeit marks located in or on any containers, vessels, storage areas or motor vehicles, and all Enforcement Officials acting hereunder are further authorized, based on probable cause, to enter into and upon, and, if necessary, to temporarily detain, any such containers, vessels, storage areas or motor vehicles for the purpose of seizing any and all such Enjoined Goods and counterfeit marks contained therein.

3.      No Enforcement Official may enter into and upon, nor, if necessary, temporarily detain, any such containers, vessels, storage areas or motor vehicles unless he or she does so in the presence of and under the supervision of a federal, state or local law enforcement officer.

4.      The Enforcement Officials, acting under the supervision and control of a federal, state, or local law enforcement officer in accomplishing such seizure, shall employ whatever reasonable force is necessary to break open, enter, and inspect the contents of any such containers, vessels, storage areas or motor vehicles, regardless of whether said containers, vessels, storage areas or motor vehicles are locked or unlocked or occupied or unoccupied.

Exhibit 2 to Memorandum

5.      The Enforcement Officials acting hereunder are authorized and directed to carry out the foregoing on the premises or within a ten mile radius of the halls, arenas, stadiums or other venues where a WWF event shall be occurring at any time during the duration of this Order, from thirty-six (36) hours before such event begins to thirty-six (36) hours following the completion of such event, including but not limited to the WWF event at Madison Square Garden in New York, City on April 15, 2000.

6.      All Enjoined Goods, all means of making such Enjoined Goods, all records, and any other materials seized hereunder shall be delivered up to the care and custody of Plaintiff or Plaintiff's attorneys pending further instructions from the Court.  The seized goods shall be kept in identifiable containers.

7.      Anyone interfering with the execution of this Order is subject to arrest by law enforcement officials.

8.      Simultaneously with said seizure, or as soon thereafter as is practical under the circumstances, each Defendant shall be served with a copy of (i) this Order, including the notice in the form of Exhibit 3 attached hereto, and (ii) a Summons and the Verified Complaint in this action.

9.      This Order is being issued without notice to protect Plaintiff from irreparable injury to its trademarks, service marks, names, and goodwill which may arise if Defendants or any person described in paragraph 1 hereof should dissipate or transfer to any third party any of the goods which are the subject of this Order.

10.      Defendants shall cooperate with the Enforcement Officials executing such seizure hereunder and shall provide the items sought to be seized wherever such items are maintained.

Exhibit 2 to Memorandum

11.    Defendants are hereby required to provide the persons executing this Order with correct names, residential and business addresses and telephone numbers.

12.    Plaintiff shall, no later than April __14__ ~~my 3 PM (RTC)~~, 2000, post security, in the form of a cash bond or corporate surety bond or other form approved by the Court, in the amount of __$5000.00 bk__ for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained, pending the hearing and determination of the continuation of this Order.

13.    Unless extended by the Court, this Order shall become valid upon the posting of bond and shall expire seven (7) days after the issuance of this Order.

14.    IT IS FURTHER ORDERED that a hearing on a preliminary injunction is set for April __19__, 2000, at __9:15 PM__ in Courtroom No. __218__ at the United States Courthouse, 500 Pearl Street, New York, NY, 10007, and Defendants are ordered to appear and then and there show cause, if any they have, why said injunction prohibiting Defendants from manufacturing, distributing, offering for sale, or selling the Enjoined Goods should not issue and/or raise any objection concerning any seizure effected pursuant to this Order.

15.    This Order or copies hereof may be served by any person over the age of 18 years who is not a party to this action.

Exhibit 2 to Memorandum

16.     All persons who become aware of this action and Order are ORDERED not to reveal the existence of this action or Order to any other person, except that persons authorized to enforce this Order may reveal its existence and contents to the extent necessary to carry out their official duties and Defendants may confer with their attorneys concerning this action.

Dated:  April 15, 2000

SO ORDERED

_John F. Keenan_
United States District Judge

Part I

- 8 -

Exhibit 2 to Memorandum